**EDGERTON & WEAVER, LLP**
SAMUEL Y. EDGERTON, III (CA Bar No. 127156)
CHAD WEAVER (CA Bar No. 191984)
SABRYNE COLEMAN (CA Bar No. 271804)
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, CA 90254
Tel: (310) 937-2066
Fax: (310) 937-2064

**LAW OFFICES OF IRVING M. EINHORN**
IRVING M. EINHORN (CA Bar No. 135629)
1710 10th Street
Manhattan Beach, CA 90266
Tel: (310) 798-7216
Fax: (310) 798-5910

Attorneys for Defendant, Jammin Java Corp.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JAMMIN' JAVA CORP., dba MARLEY COFFEE, SHANE G. WHITTLE, WAYNE S. P. WEAVER, MICHAEL K. SUN, RENE BERLINGER, STEPHEN B. WHEATLEY, KEVIN P. MILLER, MOHAMMED A. AL-BARWANI, ALEXANDER J. HUNTER, and THOMAS E. HUNTER,<br><br>Defendants. | Case No. 2:15-cv-08921 SVW (MRWx)<br>District Judge: Stephen V. Wilson<br>Magistrate Judge: Michael R. Wilner<br><br>**ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT**<br><br><br><br><br><br><br><br><br><br>Complaint Filed: November 17, 2015 |

Defendant Jammin Java Corp. ("Defendant" or "Jammin Java") hereby responds to and answers the Complaint of Plaintiff Securities and Exchange Commission ("Plaintiff" or the "SEC") as follows:

## JURISDICTION AND VENUE

1. Admit.

2. Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 2 of the Complaint, and on that basis, denies each and every allegation in paragraph 2 of the Complaint.

3. Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 3 of the Complaint, and on that basis, denies each and every allegation in paragraph 3 of the Complaint.

4. Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 4 of the Complaint, and on that basis, denies each and every allegation in paragraph 4 of the Complaint.

## SUMMARY

5. Defendant denies each and every allegation in paragraph 5 of the Complaint, except admits and avers, upon information and belief, that it operates under the d/b/a name "Marley Coffee"; and that it was formed by one of the sons of Robert Nesta Marley, professionally known as Bob Marley, Rohan Marley ("Marley").

6. Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 6 of the Complaint, and on that basis, denies each and every allegation in paragraph 6 of the Complaint, except admits that its common stock has been publicly traded and quoted on the over-the-counter market since 2008; and that Defendant became a public company through a reverse merger into Global Electronic Recovery Corp. ("GERC"), a publicly traded company.

/ / /

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

7.      Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 7 of the Complaint, and on that basis, denies each and every allegation in paragraph 7 of the Complaint.

8.      Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 8 of the Complaint, and on that basis, denies each and every allegation in paragraph 8 of the Complaint, except admits, on information and belief, that from late 2010 to mid-2011, its share price and volume rose from $0.17 per share in December 2010 to an intraday high of $6.35 on May 12, 2011.

9.      Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 9 of the Complaint, and on that basis, denies each and every allegation in paragraph 9 of the Complaint.

10.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 10 of the Complaint, and on that basis, denies each and every allegation in paragraph 10 of the Complaint.

11.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 11 of the Complaint, and on that basis, denies each and every allegation in paragraph 11 of the Complaint, except admits and avers that on May 9, 2011, Defendant filed a Form 8-K report stating, among other things, that it had become aware of an unauthorized and unaffiliated internet stock promotion.

## DEFENDANTS

12.     Defendant denies each and every allegation in paragraph 12 of the Complaint, except admits that it is a Nevada corporation; that it was formerly headquartered in Beverly Hills, California; that it is currently headquartered in Denver, Colorado; that it operates under the d/b/a name "Marley Coffee"; that it owns a license to use trademarks of the late reggae artist Robert Nesta Marley, professionally known as Bob Marley, for licensed coffee products; that Defendant became a public company through a reverse

ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

merger with GERC; that GERC was a publicly traded company located in Los Angeles, California; that on August 2, 2006, GERC registered securities with the SEC pursuant to Section 12(g) of the Exchange Act; that in or about February 2008, GERC merged with Marley Coffee, Inc. and changed its name to Marley Coffee, Inc. and its ticker symbol changed to MYCF; that in July 2009, Marley Coffee, Inc. changed its name to Jammin Java Corp. and its ticker symbol changed to JAMN; that Jammin Java has failed to earn positive operational cash flow or an accounting profit, and consistently disclosed going-concern risks in its SEC filings; and that as of January 31, 2015, Jammin Java had accumulated a deficit of $24 million in operating losses.

13.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 13 of the Complaint, and on that basis, denies each and every allegation in paragraph 13 of the Complaint, except admits, on information and belief, that from approximately August 2008 to May 2010, Whittle served as the CEO, Treasurer, Secretary of Defendant, and served as director of Defendant from approximately August 2007 to May 2010; that in mid-2010, Whittle formally resigned his board and executive officer positions with Defendant and became a consultant to the company; and that Whittle's association with Defendant ended in 2012 with the termination of his consulting agreement.

14.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 14 of the Complaint, and on that basis, denies each and every allegation in paragraph 14 of the Complaint.

15.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 15 of the Complaint, and on that basis, denies each and every allegation in paragraph 15 of the Complaint.

16.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 16 of the Complaint, and on that basis, denies each and every allegation in paragraph 16 of the Complaint.

ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT

17.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 17 of the Complaint, and on that basis, denies each and every allegation in paragraph 17 of the Complaint.

18.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 18 of the Complaint, and on that basis, denies each and every allegation in paragraph 18 of the Complaint.

19.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 19 of the Complaint, and on that basis, denies each and every allegation in paragraph 19 of the Complaint.

20.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 20 of the Complaint, and on that basis, denies each and every allegation in paragraph 20 of the Complaint.

## FACTS

### General Background on Pump-and-Dump Schemes

21.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 21 of the Complaint, and on that basis, denies each and every allegation in paragraph 21 of the Complaint.

22.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 22 of the Complaint, and on that basis, denies each and every allegation in paragraph 22 of the Complaint.

23.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 23 of the Complaint, and on that basis, denies each and every allegation in paragraph 23 of the Complaint.

24.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 24 of the Complaint, and on that basis, denies each and every allegation in paragraph 24 of the Complaint.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT

25.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 25 of the Complaint, and on that basis, denies each and every allegation in paragraph 25 of the Complaint.

### Whittle Meets Marley

26.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 26 of the Complaint, and on that basis, denies each and every allegation in paragraph 26 of the Complaint, except admits, on information and belief, that Rohan Marley is the son of Robert Nesta Marley, professionally known as Bob Marley; that in approximately 2005, Marley was introduced to Whittle; that Whittle professed to have substantial experience raising capital for startup companies; and that Whittle helped Marley develop a business plan.

### Whittle Acquires Publicly Traded Shell

27.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 27 of the Complaint, and on that basis, denies each and every allegation in paragraph 27 of the Complaint, except admits, on information and belief, that GERC was a publicly traded company located in Los Angeles, California.

28.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 28 of the Complaint, and on that basis, denies each and every allegation in paragraph 28 of the Complaint, except admits, on information and belief, that Marley Coffee and GERC merged in or about February 2008.

### Whittle Gains Control of Nominee Shares

29.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 29 of the Complaint, and on that basis, denies each and every allegation in paragraph 29 of the Complaint.

/ / /

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

30.    Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 30 of the Complaint, and on that basis, denies each and every allegation in paragraph 30 of the Complaint.

31.    Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 31 of the Complaint, and on that basis, denies each and every allegation in paragraph 31 of the Complaint.

32.    Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 32 of the Complaint, and on that basis, denies each and every allegation in paragraph 32 of the Complaint.

## Whittle Continues to Exercise Control

33.    Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 33 of the Complaint, and on that basis, denies each and every allegation in paragraph 33 of the Complaint.

34.    Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 34 of the Complaint, and on that basis, denies each and every allegation in paragraph 34 of the Complaint, except admits that Marley Coffee was renamed to Jammin Java Corp. in July 2009; and that from approximately August 2008 to May 2010, Whittle served as CEO, Treasurer and Secretary of Defendant.

35.    Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 35 of the Complaint, and on that basis, denies each and every allegation in paragraph 35 of the Complaint.

36.    Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 36 of the Complaint, and on that basis, denies each and every allegation in paragraph 36 of the Complaint, except admits that in May 2010, Whittle formally resigned his board and executive officer positions with Defendant; and that Anh Tran ("Tran") was introduced to Jammin Java by Whittle.

ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

37.     Defendant denies each and every allegation in paragraph 37 of the Complaint, except admits and avers that after May 2010, Whittle assisted the company on a limited basis; that in May 2010, Tran was appointed as CEO of Jammin Java; that in August 2011, Defendant appointed a new CEO; Defendant entered into a consulting agreement with Whittle; and that Defendant and Whittle's relationship terminated in 2012.

38.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 38 of the Complaint, and on that basis, denies each and every allegation in paragraph 38 of the Complaint.

39.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 39 of the Complaint, and on that basis, denies each and every allegation in paragraph 39 of the Complaint.

## Whittle and Others Coordinate the Pump-and-Dump Scheme

40.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 40 of the Complaint, and on that basis, denies each and every allegation in paragraph 40 of the Complaint, except admits that on January 5, 2011, Defendant filed a Form 8-K report stating, among other things, that on December 22, 2010, Defendant and Straight Path Capital Ltd. ("Straight Path") entered into a Share Issuance Agreement.

## The Sham "Straight Path" Financing Arrangement

41.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 41 of the Complaint, and on that basis, denies each and every allegation in paragraph 41 of the Complaint.

42.     Defendant denies each and every allegation in paragraph 42 of the Complaint, except admits that from April 15-18, 2010, certain individuals from Jammin Java's management attended a coffee exposition in Anaheim, California; and that during the conference, Marley, Tran and Whittle were approached by certain individuals about a potential investment in Jammin Java.

8

43.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 43 of the Complaint, and on that basis, denies each and every allegation in paragraph 43 of the Complaint.

44.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 44 of the Complaint, and on that basis, denies each and every allegation in paragraph 44 of the Complaint, except admits and avers that Tran agreed to discuss a potential agreement with Straight Path.

45.     Defendant denies each and every allegation in paragraph 45 of the Complaint, except admits that Tran and a person claiming to be "Raymond Hall" exchanged two brief phone calls and an email exchange which discussed Hall's business and a potential investment in Jammin Java.

46.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 46 of the Complaint, and on that basis, denies each and every allegation in paragraph 46 of the Complaint, except admits, on information and belief, that Whittle participated in the negotiation of the financing arrangement with Straight Path; and that Whittle retired some of his shares with Defendant to the corporate treasury.

47.     Admit.

48.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 48 of the Complaint, and on that basis, denies each and every allegation in paragraph 48 of the Complaint.

49.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 49 of the Complaint, except denies that Tran and Marley performed almost no due diligence and ignored multiple red flags and on that basis, denies each and every allegation in paragraph 49 of the Complaint.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

**Whittle and Others Prepare for the Distribution by Transferring Shares**

50.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 50 of the Complaint, and on that basis, denies each and every allegation in paragraph 50 of the Complaint.

51.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 51 of the Complaint, and on that basis, denies each and every allegation in paragraph 51 of the Complaint.

52.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 52 of the Complaint, and on that basis, denies each and every allegation in paragraph 52 of the Complaint.

53.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 53 of the Complaint, and on that basis, denies each and every allegation in paragraph 53 of the Complaint.

54.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 54 of the Complaint, and on that basis, denies each and every allegation in paragraph 54 of the Complaint.

55.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 55 of the Complaint, and on that basis, denies each and every allegation in paragraph 55 of the Complaint.

56.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 56 of the Complaint, and on that basis, denies each and every allegation in paragraph 56 of the Complaint.

57.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 57 of the Complaint, and on that basis, denies each and every allegation in paragraph 57 of the Complaint.

58.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 58 of the Complaint, and on that basis, denies each and every allegation in paragraph 58 of the Complaint.

ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT

59.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 59 of the Complaint, and on that basis, denies each and every allegation in paragraph 59 of the Complaint.

## False Disclosures by Whittle

60.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 60 of the Complaint, and on that basis, denies each and every allegation in paragraph 60 of the Complaint.

61.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 61 of the Complaint, and on that basis, denies each and every allegation in paragraph 61 of the Complaint, except admits, on information and belief, that Whittle purported to disclose his ownership or beneficial control of Defendant held directly in his name and through SJ Investments Holdings, Inc. ("SJ Investments") in November 2010 and January 2011.

62.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 62 of the Complaint, and on that basis, denies each and every allegation in paragraph 62 of the Complaint.

63.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 63 of the Complaint, and on that basis, denies each and every allegation in paragraph 63 of the Complaint.

64.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 64 of the Complaint, and on that basis, denies each and every allegation in paragraph 64 of the Complaint.

65.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 65 of the Complaint, and on that basis, denies each and every allegation in paragraph 65 of the Complaint.

/ / /

/ / /

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT

## Coordinated Trading Activity

66.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 66 of the Complaint, and on that basis, denies each and every allegation in paragraph 66 of the Complaint.

## Company Announcements

67.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 67 of the Complaint, and on that basis, denies each and every allegation in paragraph 67 of the Complaint, except admits, on information and belief, that in December 2010, Defendant announced a financing agreement with Straight Path.

68.     Defendant denies each and every allegation in paragraph 68 of the Complaint, except admits that Defendant retained the services of an investor relations firm in January 2011.

69.     Defendant denies each and every allegation in paragraph 69 of the Complaint, except admits and avers that from January to May 2011, Defendant issued various standard and customary press releases which were true concerning its operations and distributions.

70.     Defendant admits the allegations in paragraph 70 of the Complaint and avers that these press releases were all true.

71.     Defendant denies each and every allegation in paragraph 71 of the Complaint, except admits and avers that in April 2011, Whittle, Tran and Marley discussed the increase in stock activity; and that Jammin Java's auditors questioned management about various unauthorized and unaffiliated internet stock promotors of which they became aware following Defendant's filing of a Form 8-K on May 9, 2011.

72.     Defendant denies each and every allegation in paragraph 72 of the Complaint, except admits and avers that on May 6, 2011, Defendant filed a Form 8-K report stating, among other things, that in May 2011, Straight Path was investing an additional $2,380,000

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1  available under the Share Issuance Agreement dated December 22, 2010 in consideration

2  for an aggregate of 6,250,000 shares of Defendant's restricted common stock.

3  <u>**Whittle Arranges Second Wave of Nominee Stock Transfers**</u>

4  73.  Defendant alleges that it is without knowledge or information sufficient to

5  form a belief as to the truth of each and every allegation in paragraph 73 of the Complaint,

6  and on that basis, denies each and every allegation in paragraph 73 of the Complaint.

7  74.  Defendant alleges that it is without knowledge or information sufficient to

8  form a belief as to the truth of each and every allegation in paragraph 74 of the Complaint,

9  and on that basis, denies each and every allegation in paragraph 74 of the Complaint.

10  75.  Defendant alleges that it is without knowledge or information sufficient to

11  form a belief as to the truth of each and every allegation in paragraph 75 of the Complaint,

12  and on that basis, denies each and every allegation in paragraph 75 of the Complaint.

13  76.  Defendant alleges that it is without knowledge or information sufficient to

14  form a belief as to the truth of each and every allegation in paragraph 76 of the Complaint,

15  and on that basis, denies each and every allegation in paragraph 76 of the Complaint.

16  77.  Defendant alleges that it is without knowledge or information sufficient to

17  form a belief as to the truth of each and every allegation in paragraph 77 of the Complaint,

18  and on that basis, denies each and every allegation in paragraph 77 of the Complaint.

19  78.  Defendant alleges that it is without knowledge or information sufficient to

20  form a belief as to the truth of each and every allegation in paragraph 78 of the Complaint,

21  and on that basis, denies each and every allegation in paragraph 78 of the Complaint.

22  79.  Defendant denies each and every allegation in paragraph 79 of the Complaint,

23  except admits and avers that from February through April 2011, Tran submitted on

24  behalf of Jammin Java various board resolutions acknowledging share transfers and

25  indemnifying the transfer agent pursuant to the transfer agent's requests.

26  80.  Defendant denies each and every allegation in paragraph 80 of the Complaint.

27

28  / / /

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

**Failure to Report Beneficial Ownership**

81.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 81 of the Complaint, and on that basis, denies each and every allegation in paragraph 81 of the Complaint.

82.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 82 of the Complaint, and on that basis, denies each and every allegation in paragraph 82 of the Complaint, except admits, on information and belief, that Whittle purportedly disclosed his ownership or beneficial control of Defendant held directly in his name and through SJ Investments in November 2010 and January 2011; and that Whittle made Form 3 and 4 filings with the SEC.

**Fraudulent Newsletters**

83.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 83 of the Complaint, and on that basis, denies each and every allegation in paragraph 83 of the Complaint.

84.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 84 of the Complaint, and on that basis, denies each and every allegation in paragraph 84 of the Complaint.

85.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 85 of the Complaint, and on that basis, denies each and every allegation in paragraph 85 of the Complaint.

86.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 86 of the Complaint, and on that basis, denies each and every allegation in paragraph 86 of the Complaint.

87.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 87 of the Complaint, and on that basis, denies each and every allegation in paragraph 87 of the Complaint.

ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

88.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 88 of the Complaint, and on that basis, denies each and every allegation in paragraph 88 of the Complaint.

89.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 89 of the Complaint, and on that basis, denies each and every allegation in paragraph 89 of the Complaint.

90.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 90 of the Complaint, and on that basis, denies each and every allegation in paragraph 90 of the Complaint.

91.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 91 of the Complaint, and on that basis, denies each and every allegation in paragraph 91 of the Complaint.

92.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 92 of the Complaint, and on that basis, denies each and every allegation in paragraph 92 of the Complaint.

93.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 93 of the Complaint, and on that basis, denies each and every allegation in paragraph 93 of the Complaint.

## Stock Price Movement

94.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 94 of the Complaint, and on that basis, denies each and every allegation in paragraph 94 of the Complaint.

95.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 95 of the Complaint, and on that basis, denies each and every allegation in paragraph 95 of the Complaint, except admits, on information and belief, that in December 2010, Defendant's common stock was trading at $0.17 per share and rose to an intraday high of $6.35 on May 12, 2011; and that Defendant's trading volume rose to 20 million shares on May 12, 2011.

ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

**Dumping of Shares on the Public Market**

96.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 96 of the Complaint, and on that basis, denies each and every allegation in paragraph 96 of the Complaint.

97.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 97 of the Complaint, and on that basis, denies each and every allegation in paragraph 97 of the Complaint.

98.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 98 of the Complaint, and on that basis, denies each and every allegation in paragraph 98 of the Complaint.

*Sales Coordinated by Weaver, Sun, and Berlinger*

99.     Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 99 of the Complaint, and on that basis, denies each and every allegation in paragraph 99 of the Complaint.

100.    Defendant denies each and every allegation in paragraph 100 of the Complaint.

101.    Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 101 of the Complaint, and on that basis, denies each and every allegation in paragraph 101 of the Complaint.

102.    Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 102 of the Complaint, and on that basis, denies each and every allegation in paragraph 102 of the Complaint.

*Related Sales by Other Entities*

103.    Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 103 of the Complaint, and on that basis, denies each and every allegation in paragraph 103 of the Complaint.

/ / /

ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

**Transfer of Trading Profits to Jammin' Java**

104.　Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 104 of the Complaint, and on that basis, denies each and every allegation in paragraph 104 of the Complaint.

105.　Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 105 of the Complaint, and on that basis, denies each and every allegation in paragraph 105 of the Complaint, except admits, on information and belief, that on three dates from January to March 2011, Defendant received three payments of $40,000 pursuant to the Share Issuance Agreement Defendant entered into with Straight Path on December 22, 2010.

106.　Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 106 of the Complaint, and on that basis, denies each and every allegation in paragraph 106 of the Complaint, except admits, on information and belief, that in May 2011, Defendant received approximately $2.38 million pursuant to the Share Issuance Agreement Defendant entered into with Straight Path on December 22, 2010.

107.　Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 107 of the Complaint, and on that basis, denies each and every allegation in paragraph 107 of the Complaint.

**Price Collapse**

108.　Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 108 of the Complaint, and on that basis, denies each and every allegation in paragraph 108 of the Complaint, except admits and avers that on May 9, 2011, Defendant filed a Form 8-K report stating, among other things, that it had become aware of an unauthorized and unaffiliated internet stock promotion.

109.　Admit.

110.　Admit.

17

111.   Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 111 of the Complaint, and on that basis, denies each and every allegation in paragraph 111 of the Complaint.

## FIRST CLAIM FOR RELIEF

### Unregistered Offer and Sale of Securities

### Violations of Sections 5(a) and (c) of the Securities Act

### [15 U.S.C. §77e(a) and (c)]

### (Against Defendants Jammin' Java, Whittle, Weaver, Sun, Berlinger, Wheatley, Miller, and Al-Barwani)

112.   Defendant incorporates by reference each and every response above to paragraphs 1 through 111 of the Complaint.

113.   Defendant denies each and every allegation in paragraph 113 of the Complaint.

114.   Defendant denies each and every allegation in paragraph 114 of the Complaint.

## SECOND CLAIM FOR RELIEF

### Failure to File Beneficial Ownership Reports

### Violations of Section 13(d) of the Exchange Act [15 U.S.C. §78m(d)] and Rules 13d-1 and 13d-2 Thereunder (17 C.F.R. §240.13d-1, 13d-2)

### (Against Defendants Whittle, Weaver, Sun, and Berlinger)

115.   Defendant incorporates by reference each and every response above to paragraphs 1 through 111 of the Complaint.

116.   Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 116 of the Complaint, and on that basis, denies each and every allegation in paragraph 116 of the Complaint.

117.   Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 117 of the Complaint, and on that basis, denies each and every allegation in paragraph 117 of the Complaint.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

**THIRD CLAIM FOR RELIEF**

**Failure to File Beneficial Ownership Reports**

**Violations of Section 16(a) of the Exchange Act (15 U.S.C. §78p) and**

**Rule 16a-3 Thereunder (17 C.F.R. §240.16a-3)**

**(Against Defendant Whittle)**

118.    Defendant incorporates by reference each and every response above to paragraphs 1 through 111 of the Complaint.

119.    Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 119 of the Complaint, and on that basis, denies each and every allegation in paragraph 119 of the Complaint.

120.    Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 120 of the Complaint, and on that basis, denies each and every allegation in paragraph 120 of the Complaint.

**FOURTH CLAIM FOR RELIEF**

**Fraud in Connection with the Purchase of Sale of Securities**

**Violations of Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and**

**Rules 10b-5(a) and 10b-5(c) Thereunder [17 C.F.R. §240.10b-5(a), (c)]**

**(Against Defendants Whittle, Weaver, Sun, and Berlinger)**

121.    Defendant incorporates by reference each and every response above to paragraphs 1 through 111 of the Complaint.

122.    Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 122 of the Complaint, and on that basis, denies each and every allegation in paragraph 122 of the Complaint.

123.    Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 123 of the Complaint, and on that basis, denies each and every allegation in paragraph 123 of the Complaint.

/ / /

ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

124.   Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 124 of the Complaint, and on that basis, denies each and every allegation in paragraph 124 of the Complaint.

### FIFTH CLAIM FOR RELIEF

**Fraud in Connection with the Purchase of Sale of Securities**

**Violations of Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and**

**Rule 10b-5(b) Thereunder [17 C.F.R. §240.10b-5(b)]**

**(Against Defendants Whittle, A. Hunter, and T. Hunter)**

125.   Defendant incorporates by reference each and every response above to paragraphs 1 through 111 of the Complaint.

126.   Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 126 of the Complaint, and on that basis, denies each and every allegation in paragraph 126 of the Complaint.

127.   Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 127 of the Complaint, and on that basis, denies each and every allegation in paragraph 127 of the Complaint.

128.   Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 128 of the Complaint, and on that basis, denies each and every allegation in paragraph 128 of the Complaint.

129.   Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 129 of the Complaint, and on that basis, denies each and every allegation in paragraph 129 of the Complaint.

### SIXTH CLAIM FOR RELIEF

**Touting Securities for Compensation Without Disclosure**

**Violations of Section 17(b) of the Securities Act [15 U.S.C. §78q(b)]**

**(Against Defendants A. Hunter and T. Hunter)**

130.   Defendant incorporates by reference each and every response above to paragraphs 1 through 111 of the Complaint.

ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT

131.   Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 131 of the Complaint, and on that basis, denies each and every allegation in paragraph 131 of the Complaint.

132.   Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 132 of the Complaint, and on that basis, denies each and every allegation in paragraph 132 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.   The Complaint and each cause of action fails to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2.   The Complaint and each cause of action is barred, in whole or in part, by the applicable statutes of limitations pursuant to 15 U.S.C. §§77m, 77t and 28 U.S.C. §2462.

### THIRD AFFIRMATIVE DEFENSE

3.   The Complaint and each cause of action is barred or must be reduced by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4.   The Complaint and each cause of action is barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

5.   The Complaint and each cause of action is barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

6.   The Complaint and each cause of action is barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

7.   Plaintiff is precluded from any recovery asserted in the Complaint because Plaintiff has sustained no damages whatsoever as a result of any acts committed by Defendant or purportedly chargeable to Defendant.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EIGHTH AFFIRMATIVE DEFENSE**

8.      If Plaintiff suffered or sustained any damages as alleged in the Complaint, which Defendant denies, such damages, if any, were proximately caused and were a consequence of the conduct, actions, omissions, negligence or intentional conduct of other persons, corporations or entities and were in no way the responsibility of Defendant.

**NINTH AFFIRMATIVE DEFENSE**

9.      The Complaint and each cause of action therein is barred under the doctrine of assumption of risk.

**TENTH AFFIRMATIVE DEFENSE**

10.      The damages suffered by Plaintiff, if any, are attributable, in whole or in part, to persons, corporations or entities other than the Defendant under the doctrine of equitable indemnity.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.      No basis in contract, case law or statute exists for Plaintiff's claim for a permanent injunction.

**TWELFTH AFFIRMATIVE DEFENSE**

12.      No basis in contract, case law or statute exists for Plaintiff's claim for a disgorgement of ill-gotten gains.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.      No basis in contract, case law or statute exists for Plaintiff's claim for a civil penalties pursuant to 15 U.S.C. §§77t(d) and 78u(d)(3).

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.      No basis in contract, case law or statute exists for Plaintiff's claim for prejudgment interest.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.      No basis in contract, case law or statute exists for Plaintiff's claim for attorneys' fees and costs of suit.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Jammin Java Corp. prays for judgment as follows:

    1.    That this Court dismiss the Complaint against Jammin Java Corp. with prejudice and without costs;

    2.    That Defendant recovers its costs of suit; and

    3.    That Defendant be awarded such other and further relief as this Court deems just and proper.

DATED: January 19, 2016

EDGERTON & WEAVER, LLP

By: _____
Samuel Y. Edgerton, III, Esq.
Chad Weaver, Esq.
Sabryne Coleman, Esq.
Attorneys for Defendant,
Jammin Java Corp.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

5

    I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 2615 Pacific Coast Highway, Suite 300, Hermosa Beach, California 90254.

6

    On January 19, 2016, I served the following document described as:

7

**ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT**

8

9

on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes as follows:

10

11

**PLEASE SEE ATTACHED SERVICE LIST**

12

( )    **By U.S. Mail:** I deposited such envelopes in the mail at Hermosa Beach, California.  The envelopes were mailed with postage thereon fully prepaid.

13

14

( )    **By Personal Service:** I caused such envelope to be delivered by hand to the individuals at the addresses listed.

15

16

( )    **By Facsimile Machine:** I caused the above-referenced document(s) to be transmitted to the above-named person at the following telephone number above.

17

18

(X)    **By Electronic Mail:** I caused the above-referenced document(s) to be transmitted to the below-named persons.

19

20

(X)    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

22

    EXECUTED on January 19, 2016, at Hermosa Beach, California.

23

        */s/Karmella Salgado*_____
        Carole Serrano

24

25

26

27

28

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE LIST

Securities and Exchange Commission v. Jammin' Java Corp., dba Marley Coffee, et al.
Case No. 2:15-cv-08921 SVW (MRWx)

**ATTORNEYS FOR PLAINTIFFS:**

Timothy S. Leiman, Esq.
Paul M.G. Helms, Esq.
**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**
175 West Jackson Blvd., Suite 900
Chicago, IL 60604
Tel: (312) 353-7390
Fax: (312) 353-7398
Email: leimant@sec.gov
Email: helmsp@sec.gov


**LOCAL COUNSEL**

Lynn M. Dean, Esq.
**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**
444 S. Flower Street, Suite 900
Los Angeles, CA 90071
Tel: (323) 965-3998
Fax: (213) 443-1904
Email: deanl@sec.gov

25

ANSWER OF DEFENDANT JAMMIN JAVA CORP. TO COMPLAINT