1   TIMOTHY S. LEIMAN, Ill. Bar No. 6270153
    Email: leimant@sec.gov
2   PAUL M. G. HELMS, Ill. Bar No. 6291623
    Email: helmsp@sec.gov
3
    Attorneys for Plaintiff
4   United States Securities and Exchange Commission
    175 West Jackson Boulevard, Suite 900
5   Chicago, Illinois 60604
    Telephone:  (312) 353-7390
6   Facsimile:  (312) 353-7398

7   LOCAL COUNSEL
    Lynn M. Dean, Cal. Bar No. 205562
8   Email: deanl@sec.gov
    United States Securities and Exchange Commission
9   444 S. Flower Street, Suite 900
    Los Angeles, California 90071
10  Telephone: (323) 965-3998
    Facsimile: (213) 443-1904

11

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14                   **WESTERN DIVISION**

15

16  SECURITIES AND EXCHANGE                 Case No. 2:15-cv-08921 SVW (MRWx)
    COMMISSION,
17                                          **STATUS REPORT: REGARDING**
                    Plaintiff,              **SEC'S EFFORTS TO SERVE**
18                                          **DEFENDANTS**
19              vs.

20  JAMMIN' JAVA CORP., dba MARLEY
    COFFEE, SHANE G. WHITTLE,
21  WAYNE S. P. WEAVER, MICHAEL K.
    SUN, RENE BERLINGER, STEPHEN B.
22  WHEATLEY, KEVIN P. MILLER,
    MOHAMMED A. AL-BARWANI,
23  ALEXANDER J. HUNTER, and
    THOMAS E. HUNTER,
24
                    Defendants.
25

26

27

28

In anticipation of the February 29, 2016 initial status conference in this case, Plaintiff United States Securities and Exchange Commission (the "SEC"), provides the following update to the Court on its efforts to serve the Defendants in this matter:

1.     Other than Defendant Jammin' Java Corp. – which has appeared and filed its answer (Dkt. #15) – all Defendants in this case live abroad. Based on the latest available addresses, the remaining Defendants live in the following jurisdictions:

| **DEFENDANT** | **JURISDICTION** |
| --- | --- |
| Shane G. Whittle | British Columbia, Canada |
| Wayne S.P. Weaver | Bailiwick of Jersey |
| Michael K. Sun | Bailiwick of Jersey |
| Kevin Miller | Bailiwick of Jersey |
| Stephen Wheatley | United Kingdom |
| Alexander Hunter | United Kingdom |
| Thomas Hunter | United Kingdom |
| Rene Berlinger | Switzerland |
| Mohammed Al-Barwani | Oman |

2.     The SEC has worked diligently to serve these Defendants through two means that comply with the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"): (a) service by mail and (b) service through the designated governmental authority in the Defendant's home nation (in Hague Convention parlance, the "Central Authority").

**Service by Mail**:

3.     The SEC has attempted to serve Defendants living in Jersey, the UK and Canada under Fed. R. Civ. P. 4(f)(2)(C)(ii) which – if international agreement allows

– permits service of defendants in a foreign country "using any form of mail that the clerk addresses and sends to the individual that requires a signed receipt."

4.     Mail service is allowed under Article 10 of the Hague Service Convention "[p]rovided that the State of destination does not object." Jersey, the UK, and Canada have not objected to Article 10 and, therefore, the SEC sent service materials to the Clerk's office for each Defendant residing in those countries. The Clerk's office sent the materials to those Defendants by UPS and filed its confirmation of shipment on January 6, 2016. (Dkt. #14.)

5.     The SEC has received notices from UPS reflecting that the Complaint was successfully delivered to residential mailboxes for the following defendants on January 11, 2016: Michael Sun, Stephen Wheatley, Kevin Miller, Alexander Hunter and Thomas Hunter. (Receipts attached as Ex. A.) We have <u>not</u> received similar confirmations for Defendants Whittle and Weaver.

6.     Of the Defendants served by mail, none has filed an appearance in this case. Only one -- Stephen Wheatley -- has reached out to the SEC through counsel and indicated that he plans to appear and file a responsive pleading.[1] Counsel for Defendants Alexander and Thomas Hunter also contacted the SEC, but did not indicate whether his clients intend to appear or respond to the Complaint.

**<u>Service Through the Central Authority</u>**:

7.     The SEC simultaneously sought to serve the Defendants through the respective Central Authorities of their home countries as provided in the Hague Convention.

8.     The SEC has forwarded copies of the Complaint and Summons (along with other required supporting materials, including a formal service request) to the

---

[1] Wheatley's counsel informed the SEC that he would like to extend the deadline for his Answer until March 4, 2016. Counsel for the SEC responded that the SEC does not object to an extension request and that Wheatley could file a motion with the Court as "unopposed." Thus far, no motion for an extension has been filed.

Central Authorities for Jersey, the UK and British Columbia, Canada. On February 6, 2016, we received confirmation from UPS that our Hague service requests were received by each Central Authority. (Notices Attached as Ex. B).

9.     Out of an abundance of caution – even though they have been served by mail as described above – requests for service through the Central Authority were made for Defendants Wheatley, Sun, Miller, and Alexander and Thomas Hunter. Requests were also made to serve Defendants Whittle and Weaver because we cannot confirm whether mail service was successful for those Defendants.

10.     Based on our prior experience with serving defendants in these jurisdictions, we anticipate that we will likely hear back from the Central Authorities on their service efforts within 3 months.

**Defendants Berlinger and Al-Barwani**:

11.     The SEC is in the process of determining whether we can serve Defendant Berlinger through the Hague Convention. Switerland has objected to Article 10 of the Convention and – in at least some instances – will not complete Hague Service Requests on behalf of U.S. government agencies (even in civil matters).

12.     Oman is not a signatory to the Hague Convention and, therefore, the SEC staff is attempting to determine what channels are available for service of Defendant Al-Barwani in Oman consistent with international law.

**Potential Motion for Alternative Service**:

13.     While service through the Hague Convention is in process, that route is potentially time consuming. Therefore, with the hope of minimizing further delay, counsel for the SEC is conferring with its Office of International Affairs to determine whether faster, alternative means of service could be used consistent with international law. If so, the SEC anticipates that it will shortly file a Motion for Alternative Service with the Court pursuant to Fed. R. Civ. P. 4(f)(3). *See, e.g., SEC v. Craven*, 2015 WL 9275741, *1 (W.D. Ken. Dec. 18, 2015)(granting SEC's motion

for alternative service by e-mail of defendant in Switzerland where personal service through the Hague Convention would take up to two months and where the Swiss authorities "may still refuse to effect service").

**Summary of Service Status**:

14.    In sum, Defendants' service status is as follows:

| **DEFENDANT** | **SERVICE STATUS** |
| --- | --- |
| Shane G. Whittle | • Service Materials sent by Clerk of Court on 1/6/2015. No delivery confirmation.<br><br>• Service materials transmitted to Central Authority (British Columbia Ministry of Justice) on 2/4/2016. Awaiting confirmation of service. |
| Wayne S.P. Weaver | • Service Materials sent by Clerk of Court 1/6/2015. No delivery confirmation.<br><br>• Service materials transmitted to Central Authority (Attorney General for Jersey) on 2/5/2016. Awaiting confirmation of service. |
| Michael K. Sun | • **Served by Mail on 1/11/2016.**<br><br>• In addition, service materials transmitted to Central Authority (Attorney General for Jersey) on 2/5/2016. |
| Kevin Miller | • **Served by Mail on 1/11/2016.**<br><br>• In addition, service materials transmitted to Central Authority (Attorney General for Jersey) on 2/5/2016. |
| Stephen Wheatley | • **Served by Mail on 1/11/2016.**<br><br>• In addition, service materials transmitted to |

4

| | |
|---|---|
| | UK Central Authority on 2/5/2016. |
| Alexander Hunter | • **Served by Mail on 1/11/2016.**<br><br>• In addition, service materials transmitted to UK Central Authority on 2/5/2016. |
| Thomas Hunter | • **Served by Mail on 1/11/2016.**<br><br>• In addition, service materials transmitted to UK Central Authority on 2/5/2016. |
| Rene Berlinger | • Not served yet.<br><br>• SEC determining whether Hague Service is possible.<br><br>• Investigating alternative service options. |
| Mohammed Al-Barwani | • Not served yet.<br><br>• Investigating alternative service options. |
| Jammin' Java, Corp. | • **Served through counsel on 11/18/2015. Answer filed.** |

Respectfully submitted,

*/s/ Timothy S. Leiman*
Timothy S. Leiman
Attorney for Plaintiff
Securities and Exchange Commission

Dated: February 12, 2016