SHANE W. TSENG (State Bar No. 200597)
stseng@lkfirm.com
MICHAEL L. LAVETTER (State Bar No. 224423)
mlavetter@lkfirm.com
LAMB & KAWAKAMI LLP
333 South Grand Avenue, Suite 4200
Los Angeles, California 90071
Telephone:  (213) 630-5500
Facsimile: (213) 630-5555

Attorneys for Specially Appearing Defendant
RENE BERLINGER

# UNITED STATES DISTRICT COURT

# DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>    vs.<br><br>JAMMIN' JAVA CORP., dba MARLEY COFFEE, SHANE G. WHITTLE, WAYNE S. P. WEAVER, MICHAEL K. SUN, RENE BERLINGER, STEPHEN B. WHEATLEY, KEVIN P. MILLER, MOHAMMED A. AL-BARWANI, ALEXANDER J. HUNTER, and THOMAS E. HUNTER,<br><br>           Defendants. | Case No.: 2:15-cv-08921 SVW (MRWx)<br><br>**SPECIALLY APPEARING DEFENDANT RENE BERLINGER'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER AUTHORIZING SERVICE BY ALTERNATIVE MEANS UNDER FED. R. CIV. P. 4(f)(3)**<br><br>Date:           April 25, 2016<br>Time:           1:30 p.m.<br>Ctrm.:           6 |

The motion of the Securities and Exchange Commission (SEC) for service by alternative means on Specially Appearing Defendant Berlinger, a Swiss citizen residing in Trimbach, Switzerland, should be denied because it 1) fails to respect the sovereign interests of the Swiss Government requiring service of process under the Hague Convention; 2) attempts to circumvent the laws of Switzerland and the Convention, which establish a process that is neither difficult nor lengthy for service in Switzerland; and 3) effectively concedes that the SEC has made *no attempt*, since filing a complaint in November 2015, to properly serve a defendant the SEC has always acknowledged is a citizen and resident of Switzerland.  This Court should not reward the SEC's evident lack of effort to serve Mr. Berlinger, condone the SEC's disregard for Federal Rule of Civil Procedure (hereinafter "FRCP") 4(f)(3), or set a bad precedent that our government can, through lack of effort, avoid basic obligations under well-recognized laws and treaties.  For all the foregoing reasons, and as elaborated below, this Court should deny the SEC's motion.

<u>**THE SEC FALLS WELL SHORT OF ESTABLISHING THE NEED FOR SERVICE BY ALTERNATIVE MEANS**</u>

The 1965 Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention) provides at Article 1 that it  "<u>shall</u> apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad."  20 U.S.T. 361, entry into force Feb, 10, 1969 (emphasis added).  By

- 1 -

virtue of the Supremacy Clause of the U.S. Constitution the Hague Convention precludes inconsistent methods of service prescribed by state law in all cases to which it applies.  *See Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 699 (1988).

The SEC shows neither a failed attempt to serve Rene Berlinger nor any facts that remotely resemble undue hardship.  If Hague Convention service is attempted and has failed, or if an entity can establish some other undue hardship, alternative service may be appropriate.  However, the SEC cites no evidence and attaches no document that shows it made any attempt to properly serve Mr. Berlinger.  The SEC also fails to cite anything that justifies circumventing a treaty that the Swiss government expects to be followed in the interest of providing basic protections for its citizens.  As an illustrative example, the SEC cites no evidence it even secured a translation of the Complaint into Mr. Berlinger's native language of German, one of the basic requirements of Hague Convention service.  While FRCP 4(f)(3) may be a relief mechanism for difficult circumstances, it was never intended to justify service under the circumstances described in the SEC's motion as it relates to Mr. Berlinger.

The Advisory Committee notes to FRCP 4(f) make it clear that the Hague Convention should be followed if possible.  They expressly confirm that Article 15 of the Convention provides that "alternate methods may be used if a Central Authority does not respond within six months. Generally, a Central Authority can

be expected to respond much more quickly."  Notably, Article 15 "furnishes safeguards against the abridgement of rights of parties through inadequate notice. Article 15 of the Convention provides for verification of actual notice or a demonstration that process was <u>served by a method prescribed by the internal laws of the foreign state</u>."  These Advisory Committee notes make clear that the Hague Convention must be followed in the first instance; here, the SEC's motion attempts to twist a method of last resort into a method of *first resort*, which is contrary to the basic purpose of the rule.

Indeed, the SEC's statement that service on Mr. Berlinger under the Convention is "in every practical sense – unavailable" is both unsupported and demonstrably false.  The SEC does not deny that Switzerland is a signatory to the Hague Convention.  In the interest of protecting its citizens, Switzerland has established some basic protections; it does not allow service by mail or electronic mail from the United States and requires service of documents in German if its citizen speaks German.  Nothing in the SEC's motion suggests that it made any attempt at serving Mr. Berlinger, thus the SEC has provided this Court with no evidence that serving Mr. Berlinger was, in fact, unavailable or impractical.

Publicly-available guidance from the Swiss Federal Office of Justice further demonstrates the weakness and lack of substance behind the SEC's claim that service on Mr. Berlinger is impractical or not available.  The Swiss government publishes a guide regarding service by foreign authorities

(http://www.rhf.admin.ch/etc/medialib/data/rhf.Par.0064.File.tmp/wegl-ziv-e.pdf),

and the U.S. State Department provides guidance on service of process on Swiss

nationals.  (http://bern.usembassy.gov/service_process.html).  Neither resource

establishes the supposed difficulty or impracticability claimed by the SEC.

Instead, the guidance supplied by the State Department notifies parties that "[t]he

U.S. Embassy at Bern advises that the length of time required to effect service by

the Government of Switzerland varies by case and canton, but will generally go

fairly quickly." (emphasis added). The SEC's motion and the few attachments that

concern Mr. Berlinger do not show the SEC made any effort to serve him since the

Complaint was filed over four months ago, or why the SEC failed to follow the

roadmap published by the Swiss government.

　　　　The State Department resources referenced above contain the following

relevant text regarding service in Switzerland.  They describe a process that is

neither difficult nor particularly time-consuming:

> In Switzerland, documents may only be served through the
> appropriate Swiss Central Authority under the Hague Convention on
> the Service Abroad of Judicial and Extrajudicial Documents in Civil
> and Commercial Matters (20 UST 361; TIAS 6638) , to which the
> U.S. is a signatory, or by means of letters rogatory. The Swiss penal
> Code 271 provides that attorneys attempting to serve process are
> subject to arrest on criminal charges.
>
> … Switzerland, in a reservation to its accession to the Convention,
> declared that in cases where the addressee does not voluntarily accept
> a document, it cannot officially be served on him or her in accordance
> with Article 5, first paragraph, unless it is in the language of the
> authority addressed, i.e. in German, French or Italian, or accompanied

by a translation into one of these languages, depending on the part of Switzerland in which the document is to be served.

… Article 10 - Service By Mail or by Judicial Officer in Requested Foreign State:
On ratification, <u>Switzerland declared that it objects to the use of the methods of service referred to in Article 10, including service by postal channels.</u> As a general rule, the U.S. favors the use of service through the Convention Central Authority in other countries party to it. If service of process by registered mail is effected in a country like Switzerland which may not consider such service valid, enforcement of a U.S. judgment in that or a third country may be difficult.

U.S. State Dep't, Embassy at Bern, Service of Process, http://bern.usembassy.gov/service_process.html (last visited Apr. 4, 2016).

Although service upon a Swiss resident requires more than placing an envelope in the mail, the requirements are hardly daunting.  In summary: 1) Only Swiss authorities may serve process; 2) Documents must be officially translated into the appropriate language, which is German in Mr. Berlinger's case; and 3) Switzerland specifically <u>objects to service by mail and requires a process that involves its own court system.</u>  None of these basic protections are difficult to understand or impractical to follow.

The SEC's only seemingly legitimate support, from an unpublished court decision in the Western District of Kentucky, does not address service of a complaint in a civil lawsuit.  In that case, the SEC had already obtained a judgment and sought to serve individuals who resided in Switzerland but owned real property in the relevant Federal District, for purposes of collecting on that judgment.  *SEC v. Craven*, 2015 WL 9275741, *1 (W.D. Ken. Dec. 18, 2015).  The court further noted that personal service "could take up to two months" and that

Swiss authorities might still refuse service of that matter, an effort to collect a judgment, that "could be construed as not being a civil or commercial matter." *Id.* The matter before the Court here is the initiation of a civil lawsuit, not an effort to foreclose on property to satisfy a judgment. The SEC's motion lacks any factual basis for concluding that the service of a civil complaint will encounter any difficulty in Switzerland. Indeed, as the Court in *Craven* noted, service on a Swiss resident is not only possible, but also could have been completed relatively quickly had the SEC made the attempt in this case.

The Hague Convention has been held to have the status of a treaty, and is therefore constitutionally the "supreme law of the land" that must be followed by this Court. *E.g., Ex parte Volkswagenwerk Aktiengesellschaft*, 443 So. 2d 880, 882 (Ala. 1983); *Dr.Ing. H.C.F. Prosche A.G. v. Superior Court*, 123 Cal. App. 3d 755, 757-58, 177 Cal. Rptr. 15156 n.1 (1981). Twisting FRCP 4(f) into a method of service of first resort, rather than simply asking the SEC to follow basic protocols and effect service, set a bad precedent and would likely encourage other federal courts to ignore the basic legal protections embodied by the Hague Convention to which the U.S. and 70 other nations are party. Worse, Swiss courts could feel emboldened to disregard basic protections in U.S. laws and international treaties without good cause. The S.E.C. has available the full resources of the U.S. government to effectuate service properly. Our government has a special responsibility to adhere to an international convention. Because the SEC has failed

to show that service on Rene Berlinger has been attempted and delayed or denied, and has further failed to show that proper service is either difficult or impractical, its motion must be denied.

DATED:  April 4, 2016               Respectfully submitted,

                                    LAMB & KAWAKAMI LLP
                                    SHANE W. TSENG
                                    MICHAEL L. LAVETTER


                                    By:_____/s/_____
                                         Shane W. Tseng
                                         Attorneys for Specially Appearing
                                         Defendant Rene Berlinger


OF COUNSEL (*Pro Hac Vice* applications forthcoming)

ANDREW M. FRIEDMAN
friedmana@butzel.com
THOMAS E. PATTON
pattone@butzel.com
BUTZEL LONG
1747 Pennsylvania Avenue, NW, Suite 300
Washington, DC  20006
202.454.2800
202.454.2805 facsimile

DAVID SALTZMAN
dsaltzman@saltzmanevinch.com
SALTZMAN & EVINCH, PLLC
1050 K Street, NW, Suite 1150
Washington, DC  20005
202.637.9877
202.318.0892 facsimile