1  CALDWELL LESLIE & PROCTOR, PC
   MICHAEL J. PROCTOR, State Bar No. 148235
2    proctor@caldwell-leslie.com
   ANDREW ESBENSHADE, State Bar No. 202301
3    esbenshade@caldwell-leslie.com
   725 South Figueroa Street, 31st Floor
4  Los Angeles, California 90017-5524
   Telephone: (213) 629-9040
5  Facsimile: (213) 629-9022

6  Attorneys for Defendant Kevin P. Miller

7

8              **UNITED STATES DISTRICT COURT**

9    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

| | |
|---|---|
| 11  SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:15-CV-08921-SVW-MRW |
| 12                Plaintiff, | **DEFENDANT KEVIN P. MILLER'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |
| 13       v. | |
| 14  JAMMIN' JAVA CORP., dba MARLEY COFFEE, SHANG G. WHITTLE, WAYNE S. P. WEAVER, MICHAEL K. SUN, RENE BERLINGER, STEPHEN B. WHEATLEY, KEVIN P. MILLER, MOHAMMED A. AL-BARWANI, ALEXANDER J. HUNTER, and THOMAS E. HUNTER, | The Honorable Stephen V. Wilson |
| 15 | Hearing Date:    June 13, 2016 |
| 16 | Time:            1:30 p.m. |
| 17 | Courtroom:       6 |
| 18 | Trial Date:      October 25, 2016 |
| 19                Defendants. | |

20
21
22
23
24
25
26
27
28

CALDWELL
LESLIE &
PROCTOR

Case No. 2:15-CV-08921-SVW-MRW

DEFENDANT MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

   **PLEASE TAKE NOTICE** that on June 13, 2016 at 1:30 p.m., at the United States District Court, located at 312 N. Spring Street, Los Angeles, California, 90012, in Courtroom 6, the Honorable Stephen V. Wilson presiding, Defendant Kevin P. Miller ("Miller") will and hereby does moves as follows:

   a.  Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the Complaint dated November 17, 2015 (the "Complaint") filed by the Securities and Exchange Commission (the "SEC") as to Miller for lack of personal jurisdiction; and

   b.  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the only claim made against Miller in the Complaint, namely, the First Claim for Relief brought under Sections 5(a) and (c) of the Securities Act.  (15 U.S.C. § 77e(a) and (c)).

   This Motion is made following a conference of counsel pursuant to Local Rule 7-3, which took place on Thursday, May 5, 2016, in written correspondence between the parties' counsel.

   This Motion is based upon this Notice and the accompanying Memorandum of Points and Authorities, the pleadings and other documents on file in this action, and on such other and further evidence and arguments as may hereafter be adduced.


DATED:  May 12, 2016             Respectfully submitted,

                                 CALDWELL LESLIE & PROCTOR, PC
                                 MICHAEL J. PROCTOR
                                 ANDREW ESBENSHADE



                                 By _____/S/_____
                                      MICHAEL J. PROCTOR
                                 Attorneys for Defendant Kevin P. Miller

CALDWELL
LESLIE &
PROCTOR

Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ................................................................. 1

II.    FACTUAL ALLEGATIONS IN THE COMPLAINT ...................... 3

III.   LEGAL STANDARD ON MOTION TO DISMISS ....................... 6

IV.    THE COURT LACKS PERSONAL JURISDICTION OVER MILLER ......... 7

V.     THE COURT FAILS TO STATE A CLAIM AGAINST MILLER UNDER SECTIONS 5(a) AND (c) OF THE SECURITIES ACT ................. 9

VI.    THE COURT SHOULD DISMISS WITH PREJUDICE ............................. 12

VII.   CONCLUSION ................................................................... 12

CALDWELL
LESLIE &
PROCTOR

-ii-

Case No. 2:15-CV-08921-SVW-MRW

DEFENDANT MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alki Partners, L.P. v. Vatas Holding GmbH,*
   769 F.Supp.2d 478 (S.D.N.Y 2011) .................................................. 8

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................. 6, 7

*AT&T v. Compagnie Bruxelles Lambert,*
   94 F.3d 586 (9th Cir. 1996) ........................................................... 8

*Dean v. Motel 6 Operating L.P.,*
   134 F.3d 1269 (6th Cir. 1998) ........................................................ 7

*In re Fisker Auto. Holdings, Inc. S'holder Litig.,*
   Civ. No. 13-2100-SLR, 2015 WL 6039690
   (D. Del. Oct. 15, 2015) ............................................................... 9

*Howard v. Everex Sys., Inc.,*
   228 F.3d 1057 (9th Cir. 2000) ........................................................ 8

*Nat'l Council of La Raza v. Cegavske,*
   800 F.3d 1032 (9th Cir. 2015) ....................................................... 12

*Rio Properties, Inc. v. Rio Int'l Interlink,*
   284 F.3d 1007 (9th Cir. 2002) ........................................................ 6

*S.E.C. v. Calvo,*
   378 F.3d 1211 (11th Cir. 2004) ...................................................... 11

*S.E.C. v CMKM Diamonds, Inc.,*
   729 F.3d 1248 (9th Cir. 2013) ....................................................... 10

*S.E.C. v. Murphy,*
   626 F.2d 633 (9th Cir. 1980) ..................................................... 10, 11

*S.E.C. v. Phan,*
   500 F.3d 895 (9th Cir. 2007) ........................................................ 10

CALDWELL
LESLIE &
PROCTOR

-iii-                                                     Case No. 2:15-CV-08921-SVW-MRW

DEFENDANT MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES

*S.E.C. v. Reynolds*,
  No. 3:08-CV-0438-B, 2013 WL 3778830
  (N.D. Tex. July 19, 2013) ................................................................... 11

*S.E.C. v. Rosen*,
  No. 01-0369-CIV., 2002 WL 34421029
  (S.D. Fla. Feb. 22, 2002) ................................................................... 10

*S.E.C. v. Ross*,
  504 F.3d 1130 (9th Cir. 2007) .............................................................. 7

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ............................................................... 7

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014) ......................................................................... 9

**Statutes**

15 U.S.C. § 77e .............................................................................. 9-11

15 U.S.C. § 77e(a) ...................................................................... 1, 6, 9

15 U.S.C. § 77e(c) ...................................................................... 1, 6, 9

**Other Authorities**

Fed. R. Civ. P. 12(b)(2) ........................................................... 2, 6, 12

Fed. R. Civ. P. 12(b)(6) ............................................................... 6, 12

CALDWELL
LESLIE &
PROCTOR

-iv-                    Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In its Complaint, the SEC alleges a "pump and dump" trading scheme in shares of Defendant Jammin' Java Corp. ("Jammin' Java").  Despite the Complaint's comprehensive description of each phase of the alleged scheme and the conduct of the key players, the Complaint fails to allege a single act taken by Kevin P. Miller ("Miller") to further the purported scheme.  Indeed, the Complaint provides no factual allegations in relation to any conduct of Miller.  The Complaint even fails to allege facts suggesting that Miller knew of the scheme.  While the SEC seeks to hold Miller liable for the unregistered offer and sale of securities in Jammin' Java, it does not allege that Miller had any role in any offer or sale of securities.

Indeed, despite 132 paragraphs and 39 pages, the Complaint's sole factual allegation that even purports to link Miller to the alleged scheme is that he is an "owner" of a foreign corporation called Las Colinas, Ltd. ("Las Colinas") which allegedly traded in Jammin' Java shares.  (Complaint, ¶52(a).)  Upon this allegation of mere ownership, together with the Complaint's conclusory assertion that Miller "worked in concert" with two other Defendants, the SEC asserts:  (1) personal jurisdiction over Miller, a citizen of the United Kingdom and resident of St. Brelade, Bailiwick of Jersey, with no alleged connections with the United States (*id*., ¶18); and (2) purported liability against Miller under Sections 5(a) and (c) of the Securities Act.

Critically, the Complaint does not allege *how* Miller supposedly worked in concert with these Defendants.  Nor does the Complaint allege what acts Miller took to work in concert with those Defendants.  The Complaint does not attribute to Miller any conduct in relation to the formation of Las Colinas, the opening of any accounts by that company, the trading of any shares, or the direction or receipt of any proceeds from the sale of such shares.  Thus, it appears the SEC seeks to base

CALDWELL
LESLIE &
PROCTOR

-1-

Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES

1   both jurisdiction over and liability against Miller solely on his purportedly being an

2   owner of the foreign entity Las Colinas.  As set forth below, that is not the law.

3       Notably, the Complaint is not merely devoid of allegations as to whether

4   Miller controlled Las Colinas and its trading in Jammin' Java.  It makes clear that he

5   did not wield such control.  The Complaint specifies that another defendant, Rene

6   Berlinger, established Las Colinas; that Berlinger opened accounts in the name of

7   Las Colinas; that Berlinger directed activity and arranged for stock transactions in

8   these accounts; that Berlinger directed the proceeds from the alleged sales of

9   Jammin' Java stock by Las Colinas; and that Berlinger had "sole dispositive power"

10  over Las Colinas's accounts.  (*See* Complaint, ¶¶ 52(a), 53.)  By contrast, apart from

11  the allegation that Miller had an ownership interest in Las Colinas, the Complaint

12  fails to allege that he had any involvement in the company's stock trading or any

13  other activity.  These *de minimis* factual allegations fail to support jurisdiction or

14  state a claim as to Miller under the Securities Act.

15      With respect to personal jurisdiction over Miller, the Complaint's allegations

16  fail to meet the standards of Rule 12(b)(2,), which places the burden of establishing

17  jurisdiction squarely on the plaintiff.  Here, not only does the SEC fail to plead facts

18  establishing personal jurisdiction, the SEC concedes that Miller does not reside in

19  the United States and is not a United States citizen.  (*See id.*, ¶ 18.)  Moreover, the

20  SEC admits that the corporate entity which Miller allegedly owns, Las Colinas, is

21  not a United States corporation (*see id.*, ¶ 52(a)) and does not allege that Las Colinas

22  has conducted any business in the United States.  The Complaint does not allege any

23  facts regarding any contacts Miller has with the United States.  Instead, the SEC

24  apparently seeks to base jurisdiction over Miller on the assertion that a foreign

25  company—which the SEC admits was established and controlled by another

26  defendant (Berlinger)—engaged in stock transactions in the United States financial

27  markets, despite the complete absence of any allegation that Miller was involved in

28  these transactions.  This is insufficient to support personal jurisdiction over Miller.

CALDWELL
LESLIE &
PROCTOR
-2-
Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES

With respect to liability, the Complaint's mere allegation of ownership in an entity controlled by another person who allegedly traded in a stock is insufficient to state a claim for relief against Miller individually for the unregistered offer and sale of securities.  The SEC's failure to allege any conduct on the part of Miller is fatal both to the assertion of personal jurisdiction over him and to the Complaint's single claim against him.  The Complaint should therefore be dismissed as to Miller.

## II.    FACTUAL ALLEGATIONS IN THE COMPLAINT

The factual allegations of the Complaint span 111 paragraphs and more than 32 pages.  Yet despite this detailed explanation of the purported scheme, Miller's name appears just six times in these factual allegations, and there is not a single allegation as to any act taken by Miller upon which liability or jurisdiction could be based.

The first reference to Miller is at Paragraph 9 of the Complaint, which states:

> As the stock price rose, Whittle illegally distributed another large block of Jammin' Java stock through Weaver, Sun, and Berlinger's network of offshore intermediaries, which included Defendants Stephen Wheatley ("Wheatley"), Kevin Miller ("Miller"), and Mohammed Al-Barwani ("Al-Barwani"), and others.

(Complaint, ¶ 9.)  Nowhere in the Complaint does the SEC allege that Miller took any action to be part of the alleged "network of offshore intermediaries."

The second time Miller's name is mentioned is at Paragraph 18 of the Complaint, which simply alleges his age and that he resides in St. Brelade, in the Bailiwick of Jersey, and that he is a citizen of the United Kingdom.  (*See id.*, ¶ 18.) No connection to the United States is pleaded.

CALDWELL LESLIE & PROCTOR

-3-                    Case No. 2:15-CV-08921-SVW-MRW

DEFENDANT MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

1    Miller is not mentioned again until Paragraph 52(a), which alleges:

2        On August 27, 2010, Berlinger established Las Colinas

3        Ltd. ("Las Colinas") and Westpark Ltd. ("Westpark") in

4        the Marshall Islands and opened accounts in the names of

5        these entities.  Miller, who was working in concert with

6        Weaver and Sun, owned Las Colinas, while Sun owned

7        Westpark.

8    (*Id.*, ¶ 52(a).)  This is the only allegation in the Complaint that even purports to

9    characterize any conduct whatsoever by Miller.  Yet the Complaint contains no

10   factual allegations to support the conclusory assertion that Miller "was working in

11   concert" with Weaver or Sun, nor what the three were purportedly working in

12   concert to accomplish.  Not a single fact alleged in the Complaint attempts to

13   substantiate this assertion.

14       The Complaint contains no factual allegations to support a finding that Miller

15   had any involvement in the activities of Las Colinas.  Nowhere in the Complaint is it

16   alleged that Miller took any action to establish or operate Las Colinas.  To the

17   contrary, the Complaint alleges that Las Colinas was established by Berlinger, and

18   that it was Berlinger who opened an account or accounts in the name of Las Colinas.

19   (*See id.*, ¶ 52(a).)

20       Berlinger's role in relation to Las Colinas is further specified in Paragraph 53

21   of the Complaint:

22        Berlinger played a critical role in creating and controlling

23        several of the intermediary entities that funneled Jammin'

24        Java stock to the public.  Berlinger served as the sole

25        officer or one of the officers for Las Colinas, Westpark . . .

26        and other entities.

27

28

CALDWELL
LESLIE &
PROCTOR

-4-                Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES

(*Id.*, ¶ 53.)  The same paragraph further describes Berlinger's control over Las Colinas:

> [Berlinger] opened brokerage accounts in the names of these entities [including Las Colinas] *over which he had sole dispositive power, directing activity in the accounts.* He also signed resolutions, exchanged correspondence, and handled other aspects in connection with the transfer of shares involving these entities.  In several instances, Berlinger also directed the proceeds from the subsequent sale of Jammin' Java stock by these entities.

(*Id.*) (emphasis added).

Thus, the Complaint unambiguously alleges that Berlinger, not Miller, controlled and had sole dispositive power over Las Colinas's brokerage accounts and stock transactions, including the trading of Jammin' Java shares.  (*See id.*; *see also id.*, ¶ 82(c) (alleging that Berlinger "controlled or shared control" of entities including Las Colinas, and that Berlinger [not Miller] failed to disclose his beneficial ownership of Jammin' Java shares through Las Colinas and other entities).)  Miller is not alleged to have played any role in the opening of accounts, the activity in the accounts, or the trading of shares of Jammin' Java.  Nor is he alleged to have had control over any aspect of Las Colinas's affairs.

The remaining allegations related to Las Colinas's purchase of Jammin' Java shares further demonstrate that Berlinger, not Miller, controlled Las Colinas and its stock transactions.  In Paragraph 55(d) of the Complaint, the SEC alleges that Defendant Whittle sold Jammin' Java shares to Las Colinas and that Berlinger signed the purchase agreement on behalf of Las Colinas, with no mention of Miller.  (*See id.*, ¶ 55(d).)  Paragraph 78(h) alleges that Las Colinas's second purchase of Jammin' Java shares was accomplished by Berlinger through a letter to the transfer

CALDWELL
LESLIE &
PROCTOR

-5-

Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES

1  agent.  (*See id.*, ¶ 78(h).)  There is no allegation that Miller had any involvement in

2  any Las Colinas stock transaction.

3        Miller is mentioned only three more times in the factual section of the

4  Complaint, at Paragraphs 99, 101, and 102.  These paragraphs are all under a section

5  of the Complaint titled, "***Sales Coordinated by Weaver, Sun, and Berlinger.***"  (*See*

6  *id.*, ¶¶ 99, 101, 102.)  Paragraph 99 references entities "controlled by Weaver, Sun,

7  and Berlinger" and "owned by Miller" and others, further clarifying that Berlinger is

8  alleged to have control over Las Colinas.  (*See id.*, ¶ 99.)  Paragraphs 101 and 102

9  simply list Miller's name next to Las Colinas with no factual allegations as to him.

10 (*See id.*, ¶¶ 101, 102.)  Paragraph 106 alleges that Berlinger was involved in setting

11 up the transfer back to Jammin' Java of Las Colinas's trading profits, with no

12 mention of any involvement by Miller.  (*See id.*, ¶ 106.)  Nowhere in these

13 paragraphs or anywhere in the Complaint does the SEC allege that Miller

14 participated in or had any knowledge of any sale of Jammin' Java shares.

15       Miller is sued only on the First Claim for Relief, for the unregistered offer and

16 sale of securities in violation of Sections 5(a) and (c) of the Securities Act.

17 **III.   LEGAL STANDARD ON MOTION TO DISMISS**

18       To overcome a motion to dismiss pursuant to Rule 12(b)(2), the SEC bears

19 the burden of making a prima facie showing of personal jurisdiction.  *Rio*

20 *Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) ("[T]he

21 plaintiff bears the burden of establishing that [personal] jurisdiction exists.").

22       To survive a motion to dismiss under Rule 12(b)(6), the SEC must set forth

23 "sufficient factual matter" with respect to Miller to state a "claim for relief that is

24 plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

25 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[T]he tenet that a court must accept

26 as true all of the allegations contained in a complaint is inapplicable to legal

27 conclusions."  *Id.*  "[N]aked assertions devoid of further factual enhancement" will

28 not suffice to state a plausible claim for relief, as pleadings that "are no more than

CALDWELL
LESLIE &
PROCTOR

-6-

Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) and 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES

1  conclusions, are not entitled to the assumption of truth." *Id.* at 678-79 (citation and

2  internal quotation marks omitted).  Similarly, factual allegations that only permit the

3  court to infer "the mere possibility of misconduct" do not suffice to state a claim for

4  relief. *Id.* at 679.

## IV.   THE COURT LACKS PERSONAL JURISDICTION OVER MILLER

6        The Securities Act, under which Miller is sued, permits the exercise of

7  personal jurisdiction to the limit of the Due Process Clause of the Fifth Amendment.

8  *S.E.C. v. Ross*, 504 F.3d 1130, 1139-40 (9th Cir. 2007).  To establish specific

9  jurisdiction consistent with the Due Process Clause, three requirements must be met:

10  (1) The non-resident defendant must purposefully direct his activities or

11  consummate some transaction with the forum or resident thereof; or perform some

12  act by which he purposefully avails himself of the privilege of conducting activities

13  in the forum, thereby invoking the benefits and protections of its laws; (2) the claim

14  must be one which arises out of or relates to the defendant's forum-related activities;

15  and (3) the exercise of jurisdiction must comport with fair play and substantial

16  justice; it must be reasonable.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d

17  797, 802 (9th Cir. 2004).

18        The SEC does not allege that Miller—whom it concedes is a citizen of the

19  United Kingdom living in the Bailiwick of Jersey (*see* Complaint, ¶ 18)—has any

20  contacts with the United States.  The SEC alleges no facts demonstrating that Miller

21  purposefully availed himself of the benefits of United States law, or that he

22  purposefully directed activities in the United States.  Instead, the SEC appears to

23  assert that Miller is subject to personal jurisdiction based solely on the allegation

24  that he is listed as an owner of a foreign company (Las Colinas) that is controlled by

25  someone else (Berlinger) and through which Berlinger bought and sold shares of an

26  American company.  Those allegations are insufficient to subject Miller to personal

27  jurisdiction in the United States.  *See Dean v. Motel 6 Operating L.P.*, 134 F.3d

28  1269, 1274 (6th Cir. 1998) (defendant does not purposefully avail itself merely by

CALDWELL
LESLIE &
PROCTOR
-7-
Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES

owning all or some of a corporation subject to jurisdiction) (*citing Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) (jurisdiction over a corporation does not necessarily result in jurisdiction over owner) and *Shaffer v. Heitner*, 433 U.S. 186, 216 (1977) (ownership of shares does not constitute purposeful availment)); *see also AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996) (no jurisdiction over a foreign company because the Ninth Circuit has held that even domination of the board of a company subject to jurisdiction did not necessarily constitute purposeful availment).

Courts must assess jurisdiction over each defendant individually, and the mere ownership of an entity subject to jurisdiction is insufficient to confer personal jurisdiction over a nonresident defendant.[1] *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1069 (9th Cir. 2000) (noting that only stockholders who were directly involved in the allegedly illegal conduct at issue [insider trading] would have the necessary contacts for personal jurisdiction).  In *Alki Partners, L.P. v. Vatas Holding GmbH*, the court held that personal jurisdiction could not be based on the allegation that an individual defendant was the principal shareholder of a company because such allegation did not establish that he is liable for the acts of the company, stating "[a]n owner of stock is not automatically liable for the actions of the company whose stock it owns."  769 F.Supp.2d 478, 490-91 (S.D.N.Y. 2011), *aff'd sub nom. Alki Partners, L.P. v. Windhorst*, 472 F. App'x 7 (2d Cir. 2012) (*citing United States v. Bestfoods*, 524 U.S. 51, 61 (1998) and *Time, Inc. v. Simpson*, No. 02 CIV. 4917(MBM), 2003 WL 23018890, at *3 (S.D.N.Y. Dec. 22, 2003) (finding that a sole shareholder was not subject to personal jurisdiction in the Southern District of New York where the complaint failed to demonstrate control, knowledge, and consent by the defendant relating particularly to the New York

---

[1] Thus, while not conceding that Las Colinas is subject to personal jurisdiction in this Court, even if it were, mere alleged ownership of Las Colinas would not subject Miller to jurisdiction.

CALDWELL LESLIE & PROCTOR

-8-                Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

solicitations that form the basis for the assertion of personal jurisdiction)); *see also In re Fisker Auto. Holdings, Inc. S'holder Litig.,* Civ. No. 13-2100-SLR, 2015 WL 6039690, at *22 (D. Del. Oct. 15, 2015) (holding that an individual defendant's alleged controlling interest in a company subject to jurisdiction was insufficient to confer jurisdiction over the individual where there were no facts pled showing that he exercised control over the challenged disclosures).

The SEC has not alleged facts as to Miller beyond mere ownership of a foreign corporation.  There is no allegation he personally participated in the purchase or sale of Jammin' Java shares.  The SEC has failed to establish that Miller purposefully availed himself of the privilege of doing business in the United States or otherwise engaged in conduct directed at the United States so as to subject himself to the jurisdiction of the Court.  The "exercise of jurisdiction . . . must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014).  The Complaint contains no allegation of such intentional conduct by Miller.

Nor may the SEC rely on the alleged acts of other parties to meet its burden of establishing jurisdiction over Miller.  "[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Id.* at 1122 (citation omitted).

The SEC has not alleged facts to meet its burden of making a prima facie showing that Miller has sufficient contacts with the United States to establish personal jurisdiction.

## V.   THE COURT FAILS TO STATE A CLAIM AGAINST MILLER UNDER SECTIONS 5(a) AND (c) OF THE SECURITIES ACT

The SEC's sole claim for relief against Miller is for an alleged violation of Section 5 of the Securities Act, which prohibits any person from offering or selling a security in interstate commerce unless it is registered.  (*See* Complaint, ¶¶ 112-114.)

CALDWELL
LESLIE &
PROCTOR
-9-
Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES

*"To establish a prima facie case for [a] violation of Section 5, the SEC must show that (1) no registration statement was in effect as to the securities [at issue]; (2) the defendant directly or indirectly sold or offered to sell securities; and (3) the sale or offer was made through interstate commerce."* *S.E.C. v CMKM Diamonds, Inc.*, 729 F.3d 1248, 1255 (9th Cir. 2013).  A party's "role in the transaction must be a significant one before [Section 5] liability will attach." *S.E.C. v. Murphy*, 626 F.2d 633, 648 (9th Cir. 1980).  To play a "significant" role in a transaction, a party must be "both a 'necessary participant' and 'substantial factor' in the sales transaction." *S.E.C. v. Phan*, 500 F.3d 895, 906 (9th Cir. 2007) (quoting *Murphy*, 626 F.2d at 648, 652).

The Complaint does not allege that Miller himself traded in Jammin' Java shares.  Nor does it allege that Miller had any role in Las Colinas's trading in shares. As explained above, the Complaint simply alleges that Miller was an owner of Las Colinas and further alleges that someone else (Berlinger) controlled Las Colinas and its trading in shares of Jammin' Java.  The mere allegation that Miller owned an entity which traded in unregistered securities is insufficient as a matter of law to state a claim against Miller individually under Section 5.  A "participant's title, standing alone, cannot determine liability under Section 5, because the mere fact that a defendant is labeled as an issuer, a broker, a transfer agent, a CEO, a purchaser, or an attorney does not adequately explain what role the defendant actually played in the scheme at issue." *CMKM Diamonds*, 729 F.3d at 1258.

In order to adequately plead a Section 5 violation, the SEC must show, through factual allegations as to actions by Miller, that he was both a "necessary participant" and "substantial factor" in the alleged transactions involving Las Colinas.  *See S.E.C. v. Rosen*, No. 01-0369-CIV., 2002 WL 34421029, at *4 (S.D. Fla. Feb. 22, 2002), *aff'd in part sub nom.*, *S.E.C. v. Calvo*, 378 F.3d 1211 (11th Cir. 2004) (finding that where an entity sells shares held in its own brokerage account, the entity is deemed the seller; the owner of the entity may only be held liable under

CALDWELL LESLIE & PROCTOR

Section 5 if he or she is a "necessary participant" and "substantial factor" in the transaction). "Before a person's acts can be considered the proximate cause of a sale, his acts must also be a substantial factor in bringing about the transaction." *Murphy*, 626 F.2d at 650.

To show that an owner is a "necessary participant" and "substantial factor" in a stock transaction, the plaintiff must allege conduct such as (1) opening or managing the brokerage account used for the purchase or sale of the securities; (2) selling or instructing others to sell the securities; (3) negotiating or executing share purchase agreements or similar documents to effect the sale; and (4) receiving or managing the proceeds of the sales. *See, e.g.*, *S.E.C. v. Calvo*, 378 F.3d 1211, 1215 (11th Cir. 2004); *see also S.E.C. v. Reynolds*, No. 3:08-CV-0438-B, 2013 WL 3778830, at **4-5 (N.D. Tex. July 19, 2013).

The SEC has not, and cannot, allege that Miller engaged in any of these acts. Rather, as demonstrated above, the SEC has alleged that *Berlinger* formed Las Colinas and opened its brokerage accounts (*see* Complaint, ¶ 52(a)); that *Berlinger* directed purchases and sales in Las Colinas's accounts and "had sole dispositive power" over its accounts (*see id.*, ¶¶ 53, 78(h)); that *Berlinger* signed share purchase agreements and "signed resolutions, exchanged correspondence, and handled other aspects in connection with the transfer of shares" involving Las Colinas (*id.*, ¶¶ 53, 55(d)); and that *Berlinger* "directed the proceeds from the subsequent sale of Jammin' Java stock by these entities." (*Id.*, ¶ 53.)

There are no allegations to support a finding that Miller was either a necessary participant or a substantial factor in the sales at issue. Indeed, the Complaint makes clear that he had no involvement that was either necessary or substantial. The SEC has therefore failed to state a claim for relief against Miller under Section 5 of the Securities Act.

CALDWELL
LESLIE &
PROCTOR

-11-                                   Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES

## VI.   THE COURT SHOULD DISMISS WITH PREJUDICE

The SEC has failed to allege facts showing that Defendant Miller has any ties to the United States that could subject him to jurisdiction in this Court.  The Complaint forecloses any allegation that Miller controlled the sales at issue because the SEC has already alleged that another Defendant, Rene Berlinger, conducted those transactions and had sole dispositive power over Las Colinas's accounts.  (*See* Complaint, ¶ 53.)  Miller would incur undue prejudice by having to further litigate this matter if the SEC were permitted to attempt a futile amendment.  The Complaint should be dismissed with prejudice.  *See Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041-42 (9th Cir. 2015).

## VII.   CONCLUSION

For the reasons set out above, it is respectfully submitted that Defendant Miller's Motion to Dismiss under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure be granted with prejudice.

DATED:  May 12, 2016                Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
MICHAEL J. PROCTOR
ANDREW ESBENSHADE


By _____/S/_____
        MICHAEL J. PROCTOR
    Attorneys for Defendant Kevin P. Miller

CALDWELL
LESLIE &
PROCTOR

-12-

Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES