SHANE W. TSENG (SBN200597)
stseng@lkfirm.com
MICHAEL LAVETTER (SBN 224423)
mlavetter@lkfirm.com
LAMB & KAWAKAMI LLP
333 South Grand Avenue, Suite 4200
Los Angeles, California 90071
Telephone: (213) 630-5500
Facsimile: (213) 630-5555

DAVID SALTZMAN (pro hac vice)
dsaltzman@saltzmanevinch.com
SALTZMAN & EVINCH, PLLC
1050 K Street, NW, Suite 1150
Washington, DC  20005
Telephone: (202) 637-9877
Facsimile: (202) 318-0892

ANDREW M. FRIEDMAN (pro hac vice)
friedmana@butzel.com
THOMAS E. PATTON (pro hac vice)
pattont@butzel.com
BUTZEL LONG, P.C.
1747 Pennsylvania Avenue, NW, Suite 300
Washington, DC  20006
Telephone: (202) 454-2800
Facsimile: (202) 454-2805

Attorneys for Defendant
RENE BERLINGER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JAMMIN' JAVA CORP., dba MARLEY COFFEE, SHANE G. WHITTLE, WAYNE S. P. WEAVER, MICHAEL K. SUN, RENE BERLINGER, STEPHEN B. WHEATLEY, KEVIN P. MILLER, MOHAMMED A. ALBARWANI, ALEXANDER J. HUNTER, and THOMAS E. HUNTER,<br><br>Defendants. | Case No.: 2:15-cv-08921 SVW (MRWx)<br><br>**AMENDED ANSWER OF DEFENDANT RENE BERLINGER**<br><br>Date Filed:    November 17, 2015 |

214473.1

Defendant, Rene Berlinger, by his undersigned counsel, for his Amended Answer to the Complaint:

### JURISDICTION AND VENUE

1. Admits Paragraph 1.

2. Denies Paragraph 2.

3. Denies Paragraph 3.

4. Denies Paragraph 4.

### SUMMARY

5. Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 6.

7. Denies the second and third sentences of Paragraph 7, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph.7

8. Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 8.

9. Denies Paragraph 9.

10. Denies Paragraph 10 insofar as it is alleged against Defendant Berlinger, and otherwise denies knowledge or information sufficient to form a belief as to the truth of Paragraph 10.

11. Denies Paragraph 11 insofar as it is alleged against Defendant Berlinger, and otherwise denies knowledge or information sufficient to form a belief as to the truth of Paragraph 11.

### DEFENDANTS

12. Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 12.

1   13.   Denies knowledge or information sufficient to form a belief as to the

2   truth of Paragraph 13.

3   14.   Denies knowledge or information to form a belief as to the truth of

4   Paragraph 14.

5   15.   Admits Paragraph 15.

6   16.   Denies knowledge or information sufficient to form a belief as to the

7   truth of Paragraph 16.

8   17.   Denies knowledge or information sufficient to form a belief as to the

9   truth of Paragraph 17.

10   18.   Denies knowledge or information sufficient to form a belief as to the

11   truth of Paragraph 18.

12   19.   Denies knowledge or information sufficient to form a belief as to the

13   truth of Paragraph 19.

14   20.   Denies knowledge or information sufficient to form a belief as to the

15   truth of Paragraph 20.

16   **FACTS**

17   **General Background on Pump-and-Dump Schemes**

18   21.   Denies knowledge or information sufficient to form a belief as to the

19   truth of Paragraph 21.

20   22.   Denies knowledge or information sufficient to form a belief as to the

21   truth of Paragraph 22.

22   23.   Denies knowledge or information sufficient to form a belief as to the

23   truth of Paragraph 23.

24   24.   Paragraph 24 states conclusions of law and the Commission's

25   interpretations of the law, to which no answer is required; to the extent that an

26   answer is required, Defendant denies knowledge or information sufficient to form

27   a belief as to the truth of Paragraph 24.

28

25.     Paragraph 25 states conclusions of law and the Commission's interpretations of the law, to which no answer is required; to the extent that an answer is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of Paragraph 25.

## Whittle Meets Marley

26.     Denies knowledge or information to form a belief as to the truth of Paragraph 26.

## Whittle Acquires Publicly Traded Shell

27.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 27.

28.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 28.

## Whittle Gains Control of Nominee Shares

29.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 29.

30.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 30.

31.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 31.

32.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 32.

## Whittle Continues to Exercise Control

33.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 33.

34.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 34.

35.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 35.

36.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 36.

37.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 37.

38.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph. 38.

39.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 39.

**Whittle and Others Coordinate the Pump-and-Dump Scheme**

40.     Denies the first sentence of Paragraph 40; denies Paragraph 40(a); denies knowledge or information to form a belief as to the truth of Paragraphs 40(b), 40(c), 40(d), 40(e) and 40(f); and denies Paragraphs 40(g) and 40(h).

**The Sham "Straight Path" Financing Arrangement**

41.     Denies Paragraph 41.

42.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 42.

43.     Denies Paragraph 43.

44.     Denies the second sentence of Paragraph 44, and avers that Defendant Berlinger never used the pseudonym "Raymond Hall"; and denies knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 44.

45.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 45.

46.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 46.

47.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 47.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 48; denies the second sentence of Paragraph 48, and avers that Defendant Berlinger did not control any entities referred to therein.

49.     Denies the first sentence of Paragraph 49, and denies knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 49.

### Whittle and Others Prepare for the Distribution by Transferring Shares

50.     Denies Paragraph 50.

51.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 51.

52.     Denies Paragraph 52 and each subparagraph thereof, except admits only that two entities that were managed and partly owned by Defendant Berlinger, caused to be created, at the request of Defendant Weaver and others, Las Colinas, Westpark, Renaival and Calgon in the Marshall Islands, that Defendant Berlinger opened accounts for these four entities and that pursuant to his service to clients, executed certain documents for these entities, only at the request and direction of others who owned or controlled these entities.  In further denial of Paragraph 52 and each subparagraph thereof, Defendant Berlinger avers that he did not own or control these four offshore companies, that he did not have sole dispositive power over these entities, that he did not direct any of the activities of these entities, that he had no knowledge of an alleged pump and dump scheme, and that at all relevant times he acted solely as a provider of services to others who owned, controlled and directed these activities.

53.     Denies Paragraph 53, except as expressly admitted above in answer to Paragraph 52.

54.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 54.

55. (a) Denies the first sentence of Paragraph 55 alleging that Defendant Berlinger controlled offshore entities, and denies that Defendant Berlinger sought in any way to avoid exceeding 5% ownership; (b) admits only, in response to subparagraphs 55 (c) and 55 (d), that Defendant Berlinger signed the purchase agreements on behalf of Westpark and Las Colinas at the request and direction of others who supplied him the forms solely to administer the accounts and not to make any trading decisions, and (c) otherwise denies knowledge or information sufficient to form a belief as to the truth of Paragraph 55 and each subparagraph thereunder.

56. Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 56, except admits only that records of Las Colinas contain certain of the information in the last line of the chart, but not for the percentage of Jammin' Java shares outstanding, and Defendant Berlinger expressly denies any knowledge or information concerning the percentage of share held by Las Colinas, or any knowledge other than the information contained in written records.

57. Denies that Defendant Berlinger controlled any of the entities, either alone or with others, and otherwise denies knowledge or information sufficient to form a belief as to the truth of Paragraph 57.

58. Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 58.

59. Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 59.

**False Disclosures by Whittle**

60. Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 6.

61. Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 61, except denies any allegation or inference that Defendant Berlinger was any part of the alleged group that controlled Jammin' Java shares, or

1  any part of the alleged coordinated acquisitions and dispositions of the stock or

2  consolidation of shares.

3       62.    Denies knowledge or information sufficient to form a belief as to the

4  truth of Paragraph 62.

5       63.    Denies knowledge or information sufficient to form a belief as to the

6  truth of Paragraph 63.

7       64.    Denies knowledge or information sufficient to form a belief as to the

8  truth of Paragraph 64.

9       65.    Denies knowledge or information sufficient to form a belief as to the

10  truth of Paragraph 65, except denies, upon information and belief, that Defendant

11  Whittle signed the purchase agreement selling shares to Las Colinas.

12  **Coordinated Trading Activity**

13       66.    Denies knowledge or information sufficient to form a belief as to the

14  truth of Paragraph 66, except denies any allegation or inference that Defendant

15  Berlinger was knowingly part of any alleged coordinated trading activity.

16  **Company Announcements**

17       67.    Denies knowledge or information sufficient to form a belief as to the

18  truth of Paragraph 67.

19       68.    Denies knowledge or information sufficient to form a belief as to the

20  truth of Paragraph 68.

21       69.    Denies knowledge or information sufficient to form a belief as to the

22  truth of Paragraph 69.

23       70.    Denies knowledge or information sufficient to form a belief as to the

24  truth of Paragraph 70.

25       71.    Denies knowledge or information sufficient to form a belief as to the

26  truth of Paragraph 71.

27       72.    Denies knowledge or information sufficient to form a belief as to the

28  truth of Paragraph 72.

## **Whittle Arranges Second Wave of Nominee Stock Transfers**

73.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 73, except denies that Defendant Berlinger was knowingly any part of the alleged network of intermediary entities, and denies that he participated in any alleged coordination.

74     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 74, except admits only that records of Defendant Berlinger's company contain certain information in reflecting the sales at the direction of others of share of Renaivial, Westpark, Calgon and Las Colinas, but do not contain any information about the percentage of shares, nor any information by which Defendant Berlinger had any knowledge of who placed the trades or who controlled these four entities.

75.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 75.

76.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 76, except admits only that Westpark and Las Colinas were formed in the Marshall Islands.

77.     Denies the allegations of Paragraph 76.

77.     Denies Paragraph 77.

78.     Denies that Defendant Berlinger either acquired the shares or sent them to a transfer agent, and denies  that he knew about or had any information about GERC Nominees as alleged in Paragraph 78(h), denies that he sent a letter from St Savior, Jersey as alleged in Paragraph 78(h), denies that he placed or participated in any of the trades of Westpark, or Las Colinas as alleged in Paragraph 78(h), denies that he had any knowledge or information about the alleged trading prices of Jammin' Java shares, denies that he was aware of Westpark making any payments out of the proceeds of the sale of stock; admits only that certain records of  companies that he managed show some, but not all, of

AMENDED ANSWER OF DEFENDANT RENE BERLINGER

the information about Westpark and Las Colinas alleged in Paragraph 78(h), and relies upon and refers to the contents of those records as speaking for themselves without further answer; and otherwise denies knowledge or information sufficient to form a belief as to the truth of Paragraph 78. In further answer to Paragraph 78, Defendant Berlinger avers that he did not originate, prepare, or cause any of the activities alleged.

79.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph in Paragraph 79.

80.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 80.

### Failure to Report Beneficial Ownership

81.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 81 except specifically denies any involvement in any of the acts alleged in Paragraph 81.

82.     (a) Denies that Defendant Berlinger "failed to report" any beneficial ownership of Jammin' Java stock or any other information as alleged in the first sentence of Paragraph 82; avers that he had no beneficial ownership of Jammin' Java stock, that he had no part in any alleged control group, that he did not have any control of the stock, that he had no knowledge of the percentages of ownership as alleged, and he had no legal duty to make any filings with the SEC; (b) denies entirely Subparagraph 82(c); and (c) otherwise denies any knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 82.

### Fraudulent Newsletters

83.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 83.

84.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 84.

85.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 85.

86.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 86.

87.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 87.

88.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 88.

89.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 89.

90.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 90.

91.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 91.

92.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 92.

93.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 93.

## Stock Price Movement

94.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 94.

95.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 95.

## Dumping of Shares on the Public Market

96.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 96.

97.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 97.

98.   Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 98.

### Sales Coordinated by Weaver, Sun, and Berlinger

99.   Denies that Defendant Berlinger had any control over the entities or participated in any group that controlled the entities, denies that Defendant Berlinger sold or participated in the sale of shares for $ 47 million and denies knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 99.

100.   Denies that Defendant Berlinger generated or received any part of the profits as alleged in Paragraph 100, and otherwise denies knowledge or information sufficient to form a belief as to the truth of Paragraph 100.

101.   Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 101.

102.   Denies the allegation in Paragraph 101 that Defendant Berlinger coordinated the entities as alleged, and otherwise denies knowledge or information sufficient to form a belief as to the truth of Paragraph 102.

103.   Denies the allegation in Paragraph 103 that Defendant Berlinger coordinated the entities, or caused or had any role in the sale of shares, and otherwise denies knowledge or information sufficient to form a belief as to the truth of Paragraph 103.

### Transfer of Trading Profits to Jammin' Java

104.   Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 104.

105.   Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 105.

106.   Admits only that a company managed by Defendant Berlinger caused the creation of Chilli Capital as instructed by others, denies that Defendant Berlinger created Chilli Capital for the purpose alleged, and otherwise denies

knowledge or information sufficient to form a belief as to the truth of Paragraph 106.

107.   Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 107.

## Price Collapse

108.   Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 108.

109.   Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 109.

110.   Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 110.

111.   Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 111.

## FIRST CLAIM FOR RELIEF

**Unregistered Offer and Sale of Securities Violations of Sections 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a) and (c)]**

**(Against Defendants Jammin' Java, Whittle, Weaver, Sun, Berlinger, Wheatley, Miller, and Al-Barwani)**

112.   Repeats and realleges his answers to Paragraphs 1-111 for his answer to Paragraph 112.

113.   Denies Paragraph 113.

114.   Denies Paragraph 114.

## SECOND CLAIM FOR RELIEF

**Failure to File Beneficial Ownership Reports**

**Violations of Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rules 13d-1 and 13d-2 Thereunder (17 C.F.R. § 240.13d-1, 13d-2)**

**(Against Defendants Whittle, Weaver, Sun, and Berlinger)**

115.   Repeats and realleges his answers to Paragraphs 1-111 for his answer

1  │ to Paragraph 115.

2  │     116.   Denies Paragraph 116.

3  │     117.   Denies Paragraph 117.

4  │ **THIRD CLAIM FOR RELIEF**

5  │ **Failure to File Beneficial Ownership Reports**

6  │ **Violations of Section 16(a) of the Exchange Act (15 U.S.C. § 78p) and**

7  │ **Rule 16a-3 Thereunder (17 C.F.R. § 240.16a-3)**

8  │ **(Against Defendant Whittle)**

9  │     118-120.   Defendant Berlinger is not named as a Defendant in the Third

10 │ Claim For Relief, and therefore does not answer these paragraphs. To the extent an

11 │ answer is required, Defendant Berlinger denies paragraphs 118-120.

12 │ **FOURTH CLAIM FOR RELIEF**

13 │ **Fraud in Connection with the Purchase or Sale of Securities**

14 │ **Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and**

15 │ **Rules 10b-5(a) and 10b-5(c) Thereunder [17 C.F.R. § 240.10b-5(a), (c)]**

16 │ **(Against Defendants Whittle, Weaver, Sun, and Berlinger)**

17 │     121.   Repeats and realleges Paragraphs 1-111 for his answer to Paragraph 121.

18 │     122.   Denies Paragraph 122.

19 │     123.   Denies Paragraph 123.

20 │     124.   Denies Paragraph 124.

21 │ **FIFTH CLAIM FOR RELIEF**

22 │ **Fraud in Connection with the Purchase or Sale of Securities Violations of**

23 │ **Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(b)**

24 │ **Thereunder [17 C.F.R. § 240.10b-5(b)]**

25 │ **(Against Defendants Whittle, A. Hunter, and T. Hunter)**

26 │     125- 129.   Defendant Berlinger is not named as a Defendant in the Fifth

27 │ Claim for Relief, and therefore does not answer these paragraphs. To the extent an

28 │ answer is required, Defendant Berlinger denies Paragraphs 125-129.

**SIXTH CLAIM FOR RELIEF**

**Touting Securities for Compensation Without Disclosure Violations of**

**Section 17(b) of the Securities Act [15 U.S.C. § 77q(b)]**

**(Against Defendants A. Hunter and T. Hunter)**

130-132.      Defendant Berlinger is not named as a Defendant in the Sixth Claim for Relief, and therefore does not answer these paragraphs. To the extent an answer is required, Defendant Berlinger denies Paragraphs 130-132.

WHEREFORE, Defendant Berlinger respectfully requests that the Complaint be dismissed as against him, that no relief should be granted to Plaintiff as against him, and that the Court grants to him such other and further relief as may be just and appropriate.

**AFFIRMATIVE DEFENSES**

1.      The Complaint, and each count thereof, fails to state a claim or claims upon which relief can be granted against Defendant Berlinger.

2.      Service of process on Defendant Berlinger was defective in that it was not in accord with either F.R.Civ. P . Rule 4, or the Hague Convention on Service of Process Abroad.

3.      The Court lacks any jurisdiction over the person of Defendant Berlinger, a citizen and resident of Switzerland. Defendant Berlinger did not engage in any conduct or transactions in the United States or having any effect in the United States.

4.      Venue is not properly placed in this Court because the Defendant Berlinger is neither present in this jurisdiction, nor had he caused any part of the allegations or transactions to occur in this District.

5.      The allegations in the Complaint are barred in whole or in part by the applicable statute or statutes of limitations.

6.      Defendant Berlinger is not subject to the Securities Act of 1933, 15 U.S.C. § 77, or to the rules and regulations promulgated thereunder.

7.     Defendant Berlinger is not subject to the Securities Exchange Act of 1934, 15 U.S.C. § 78, or to the rules and regulations promulgated thereunder.

8.     Defendant Berlinger did not conspire with, aid or abet any other person or Defendant named in the Complaint.

9.     Defendant Berlinger did not have any intent or malice with respect to any conduct or transaction alleged in the Complaint.

10.     The Complaint fails to plead fraud or deceit as against Defendant Berlinger with sufficient particularity.

11.     Defendant Berlinger is not a person covered by Section 5 of the 1933 Act.

12.     Defendant Berlinger was not a beneficial owner covered by Section 13 (d) of the 1934 Act.

13.     Defendant Berlinger did not engage, alone or with any other person, in any scheme to defraud in connection with the purchase or sale of securities in violation of 15 U.S.C. § 78 j (b) or Rule 10b-5 promulgated thereunder.

14.     Defendant Berlinger did not make any misstatement of any material fact to purchasers, nor did he conceal any material fact from purchasers.

15.     Defendant Berlinger was not a purchaser or seller of any shares.

16.     Defendant Berlinger did not have a legal duty to make the disclosures identified in the Complaint under the 1933 or 1934 Act.

17.     Defendant Berlinger did not receive any proceeds or profits from the purchases and sales of shares as alleged in the Complaint.

18.     Plaintiff has not alleged or shown any causation between the acts alleged against Mr. Berlinger and the damages or harm to purchasers.

19.     Plaintiff is not entitled to injunctive relief because there is no likelihood of success, and no risk of imminent or irreparable harm.

20.     Plaintiff is not entitled to disgorgement because Defendant Berlinger did not receive any alleged ill-gotten gains.

22.     Plaintiff is not entitled to civil penalties.

23.     At all times Defendant Berlinger acted within the scope of his employment and performed all obligations in accordance with applicable statutory and regulatory requirements.

24.     Defendant Berlinger lacks knowledge or information at this time sufficient to form a belief as to whether he may have additional and as yet unstated defenses. Defendant reserves the right to raise additional defense.


DATED: May 23, 2016                      Respectfully submitted,

                                         LAMB & KAWAKAMI LLP
                                         SHANE W. TSENG
                                         MICHAEL L. LAVETTER

                                         BUTZEL LONG, PC
                                         ANDREW M. FRIEDMAN
                                         THOMAS E. PATTON

                                         SALTZMAN & EVINCH, PLLC
                                         DAVID SALTZMAN


                                         By:              /s/
                                             Shane W. Tseng
                                             Attorneys for Defendant
                                             Rene Berlinger