1  TIMOTHY S. LEIMAN, Ill. Bar No. 6270153
   Email: leimant@sec.gov
2  PAUL M. G. HELMS, Ill. Bar No. 6291623
   Email: helmsp@sec.gov
3  PETER SENECHALLE, Ill Bar No. 6300822
   Email: senechallep@sec.gov
4
5  Attorneys for Plaintiff
   United States Securities and Exchange Commission
   175 West Jackson Boulevard, Suite 900
6  Chicago, Illinois 60604
   Telephone:  (312) 353-7390
7  Facsimile:  (312) 353-7398

8  LOCAL COUNSEL
   Lynn M. Dean, Cal. Bar No. 205562
9  Email: deanl@sec.gov
   United States Securities and Exchange Commission
10 444 S. Flower Street, Suite 900
   Los Angeles, California 90071
11 Telephone: (323) 965-3998
   Facsimile: (213) 443-1904

12

13              **UNITED STATES DISTRICT COURT**

14             **CENTRAL DISTRICT OF CALIFORNIA**

15                    **WESTERN DIVISION**

16

| | |
|---|---|
| 17  SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:15-CV-08921 SVW (MRWx) |
| 18 | **MOTION FOR ENTRY OF FINAL** |
| 19          Plaintiff, | **JUDGMENT BY CONSENT AS TO** **DEFENDANT JAMMIN' JAVA** |
| 20       vs. | |
| 21  JAMMIN' JAVA CORP., dba MARLEY COFFEE, SHANE G. WHITTLE, | Hearing Date: June 27, 2016 |
| 22  WAYNE S. P. WEAVER, MICHAEL K. SUN, RENE BERLINGER, STEPHEN B. | Time: 1:30 pm Hon. Stephen V. Wilson |
| 23  WHEATLEY, KEVIN P. MILLER, MOHAMMED A. AL-BARWANI, | Courtroom 6 |
| 24  ALEXANDER J. HUNTER, and | |
| 25  THOMAS E. HUNTER, | |
| 26          Defendants. | |
| 27 | |

28

Based on the Consent of Defendant Jammin' Java Corp. ("Jammin' Java") attached as Exhibit 1, and pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, Plaintiff, the U.S. Securities and Exchange Commission ("Commission"), respectfully requests that this Court enter a final judgment against Jammin' Java in the form attached as Exhibit 2 ("Proposed Judgment").

1.   On November 17, 2015, the Commission filed a complaint against Defendant Jammin' Java and nine individuals for violations of the federal securities laws in connection with a $78 million pump-and-dump scheme. (Dkt. No. 1.)

2.   The Complaint did not charge Jammin' Java with fraud, but alleged that Jammin' Java violated Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e(a) and (c), by directly or indirectly facilitating an unregistered distribution of its stock to the public.  To establish a *prima facie* case of a Section 5 violation, the Commission must show (1) that no registration statement was in effect or filed as to the securities involved; (2) that the defendant directly or indirectly sold, offered to sell, or offered to buy the securities; and (3) that the sale or offer was made through the use of interstate facilities or the mails.  To effectuate the purpose of the registration provisions, no proof of scienter is required.  Once the Commission demonstrates a *prima facie* case of Section 5 liability, the alleged violator bears the burden of establishing a valid exemption.

3.   As to Jammin' Java, the Complaint sought an order of permanent injunction, disgorgement and prejudgment interest, and civil monetary penalties.

4.   The Commission alleged that no registration statement was filed or in effect with any of the offers or sales of Jammin' Java stock to the public.

5.   The Commission further alleged that Jammin' Java directly or indirectly sold shares as part of the unregistered distribution.  Specifically, the Commission alleged that, through its affiliate and statutory underwriters, Jammin' Java distributed over 45 million shares to the public.  In addition, the Commission alleged that Jammin' Java took various steps to facilitate the distribution.

1

6.    The Commission also alleged that the sales or offers were made through the use of interstate facilities or the mails.

7.    According to the Complaint, Jammin' Java received $2.5 million in connection with the illegal distribution.

8.    Jammin' Java has agreed to resolve this matter with the Commission by consenting to the relief requested in the Proposed Judgment.

9.    In Paragraph 1 of the Consent, Jammin' Java acknowledges having been served with the complaint in this action and admits the Court's jurisdiction over it and over the subject matter of this action.

10.    The Proposed Judgment permanently enjoins Jammin' Java from violating Sections 5(a) and 5(c) of the Securities Act and orders it to disgorge $700,000, composed of $605,331 in disgorgement and $94,669 in prejudgment interest.

11.    As reflected in the Consent, the Proposed Judgment has been reviewed by Jammin' Java and its counsel and Jammin' Java agrees to the relief identified therein.

12.    Jammin' Java previously answered the Complaint on January 19, 2016. (Dkt. No. 15).  Pursuant to Paragraph 10 of its Consent, Jammin' Java withdraws its Answer.

13.    The Commission's case against the remaining Defendants will continue.

14.    Under Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason to delay entry of final judgment as to Jammin' Java.  Entry of the Proposed Judgment will resolve all claims against Jammin' Java in this action.  There additionally is little risk of piecemeal appeals as Jammin' Java has waived its right to appeal from this final judgment, as reflected in Exhibit 1.

15.    Entry of the Proposed Judgment will conserve judicial resources and save the Commission and Jammin' Java the resources and expense of continued discovery and litigation.  The Proposed Judgment will likewise provide Jammin' Java

2

with certainty—reducing the risk of a larger monetary judgment that could affect the company and its shareholders.

WHEREFORE, because the Proposed Judgment by consent will resolve the claims against Jammin Java, reduce the risk of harm to Jammin' Java and its shareholders, and conserve judicial resources, the Commission respectfully requests that the Court find that there is no just reason to delay entry of final judgment and enter the Proposed Judgment as to Defendant Jammin' Java.

Dated:  May 31, 2016                          Respectfully submitted,

                                              */s/Timothy S. Leiman*
                                              Timothy S. Leiman
                                              U.S. Securities and Exchange Commission
                                              Chicago Regional Office
                                              175 W. Jackson Blvd., Suite 900
                                              Chicago, Illinois  60604
                                              Telephone:  (312) 353-7390
                                              Fax:  (312) 353-7398
                                              leimant@sec.gov

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

Timothy S. Leiman hereby certifies that he caused the foregoing document to be electronically filed through the Court's CM/ECF system on May 31, 2016, which automatically sends an electronic copy of the document to all counsel of record. The remaining Defendants who have not entered appearances in this matter have been served as follows:

> Wayne Weaver
> By e-mail to:
> Marc S. Harris
> mharris@scheperkim.com
> *Counsel to Defendant Weaver*

*s/Timothy S. Leiman*