TIMOTHY S. LEIMAN, Ill. Bar No. 6270153
Email: leimant@sec.gov
PAUL M. G. HELMS, Ill. Bar No. 6291623
Email: helmsp@sec.gov

Attorneys for Plaintiff
United States Securities and Exchange Commission
175 West Jackson Boulevard, Suite 900
Chicago, Illinois 60604
Telephone:  (312) 353-7390
Facsimile:  (312) 353-7398

LOCAL COUNSEL
Lynn M. Dean, Cal. Bar No. 205562
Email: deanl@sec.gov
United States Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          vs.<br><br>JAMMIN' JAVA CORP., dba MARLEY COFFEE, SHANE G. WHITTLE, WAYNE S. P. WEAVER, MICHAEL K. SUN, RENE BERLINGER, STEPHEN B. WHEATLEY, KEVIN P. MILLER, MOHAMMED A. AL-BARWANI, ALEXANDER J. HUNTER, and THOMAS E. HUNTER,<br><br>                    Defendants. | Case No. 2:15-cv-08921 SVW (MRWx)<br><br>**STIPULATION AND [PROPOSED] ORDER UNDER FED. R. EVID. 502(d) REGARDING DISCLOSURE OF PROTECTED INFORMATION** |

Plaintiff United States Securities and Exchange Commission ("SEC") and Defendants Jammin' Java Corp. ("Jammin' Java"), Shane Whittle, Wayne Weaver, Michael K. Sun, Rene Berlinger, Stephen B. Wheatley, Kevin Miller, Mohammed Al-Barwani, Alexander J. Hunter, and Thomas E. Hunter ("Defendants"), by and through their counsel, hereby stipulate to the following terms, and the Court hereby **ORDERS AS FOLLOWS**:

1.     **No Waiver by Disclosure.**

(a) Subject to the provisions of this Stipulation and Order, the disclosure of the following information in this litigation ("Litigation") will not constitute or be deemed a waiver or forfeiture of any claim, protection, privilege or immunity, in this or any state or federal proceeding, regardless of the circumstances of the disclosure:

(1)     information that either party claims to be subject to the attorney-client privilege or the work product protection;

(2)     information that the SEC claims is subject to the deliberative process privilege or law enforcement privilege;

(3)     information that the SEC claims was supplied by a foreign government or foreign law enforcement agency on the condition that it not be produced to third-parties, pursuant to a statute, rule, regulation, or memorandum of understanding; and

(4)     Information subject to confidentiality provisions of Section 21F and/or Section 24 of the Securities Exchange Act of 1934 and rules promulgated thereunder.

Such information is collectively referred to in this Stipulation and Order as "Protected Information."

(b) Notwithstanding Paragraph 1(a), "Protected Information" shall not include information that:

(1)     was already produced during or in connection with an SEC investigation;

(2)     was legally available from a source other than the party that

1

produced the information ("Disclosing Party");

(3)   the party that is the recipient of the information ("Receiving Party") thereafter lawfully receives from a nonparty without restriction as to disclosure, provided such nonparty had the right to make the disclosure; or

(4)   the Receiving Party is legally prohibited from treating as Protected Information.

2.   **Notification Requirements; Best Efforts of Receiving Party.**

(a) Upon learning of the disclosure of Protected Information, Disclosing Party must promptly provide written notification to the Receiving Party that it disclosed the Protected Information without intending a waiver by the disclosure ("Notification").

(b) Upon such Notification, the Receiving Party promptly must make best efforts to identify and return, and sequester or destroy – or, in the case of electronically stored information, delete – the Protected Information and any reasonably accessible copies it has. The Receiving Party shall further immediately cease reviewing, disseminating, or otherwise using the Protected Information.

(c) Within three business days of the Notification, the Receiving Party shall provide written notice to the Disclosing Party that it has taken the actions set forth in Paragraph 2(b).

(d) Upon completing the steps set forth in Paragraph 2(b), the Receiving Party shall no longer be deemed to have the Protected Information in its possession, custody or control.

(e) The Receiving Party shall take the steps set forth in this Paragraph even if it intends to contest the Disclosing Party's designation of Protected Information.

3.   **Process for Contesting Claim of Privilege or Protection.**

(a) Notwithstanding anything set forth in this Stipulation and Order, at all times the Disclosing Party retains the burden of establishing the privileged or protected nature of the Protected Information.

(b) After the Notification, the Receiving Party may seek a written explanation from the Disclosing Party articulating in detail why the Disclosing Party believes the Protected

Information is privileged or protected. The Disclosing Party shall provide the Receiving Party with such a written explanation within three business days.

(c) The Receiving Party may move to compel disclosure of the information ("Motion to Compel"). In the Motion to Compel, the Receiving Party may petition the Court for an *in camera* review of the Protected Information. In the Motion to Compel, the Receiving Party will not: (1) disclose the information that the Producing Party claims to be privileged or protected, or (2) assert as grounds for compelling disclosure the fact or circumstances of the disclosure.

4.   **Applicability.**

(a) The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Stipulation and Order.

(b) To the extent Federal Rule of Evidence 502(d) is found not to apply to categories of "Protected Information" set forth in Paragraph 1(a) of this Stipulation and Order, the parties to this Stipulation and Order hereby acknowledge their understanding that they can nonetheless properly and legally extend the scope of this Stipulation and Order to include such categories as Protected Information, and that they are estopped from arguing otherwise in a Motion to Compel.

(c) This Stipulation and Order is intended to bind, and does bind, both the signatories to this Stipulation and Order, and non-parties to this litigation, including in any other federal or state proceeding.

(d) This Stipulation and Order does not preclude a party from voluntarily waiving privilege or protection. In the event the Disclosing Party uses or indicates it may use information produced under this Stipulation and Order to support a claim or defense, the provisions of Federal Rule of Evidence 502(a) shall apply.

(e) Nothing set forth in this Stipulation and Order is intended to supersede any laws that impose record-keeping obligations on the SEC, including without limitation the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*

(f) As long as information is in the SEC's possession, custody or control, the SEC may share such information with any other federal, state, or foreign law enforcement authority,

1  agency or department. Nothing set forth in this Stipulation and Order shall limit the SEC's

2  right to do so. In this regard, the Commission often makes its files available to other

3  governmental agencies, particularly United States Attorneys and state prosecutors. Information

4  supplied by Defendants and others during this Litigation may be made available to such

5  agencies where appropriate.

6      (g) Nothing in this Stipulation and Order overrides an attorney's ethical responsibilities

7  to refrain from examining, and from providing notice to a Disclosing Party of the existence of,

8  a document that the attorney knows or reasonably should know to be privileged or protected.

9  In that event, the Receiving Party should promptly comply with the procedures set forth in

10  Paragraphs 2(b) and 2(c) concerning notification, segregation and return of Protected

11  Information.

12  **STIPULATED AND AGREED TO** on the 8st of June, 2016.

13

14  Dated:  June 8, 2016                    */s/ Timothy S. Leiman*
                                           Timothy S. Leiman
15                                         U.S. Securities and Exchange Commission
                                           Chicago Regional Office
16                                         175 W. Jackson Blvd., Suite 900
                                           Chicago, Illinois  60604
17                                         Telephone:  (312) 353-7390
                                           Fax:  (312) 353-7398
18                                         leimant@sec.gov
19                                         *Counsel for Plaintiff U.S. Securities and Exchange*
                                           *Commission*
20
21  Dated: June 8, 2016                    ___ */s/ Sam Y. Edgerton, III*
                                           Sam Y. Edgerton, III
22                                         EDGERTON & WEAVER, LLP
                                           2615 Pacific Coast Hwy, Suite 300
23                                         Hermosa Beach, CA 90254
                                           Tel: (310) 937-2066
24                                         Fax: (310) 937-2064
                                           sedgerton@edgertonweaver.com
25                                         *Counsel for Defendant Jammin' Java Corp.*
26
27  Dated: June 8, 2016                    */s/ Patrick J. Boyle*
                                           Edward J. Loya, Jr.
28                                         Venable LLP

2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: 310-229-9900
*eloya@venable.com*

Patrick J. Boyle
Jessie F. Beeber
Venable LLP
Rockefeller Center, 1270 Avenue of the Americas,
The Twenty-Fourth Floor, New York, NY 10020
Tel: 212.808.5678
Fax: 212.307.5598
PBoyle@Venable.com
*Counsel for Defendants Michael Sun and Mohammed A.*
*Al-Barwani*

Dated: June 8, 2016              **___/s/ *Roger L. Fidler*_____**
                                 Roger L. Fidler
                                 THE LAW OFFICES OF ROGER L. FIDLER
                                 145 Highview Terrace
                                 Hawthorne, NJ, 07506
                                 Tel: 973-949-41-93
                                 Fax: 973-949-4196
                                 Rfidler0099@aol.com
                                 *Counsel for Defendant Stephen Wheatley*

Dated: June 8, 2016               **/s/ *Michael Ng*_____**
                                  Michael Ng
                                 KOBRE & KIM LLP
                                 150 California Street, 19th Floor
                                 San Francisco, California 94111
                                 Tel: (415) 582-4800
                                 Fax: (415) 582-4811
                                 michael.ng@kobrekim.com
                                 *Counsel for Defendants Alexander Hunter and*
                                 *Thomas Hunter*

Date: June 8, 2016                **/s/ *Marc S. Harris*_____**
                                 Marc S. Harris
                                 Scheper Kim & Harris LLP
                                 601 W. Fifth Street, 12th Floor
                                 Los Angeles, CA 90071-2025
                                 T (213) 613-4690 ● F (213) 613-4656
                                 mharris@scheperkim.com
                                 *Counsel for Defendant Wayne Weaver*

1

2  Dated: June 8, 2016                    ___*/s/ Andrew Esbenshade*_____

3                                         Andrew Esbenshade
                                          Caldwell Leslie & Proctor, PC
4                                         725 South Figueroa Street, 31st Floor
                                          Los Angeles, CA 90017-5524
5                                         Tel 213.629.9040 Fax 213.629.9022
                                          esbenshade@caldwell-leslie.com
6                                         *Counsel for Defendant Kevin Miller*

7  Dated: June 8, 2016                    ___*/s/ Nathan J. Hochman*_____

8                                         Nathan J. Hochman
                                          Morgan, Lewis & Bockius LLP
9                                         The Water Garden, Suite 2050 North
                                          1601 Cloverfield Boulevard
10                                        Santa Monica, CA 90404-4082
                                          Direct: +1.310.255.9025 Fax: +1.310.907.2025
11                                        nathan.hochman@morganlewis.com
                                          *Counsel for Defendant Shane Whittle*

12 Dated: June 8, 2016                    ___*/s/ Shane W. Tseng*_____

13                                        Shane W. Tseng
                                          Lamb & Kawakami LLP
14                                        333 South Grand Avenue, Suite 4200
                                          Los Angeles, CA 90071
15                                        Tel: 213-630-5500
                                          stseng@lkfirm.com
16                                        *Counsel for Defendant Rene Berlinger*

17 **IT IS SO ORDERED** on the ____ day of June, 2016.

18

19                                        _____

20                                        United States District Court Judge

21

22

23

24

25

26

27

28