TIMOTHY S. LEIMAN, Ill. Bar No. 6270153
Email: leimant@sec.gov
PAUL M. G. HELMS, Ill. Bar No. 6291623
Email: helmsp@sec.gov
PETER SENECHALLE, Ill Bar No. 6300822
Email: senechallep@sec.gov

175 West Jackson Boulevard, Suite 900
Chicago, Illinois 60604
Telephone:  (312) 353-7390
Facsimile:  (312) 353-7398

LOCAL COUNSEL
Lynn M. Dean, Cal. Bar No. 205562
Email: deanl@sec.gov
United States Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

Attorneys for Plaintiff
United States Securities and Exchange Commission

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>      vs.<br><br>JAMMIN' JAVA CORP., dba MARLEY COFFEE, SHANE G. WHITTLE, WAYNE S. P. WEAVER, MICHAEL K. SUN, RENE BERLINGER, STEPHEN B. WHEATLEY, KEVIN P. MILLER, MOHAMMED A. AL-BARWANI, ALEXANDER J. HUNTER, and THOMAS E. HUNTER,<br><br>            Defendants. | Case No. 2:15-CV-08921 SVW (MRWx)<br><br>**MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANT STEPHEN B. WHEATLEY** |

Based on the Consent of Defendant Stephen B. Wheatley ("Wheatley"), attached hereto as Exhibit 1, and pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, Plaintiff, the U.S. Securities and Exchange Commission ("Commission"), respectfully requests that this Court enter a final judgment against Wheatley in the form attached as Exhibit 2 ("Proposed Judgment").

1. On November 17, 2015, the Commission filed a complaint against Wheatley, Jammin' Java Corp. ("Jammin' Java"), and eight other individuals for violations of the federal securities laws in connection with a $78 million pump-and-dump scheme.[1] (Dkt. No. 1)

2. The Complaint alleged that Wheatley violated Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e(a) and (c), by directly or indirectly facilitating an unregistered distribution of its stock to the public.[2]

3. As to Wheatley, the Complaint seeks an order of permanent injunction, disgorgement and prejudgment interest, civil monetary penalties, and a penny stock bar.

4. The Commission alleged that no registration statement was filed or in effect with any of the offers or sales of Jammin' Java stock to the public.

5. The Commission further alleged that Wheatley directly or indirectly sold shares as part of the unregistered distribution. Specifically, the Commission alleged that Wheatley controlled an offshore entity that distributed more than 6.5 million

---

[1] On May 31, 2016 the Commission filed a Motion for the Entry of Final Judgment by Consent as to Defendant Jammin' Java (Dkt. No. 90), which is set for hearing on July 11, 2016.

[2] To establish a *prima facie* case of a Section 5 violation, the Commission must show (1) that no registration statement was in effect or filed as to the securities involved; (2) that the defendant directly or indirectly sold, offered to sell, or offered to buy the securities; and (3) that the sale or offer was made through the use of interstate facilities or the mails. To effectuate the purpose of the registration provisions, no proof of *scienter* is required. Once the Commission demonstrates a prima facie case of Section 5 liability, the alleged violator bears the burden of establishing a valid exemption.

shares of Jammin Java stock to the public, and that Wheatley was associated with a group that distributed a total of approximately 45 million shares to the public. The Commission alleged that Wheatley took various steps to facilitate the distribution.

6. The Commission also alleged that the sales or offers were made through the use of interstate facilities or the mails.

7. According to the Complaint, through the offshore entity he controlled, Wheatley received more than $13 million in connection with the illegal distribution.

8. Wheatley and the Commission have entered into a formal cooperation agreement in connection with this litigation.

9. Wheatley has agreed to resolve this matter with the Commission by consenting to the relief requested in the Proposed Judgment.

10. In Paragraph 1 of the Consent, Wheatley acknowledges having been served with the complaint in this action and admits the Court's jurisdiction over him and over the subject matter of this action.

11. The Proposed Judgment (i) permanently enjoins Wheatley from violating Sections 5(a) and 5(c) of the Securities Act; (ii) orders him to disgorge $2.75 million, composed of $2,364,125 in disgorgement and $385,875 in prejudgment interest; and (iii) prohibits him from participating in an offering of penny stock under Section 20(g) of the Securities Act, 15 U.S.C. § 77t, and Section 21(d)(6) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u.[3]

12. As reflected in the Consent, the Proposed Judgment has been reviewed by Wheatley and his counsel.

13. On March 18, 2016, Wheatley filed an Answer and Affirmative Defenses to the Complaint. (Dkt. No. 32). On April 6, 2016, Wheatley filed an Amended Answer and Affirmative Defenses. (Dkt. No. 44). Pursuant to Paragraph 11

---

[3] In light of Wheatley's cooperation and other considerations, the Commission is forgoing its claim to a civil penalty.

1  of his Consent, Wheatley withdraws both the initial Answer and Affirmative
2  Defenses and the Amended Answer and Affirmative Defenses.
3      14.    The Commission's case against the remaining Defendants will continue.
4      15.    Under Rule 54(b) of the Federal Rules of Civil Procedure, there is no
5  just reason to delay entry of final judgment as to Wheatley. Entry of the Proposed
6  Judgment will resolve all claims against Wheatley in this action. There is little risk of
7  piecemeal appeals as Wheatley has waived his right to appeal from this final
8  judgment, as reflected in Exhibit 1.
9      16.    In addition, entry of the Proposed Judgment will narrow the issues to be
10 resolved at trial, conserving judicial resources and saving the Commission and
11 Wheatley the time and expense of continued discovery and litigation.
12     WHEREFORE, because the Proposed Judgment will resolve the claims against
13 Wheatley and conserve judicial resources, the Commission respectfully requests that
14 the Court find that there is no just reason to delay entry of final judgment and enter
15 the Proposed Judgment as to Defendant Wheatley.

16 Dated: June 17, 2016        Respectfully submitted,

17                               ***/s/ Peter Senechalle***
18                               Peter Senechalle
                                U.S. Securities and Exchange Commission
19                               Chicago Regional Office
20                               175 W. Jackson Blvd., Suite 900
                                Chicago, Illinois  60604
21                               Telephone:  (312) 353-7390
22                               Fax:  (312) 353-7398
                                senechallep@sec.gov
23
24
25
26
27
28

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | Peter Senechalle hereby certifies that he caused the foregoing document to be |
| 3 | electronically filed through the Court's CM/ECF system on June 17, 2016, which |
| 4 | automatically sends an electronic copy of the document to all counsel of record. |
| 5 | |
| 6 | <u>s/Peter Senechalle</u> |