CALDWELL LESLIE & PROCTOR, PC
MICHAEL J. PROCTOR, State Bar No. 148235
*proctor@caldwell-leslie.com*
ANDREW ESBENSHADE, State Bar No. 202301
*esbenshade@caldwell-leslie.com*
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Defendant Kevin P. Miller

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JAMMIN' JAVA CORP., dba MARLEY COFFEE, SHANG G. WHITTLE, WAYNE S. P. WEAVER, MICHAEL K. SUN, RENE BERLINGER, STEPHEN B. WHEATLEY, KEVIN P. MILLER, MOHAMMED A. AL-BARWANI, ALEXANDER J. HUNTER, and THOMAS E. HUNTER,

Defendants.

Case No. 2:15-CV-08921-SVW-MRW

**DEFENDANT KEVIN P. MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6);**

The Honorable Stephen V. Wilson

Hearing Date: July 11, 2016
Time: 1:30 p.m.
Courtroom: 6

Trial Date: October 25, 2016

CALDWELL LESLIE & PROCTOR

Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. THE SEC MISREPRESENTS WHAT IT ACTUALLY ALLEGED .......... 2

III. THE SEC FAILS TO MEET ITS BURDEN TO ESTABLISH PERSONAL JURISDICTION OVER MILLER .......... 4

IV. THE SEC FAILS TO STATE ITS ONLY CLAIM AGAINST MILLER .......... 9

V. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE .......... 12

VI. CONCLUSION .......... 12

CALDWELL LESLIE & PROCTOR

-i-

Case No. 2:15-CV-08921-SVW-MRW

DEFENDANT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alki Partners, L.P. v. Vatas Holding GmbH*, 769 F.Supp.2d 478 (S.D.N.Y. 2011), *aff'd sub nom. Alki Partners, L.P. v. Windhorst*, 472 F. App'x 7 (2d Cir. 2012)....6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....1

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008)....8, 9

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)....7

*Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269 (6th Cir. 1998)....6

*Dole Food Co. v. Watts*, 303 F.3d 1104 (9th Cir. 2002)....5

*Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308 (S.D. Ind. 1997)....9

*In re Fisker Auto. Holdings, Inc. S'holder Litig.*, Civ. No. 13-2100-SLR, 2015 WL 6039690 (D. Del. Oct. 15, 2015)....6

*Gerritsen v. Warner Bros. Entm't Inc.*, 116 F.Supp.3d 1104 (C.D. Cal. 2015)....7, 11

*Houston v. Bank of Am., N.A.*., No. CV 14-02786 MMM AJWx, 2014 WL 2958216 (C.D. Cal. June 25, 2014)....8

*Howard v. Everex Sys, Inc.*, 228 F.3d 1057 (9th Cir. 2000)....6

*Medical Solutions*, *Inc. v. C Change Surgical LLC*, 541 F.3d 1136 (Fed. Cir. 2008)....9

CALDWELL LESLIE & PROCTOR

-ii- Case No. 2:15-CV-08921-SVW-MRW

DEFENDANT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

*Nat'l Council of La Raza v. Cegavske*,
800 F.3d 1032 (9th Cir. 2015) .......... 12

*Rio Properties, Inc. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002) .......... 4

*S.E.C. v. Alexander*,
No. 1:00-cv-07290 (LTS) (HBP), 2003 WL 21196852 (S.D.N.Y. May 20, 2003) .......... 7

*S.E.C. v. Blackburn*,
No. 2:15-cv-02451, 2015 WL 9459976 (E.D. La. Dec. 28, 2015) .......... 11

*S.E.C. v. Calvo*,
378 F.3d 1211 (11th Cir. 2004) .......... 11

*S.E.C. v CMKM Diamonds, Inc.*,
729 F.3d 1248 (9th Cir. 2013) .......... 10

*S.E.C. v. Ficeto*,
No. CV 11-1636-GHK, 2013 WL 1196356 (C.D. Cal. Feb. 7, 2013) .......... 6

*S.E.C. v. Phan*,
500 F.3d 895 (9th Cir. 2007) .......... 10

*S.E.C. v. Queri*,
No. 08-cv-1367, 2009 WL 186017 (W.D. Penn. Jan. 26, 2009) .......... 6

*S.E.C. v. Reynolds*,
No. 3:08-CV-0438-B, 2013 WL 3778830 (N.D. Tex. July 19, 2013) .......... 11

*S.E.C. v. Rosen*,
No. 01-0369-CIV., 2002 WL 34421029 (S.D. Fla. Feb. 22, 2002), *aff'd in part sub nom.*, *S.E.C. v. Calvo*, 378 F.3d 1211 (11th Cir. 2004) .......... 10

*Salameh v. Tarsadia Hotel*,
726 F.3d 1124 (9th Cir. 2013) .......... 12

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) .......... 5

*Walden v. Fiore*,
__ U.S. __,134 S.Ct. 1115 (2014) .......... 7

CALDWELL LESLIE & PROCTOR

-iii-

Case No. 2:15-CV-08921-SVW-MRW

DEFENDANT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

**Statutes**

15 U.S.C. § 77e .......... 9

**Other Authorities**

Fed. R. Civ. P. 12(b)(2) .......... 12

Fed. R. Civ. P. 12(b)(6) .......... 12

CALDWELL LESLIE & PROCTOR

-iv-

Case No. 2:15-CV-08921-SVW-MRW

DEFENDANT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In his Motion, Defendant Kevin Miller demonstrated why the SEC's Complaint against him should be dismissed with prejudice. (*See* ECF No. 75.) The Complaint's sole factual allegation against Miller is that he is an "owner" of a foreign corporation called Las Colinas, through which another individual allegedly traded in Jammin' Java shares. The allegation of mere ownership of a foreign corporation which has traded in a United States stock is legally insufficient: (1) to subject Miller, a foreign citizen with no alleged connection to the United States, to personal jurisdiction; or (2) to state a claim against Miller under Sections 5(a) and (c) of the Securities Act.

Faced with Miller's Motion, the SEC attempts to expand its allegations against Miller, arguing it is entitled to an inference that he controlled Las Colinas and made the allegedly illegal trades. What the SEC ignores, however, is that the Complaint not only does *not* allege that Miller controlled Las Colinas or made the trades at issue, but alleges in detail that another defendant—Rene Berlinger—wielded control over Las Colinas and had "sole dispositive power" over those trades. (*See* Compl., ¶¶ 52(a), 53.)

The SEC cannot disclaim its own allegations, and its apparently newfound "'naked assertion[s] devoid of 'further factual enhancement'" are insufficient to state a viable claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (alteration in original). Because the SEC failed to meet its burden of establishing personal jurisdiction over Miller or pleading facts to state an actionable securities violation, its Complaint against Miller must be dismissed. And because the SEC has failed to present any way in which the Complaint could be amended, the Complaint should be dismissed with prejudice.

CALDWELL LESLIE & PROCTOR

-1- Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

## II. THE SEC MISREPRESENTS WHAT IT ACTUALLY ALLEGED

Although the SEC accuses Miller of indulging in a "fiction," (*see* ECF No. 94 ("Opp.") at 1), it is the SEC, not Miller, that impermissibly recasts the allegations of its own Complaint in its effort to hold Miller personally liable. The following chart provides a side-by-side comparison of examples of what the Opposition *claims* has been alleged against Miller, versus the actual allegations in the Complaint:

| Opposition | Complaint |
|---|---|
| "[T]he SEC alleges that Miller . . . acquired over 12.6 million shares of Jammin Java through [Las Colinas]." (Opp. at 2, citing Complaint, ¶¶ 56, 74.) | Complaint, ¶ 56: "Figure 2 summarizes the share transfers that occurred in late 2010. The percentages are based on the number of shares outstanding at the time of the transfer." Miller is not mentioned in this paragraph or Figure 2.<br><br>Complaint, ¶ 74: "From February to May 2011, and primarily in March 2011, a massive amount of Jammin' Java stock was moved from the GERC Nominees to a small number of offshore entities. Some of these transfers were purportedly received directly from the GERC Nominees, while other transfers came from Luminus, Cilitz, Donnolis, and Rahela, entitles that had previously received their shares from the GERC Nominees and Whittle. . . . The acquiring offshore entities included Renavial, |

CALDWELL
LESLIE &
PROCTOR

-2-

Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

| | |
|---|---|
| | Timotei, Westpark, Calgon, and Las Colinas. . . . Figure 3 presents these share transfers and other information." |
| "[T]he SEC alleges that Miller . . . quickly resold those shares on the public market in the United States without providing investors the protection of a registration statement." (Opp. at 2-3, citing Complaint, ¶¶ 22, 98.) | Complaint, ¶ 22: This paragraph merely provides background on the relevant securities laws, and explains that "investors receive financial and other significant information concerning securities being offered to the public." Miller is not mentioned in this paragraph.<br><br>Complaint, ¶ 98: "No registration statement was filed in connection with any of these offers or sales of Jammin' Java stock to the public." Miller is not mentioned in this paragraph. |
| "In taking ownership of these offshore entities and executing their unregistered offerings, Miller . . . worked in concert with [his] co-Defendants." (Opp. at 4, citing Complaint, ¶¶ 52, 55-56, 74, 102.) | Neither paragraph 52, 55-56, 74 nor 102 alleges that Miller executed any unregistered offerings. Indeed, the only one of these paragraphs to even mention Miller is paragraph 52, which merely alleges: "On August 27, 2010, Berlinger established Las Colinas . . . in the Marshall Islands and opened accounts in the names of these entities. Miller, who was working in concert with Weaver and |

CALDWELL LESLIE & PROCTOR

-3-

Case No. 2:15-CV-08921-SVW-MRW

DEFENDANT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

| | |
|---|---|
| | Sun, owned Las Colinas. . . ." No supporting facts are alleged. |
| "As alleged in the Complaint, Miller . . . set up [his] trading operation using offshore entities." (Opp. at 12, no citations to the Complaint provided.) | There is no allegation in the Complaint that Miller set up any trading operation. |

As illustrated above, the SEC has stretched the characterization of its own allegations so far that its Opposition does not reflect what it pleaded. The SEC essentially asks the Court to turn a blind eye to its failure to adequately plead *any* facts about Miller's conduct, and instead grant the SEC the "reasonable inference" that Miller created and controlled Las Colinas. That inference is not reasonable here, however, where the Complaint fails to allege any conduct by Miller—and, in fact, unambiguously alleges that *Berlinger*, not Miller, controlled and had sole dispositive power over Las Colinas's brokerage accounts and stock transactions, including the trading of Jammin' Java shares. (*See* Mot. at 5-6 (listing in detail the various allegations against Berlinger).) The SEC's failure to allege anywhere in its 132-paragraph Complaint that *Miller* received, purchased, or sold Jammin' Java shares is a tacit admission that there is no support for such an allegation and therefore no basis for either personal jurisdiction or its claim against Miller.

## III. THE SEC FAILS TO MEET ITS BURDEN TO ESTABLISH PERSONAL JURISDICTION OVER MILLER

### *A. The SEC Has Not Shown Miller Purposefully Availed Himself of the Benefits of the United States or Purposefully Directed Activities Here*

Notwithstanding its rhetoric, the SEC ultimately concedes that it bears the burden of showing that Miller, a foreign citizen, is subject to personal jurisdiction in this Court. (*See* Opp. at 9); *see also Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) ("[T]he plaintiff bears the burden of establishing

CALDWELL LESLIE & PROCTOR

-4- Case No. 2:15-CV-08921-SVW-MRW

DEFENDANT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

that jurisdiction exists."); *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002) (explaining that the plaintiff bears the burden of demonstrating "jurisdictional facts" and "cannot 'simply rest on . . . bare allegations'") (citation omitted). The SEC also concedes that, to meet this burden, it must make a *prima facie* showing that Miller purposefully availed himself of the benefits of the United States or purposefully directed his activities here. (*See* Opp. at 9); *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004) (setting forth the requirements for specific personal jurisdiction).

As demonstrated in the Motion, the SEC does not come close to meeting its burden. (*See* Mot. at 7-9.) The SEC does not allege that Miller, a citizen of the United Kingdom (Compl., ¶18), has *any* contacts with the United States. Nor does it allege that Miller purposefully availed himself of the benefits of the United States, or purposefully directed any activities here. Indeed, the SEC does not provide a single allegation of *any* conduct taken by Miller, much less conduct directed at the United States upon which jurisdiction could be based.

Rather, the SEC's sole assertion of personal jurisdiction is that Miller owned a foreign entity named Las Colinas (Compl., ¶ 52(a)), and that Las Colinas allegedly engaged in the illegal trading of Jammin' Java stock. Significantly, the SEC does not allege that Miller engaged in or directed this trading. Nor does the SEC allege any facts showing that Miller exerted control over Las Colinas. To the contrary, it specifically alleges that another individual, Berlinger, established Las Colinas, and that Berlinger directed activity in and had "sole dispositive power" over its brokerage accounts and thus any stock trading. (*See id*., ¶¶52(a), 53.)

Yet the SEC does not cite a single case, nor is Miller aware of any, in which a foreign citizen was subjected to personal jurisdiction in the United States based *solely* on alleged stock trading by an entity that he or she owned. Indeed, even assuming such trading subjected Las Colinas to jurisdiction, such a holding would turn on its head the well-established law of personal jurisdiction that mere

CALDWELL LESLIE & PROCTOR

-5- Case No. 2:15-CV-08921-SVW-MRW

DEFENDANT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

ownership of an entity subject to jurisdiction does not support jurisdiction. *See, e.g.*, *Howard v. Everex Sys, Inc.*, 228 F.3d 1057, 1069 (9th Cir. 2000) (only stockholders who were directly involved in the allegedly illegal trading would have the necessary contacts for personal jurisdiction); *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998) (defendant does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction); *Alki Partners, L.P. v. Vatas Holding GmbH*, 769 F.Supp.2d 478, 490-91 (S.D.N.Y. 2011), *aff'd sub nom. Alki Partners, L.P. v. Windhorst*, 472 F. App'x 7 (2d Cir. 2012) (personal jurisdiction cannot be based on allegation that an individual defendant was the principal shareholder of a company because an "owner of stock is not automatically liable for the actions of the company whose stock it owns"); *In re Fisker Auto. Holdings, Inc. S'holder Litig.*, Civ. No. 13-2100-SLR, 2015 WL 6039690, at *22 (D. Del. Oct. 15, 2015) (individual's controlling interest in company insufficient to confer jurisdiction over the individual where there were no facts pled showing that he exercised control over the challenged disclosures).

At most, the SEC cites cases for the unremarkable proposition that a defendant who engaged in *personal* trading in the United States can be subjected to personal jurisdiction here. (*See* Opp. at 9.) These cases are all inapposite, however, as the SEC does not allege that Miller himself engaged in the alleged trading in Jammin' Java. *Cf., e.g.*, *S.E.C. v. Queri*, No. 08-cv-1367, 2009 WL 186017, at *5-6 (W.D. Penn. Jan. 26, 2009) (holding individual defendants subject to personal jurisdiction where they were alleged to have personally traded in United States securities); *S.E.C. v. Ficeto*, No. CV 11-1636-GHK, 2013 WL 1196356, at *2-3 (C.D. Cal. Feb. 7, 2013) (holding individual defendant subject to personal jurisdiction where he was alleged to have personally manipulated the stock prices). Nor could it, given that the SEC specifically alleges that Las Colinas made the trades at issue at *Berlinger's* control and direction, and that *Berlinger* "had sole dispositive power" over Las Colinas's brokerage accounts. (*See* Compl., ¶¶ 52a, 53,

CALDWELL
LESLIE &
PROCTOR

-6-   Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

55, 78, 99, 101, 102.)  Although the SEC attempts to argue otherwise, the allegations against Berlinger may not be treated as though they were made against Miller.  Such bootstrapping is not permitted.  *See, e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (The "purposeful availment requirement" is meant to guarantee "a defendant will not be haled into a jurisdiction solely as a result of . . . attenuated contacts . . . or of the unilateral activity of another party or a third person.") (citations and internal quotation marks omitted); *see also Walden v. Fiore*, __ U.S. __,134 S.Ct. 1115, 1123 (2014) ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.") (alteration in original) (citation and internal quotation marks omitted); *S.E.C. v. Alexander*, No. 1:00-cv-07290 (LTS) (HBP), 2003 WL 21196852, at *3 (S.D.N.Y. May 20, 2003) (finding personal jurisdiction lacking where SEC "allege[d] solely that [a co-defendant] traded in [U.S. securities] through the account held in the name of [the defendant]," and there were "no allegations that [the defendant] engaged in insider trading, or even . . . traded in securities at all").

      The SEC complains that Miller should not be able to shield himself from personal jurisdiction by "indulging in" the corporate fiction, and asserts that it should be entitled to an inference that Miller controlled Las Colinas.  (*See* Opp. at 1, 10.)  It is, however, the SEC that is indulging in a fiction in trying to twist its barebones allegations as to Miller.  It has cited no support for the Court to disregard the corporate structure and the SEC has failed to plead any facts that would support an alter ego theory of liability as to Miller.  *See, e.g.*, *Gerritsen v. Warner Bros. Entm't Inc.*, 116 F.Supp.3d 1104, 1137 (C.D. Cal. 2015) (collecting cases) (dismissing complaint for failure to plead alter ego theory and explaining that allegations that would support alter ego liability include, among others:  (i) the holding out by an individual that he is personally liable for the debts of the corporation; (ii) the failure to maintain minutes or adequate corporate records;

CALDWELL LESLIE & PROCTOR

-7-

Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

(iii) confusion of the records; (iv) the employment of the same employees; (v) the failure to adequately capitalize the entity a corporation; (vi) the total absence of corporate assets; (vii) disregard of legal formalities; and (viii) the use of the corporate entity to procure labor, services or merchandise for another person or entity). Indeed, the SEC has made express allegations that *someone else* controlled Las Colinas.

It is the SEC's burden, not Miller's, to make a *prima facie* showing that Miller is subject to personal jurisdiction. Accepting the well-pleaded facts of the Complaint as true, all the SEC has alleged is that Miller owned Las Colinas, nothing more. This is insufficient to meet the SEC's burden, and the Complaint against Miller must be dismissed.

### *B. The SEC Has Not Shown Jurisdictional Discovery Is Warranted*

Recognizing it has not pleaded facts to establish conduct by Miller that would subject him to jurisdiction, the SEC devotes much of its Opposition to arguing that jurisdictional discovery should nevertheless be permitted. (*See* Opp. at 1-2, 12-14.) The SEC ignores, however, that jurisdictional discovery is only appropriate where the plaintiff makes a showing that "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (citation and internal quotation marks omitted); *see also Houston v. Bank of Am., N.A.*, No. CV 14-02786 MMM AJWx, 2014 WL 2958216, at *5 (C.D. Cal. June 25, 2014) (jurisdictional discovery should not be allowed where the "request amounts merely to a 'fishing expedition'") (citation omitted).

Here, unlike the cases cited by the SEC, the pertinent facts are *not* controverted: The SEC has specifically and unambiguously alleged that Berlinger, *not* Miller, established and controlled Las Colinas.[1] (*See, e.g.*, Compl., ¶¶ 52a, 53,

[1] The SEC claims that Miller's own authorities require the Court to allow

CALDWELL LESLIE & PROCTOR

-8- Case No. 2:15-CV-08921-SVW-MRW

DEFENDANT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

55, 78, 99, 101, 102.) Indeed, not once does it allege that Miller took any specific action whatsoever. The SEC cannot now claim it is entitled to an inference that *its own allegations* are untrue, such that it can force Miller, a citizen of the United Kingdom who resides in the Bailiwick of Jersey, to submit to burdensome and costly discovery in an effort to postpone his dismissal. The Court has broad discretion to deny a request for jurisdictional discovery under such circumstances and should reject the SEC's request here. *See, e.g.*, *Medical Solutions*, *Inc. v. C Change Surgical LLC*, 541 F.3d 1136, 1142 (Fed. Cir. 2008) (rejecting request for jurisdictional discovery where nothing "in the complaint or [plaintiff's] response to the motion to dismiss . . . make[s] out a prima facie showing of jurisdiction sufficient to require that [plaintiff] be permitted to conduct jurisdictional discovery"); *Ellis v. Fortune Seas, Ltd*., 175 F.R.D. 308, 312 (S.D. Ind. 1997) (explaining that "[w]here a plaintiff wants to subject a distant defendant to discovery in order to determine whether sufficient contacts support jurisdiction, it is reasonable for a court . . . to expect the plaintiff to show a colorable basis for jurisdiction before subjecting the defendant to intrusive and burdensome discovery in that distant forum") (collecting cases); *see also Boschetto*, 539 F.3d at 1020 (affirming denial of request for jurisdictional discovery based "on little more than a hunch that [discovery] might yield jurisdictionally relevant facts").

## IV. THE SEC FAILS TO STATE ITS ONLY CLAIM AGAINST MILLER

The SEC's Opposition also confirms that it cannot state its sole claim against Miller for an alleged violation of Section 5 of the Securities Act. (*See* Compl., ¶¶ 112-14.) As set forth in the Motion, to establish a prima facie case for such a

---

jurisdictional discovery. (*See* Opp. at 13 (citing cases).) In each of those cases, however, the court only permitted jurisdictional discovery because the plaintiff had satisfied its burden to demonstrate a legitimate factual dispute over the extent of the foreign entity's conduct and control. Indeed, not one of those cases held that the mere allegation of ownership of a foreign entity, absent some other conduct by the defendant, was sufficient to justify the burden of jurisdictional discovery.

CALDWELL LESLIE & PROCTOR

-9- Case No. 2:15-CV-08921-SVW-MRW

DEFENDANT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

violation, the SEC must plead facts showing that (1) no registration statement was in effect as to the securities [at issue]; (2) *Miller* directly or indirectly sold or offered to sell securities; and (3) the sale or offer was made through interstate commerce. *S.E.C. v CMKM Diamonds, Inc.*, 729 F.3d 1248, 1255 (9th Cir. 2013). In addition, under controlling Ninth Circuit law, the SEC must allege facts showing that Miller was both a "necessary participant" and "substantial factor" in the sales transaction. *S.E.C. v. Phan*, 500 F.3d 895, 906 (9th Cir. 2007) (quoting *S.E.C. v. Murphy*, 626 F.2d 633, 648 (9th Cir. 1980)).

The SEC fails to satisfy these requirements. *First*, the Complaint does not contain any allegations that Miller directly offered or sold Jammin' Java securities. Rather, the Complaint alleges that someone else—Berlinger—directly controlled Las Colinas and its trading of shares of Jammin' Java. Although the SEC now argues that it pleaded Miller made these sales directly—by conveniently adding Miller's name in parentheses in the Opposition's recitation of the allegations about Las Colinas, (*see*, *e.g.*, Opp. at 15)—such sleight of hand is plainly insufficient to plead Section 5 liability. Despite the SEC's attempt to alter its allegations, it has not alleged that Miller was a direct seller, and the mere allegation that he owned a foreign entity which traded in an unregistered security fails to state a claim against him individually. *See CMKM Diamonds, Inc.*, 729 F.3d at 1258 (a "participant's title, standing alone, cannot determine liability under Section 5" as it "does not adequately explain what role the defendant actually played in the scheme at issue").

*Second*, the SEC fails entirely to plead that Miller was both a "necessary participant" and "substantial factor" in the alleged transactions involving Las Colinas. *See*, *e.g.*, *S.E.C. v. Rosen*, No. 01-0369-CIV., 2002 WL 34421029, at *4 (S.D. Fla. Feb. 22, 2002), *aff'd in part sub nom.*, *S.E.C. v. Calvo*, 378 F.3d 1211 (11th Cir. 2004) (finding that where an entity sells shares held in its own brokerage account, the entity is deemed the seller; the owner of the entity may only be held liable under Section 5 if he or she is a "necessary participant" and "substantial

CALDWELL LESLIE & PROCTOR

-10-   Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

factor" in the transaction). For example, the SEC does not allege that Miller (i) opened or managed the brokerage account used for the purchase or sale of the securities; (ii) sold or instructed others to sell the securities; (iii) negotiated or executed share purchase agreements or similar documents to effect the sale; or (iv) received or managed the proceeds of the sales. *See, e.g.*, *S.E.C. v. Calvo*, 378 F.3d 1211, 1215 (11th Cir. 2004) (setting forth conduct that satisfies the "necessary participant/substantial factor" standard); *see also S.E.C. v. Reynolds*, No. 3:08-CV-0438-B, 2013 WL 3778830, at *4-5 (N.D. Tex. July 19, 2013). To the contrary, the SEC has alleged that *Berlinger*, not Miller, conducted all of these activities. (*See* Compl., ¶¶ 52(a), 53, 78(h).)

In an attempt to avoid dismissal, the SEC contends that Miller was a direct seller of Jammin' Java securities, such that the "necessary participant/substantial factor" should not apply here. The single case the SEC cites for this proposition, (*see* Opp. at 16 (citing *S.E.C. v. Blackburn*)), however, is wholly inapplicable, as in that case, unlike here, the SEC *did* allege specific facts to show the defendant individually and directly sold securities. *See Blackburn*, No. 2:15-cv-02451, 2015 WL 9459976, at *12 (E.D. La. Dec. 28, 2015) (rejecting dismissal where SEC specifically alleged facts to show the individual defendant directly purchased and sold the shares at issue); (*see also* ECF No. 100-1, Exh. A (attaching the operative complaint in *Blackburn*)). *Blackburn* thus supports Miller's position that Section 5 liability cannot rest on allegations of corporate ownership alone. Owning an entity is not the same as executing transactions on that entity's behalf.

Notwithstanding the SEC's unsupported arguments to the contrary, the law is clear that more than mere ownership is required to satisfy the "necessary participant/substantial factor" test for Section 5 liability. The Complaint makes clear that Miller had no involvement that was either necessary or substantial. The unsupported claim against him should be dismissed. *See Gerritsen*, 116 F.Supp.3d

CALDWELL LESLIE & PROCTOR
-11- Case No. 2:15-CV-08921-SVW-MRW
DEFENDANT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

at 1133 ("In ruling on a Rule 12(b)(6) motion, the court considers only the facts plaintiff pleads . . . it cannot speculate regarding facts that are not alleged.").

## V. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

Dismissal without leave to amend "is proper if it is clear that the [pleading] could not be saved by amendment." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citations and internal quotation marks omitted). Here, the Complaint forecloses any sham allegation that Miller engaged in or directed the sales at issue because the SEC has already alleged that Berlinger conducted those transactions and had sole dispositive power over Las Colinas's brokerage account. Nor has the SEC pointed to any other facts it could possibly allege against Miller if given leave to amend. Because Miller, a foreign citizen, would be unduly prejudiced by having to further defend this matter if the SEC were permitted to attempt a futile amendment, the Complaint should be dismissed with prejudice. *See Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041-42 (9th Cir. 2015).

## VI. CONCLUSION

For all the reasons set out above, Miller respectfully requests that the Court grant his Motion to Dismiss under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure and dismiss the Complaint with prejudice.

DATED: July 1, 2016

Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC

By /S/

MICHAEL J. PROCTOR
Attorneys for Defendant Kevin P. Miller

CALDWELL LESLIE & PROCTOR

-12-

Case No. 2:15-CV-08921-SVW-MRW

DEFENDANT MILLER'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)