

FILED
CLERK, U.S. DISTRICT COURT

July 6, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CR_____ DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

    vs.

JAMMIN' JAVA CORP., dba MARLEY
COFFEE, SHANE G. WHITTLE, WAYNE
S. P. WEAVER, MICHAEL K. SUN, RENE
BERLINGER, STEPHEN B. WHEATLEY,
KEVIN P. MILLER, MOHAMMED A. AL-
BARWANI, ALEXANDER J. HUNTER,
and THOMAS E. HUNTER,

        Defendants.

Case No. 2:15-cv-08921 SVW (MRWx)

**FINAL JUDGMENT AS TO
DEFENDANT STEPHEN B.
WHEATLEY**

The Securities and Exchange Commission having filed a Complaint and Defendant Stephen B. Wheatley ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY Ordered, Adjudged, And Decreed that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER Ordered, Adjudged, And Decreed that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,

1    agents, servants, employees, and attorneys; and (b) other persons in active concert or

2    participation with Defendant or with anyone described in (a).

3                                                    II.

4          IT IS HEREBY FURTHER Ordered, Adjudged, And Decreed that Defendant is

5    permanently barred from participating in an offering of penny stock, including engaging in

6    activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or

7    attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity

8    security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the

9    Securities Exchange Act of 1934 [17 C.F.R. § 240.3a51-1]

10                                                   III.

11         IT IS FURTHER Ordered, Adjudged, and Decreed that Defendant is liable for

12   disgorgement of $2,364,124.86, representing funds received as a result of the conduct alleged in

13   the Complaint, together with prejudgment interest thereon in the amount of $385,875.14.

14   Defendant shall satisfy this obligation by paying $2,750,000 to the Securities and Exchange

15   Commission pursuant to the terms of the payment schedule set forth in paragraph IV below.

16          Defendant may transmit payment electronically to the Commission, which will provide

17   detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly

18   from a bank account via Pay.gov through the SEC website

19   at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check,

20   bank cashier's check, or United States postal money order payable to the Securities and

21   Exchange Commission, which shall be delivered or mailed to

22          Enterprise Services Center
23          Accounts Receivable Branch
            6500 South MacArthur Boulevard
24          Oklahoma City, OK 73169

25   and shall be accompanied by a letter identifying the case title, civil action number, and name of

26   this Court; Stephen B. Wheatley as a defendant in this action; and specifying that payment is

27   made pursuant to this Final Judgment.

28          Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment, subject to the terms of the payment schedule set forth in Section IV below. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

Defendant shall pay the total of disgorgement and prejudgment interest due of $2,750,000 in three installments to the Commission according to the following schedule: (1) $1,300,000 within 14 days of entry of this Final Judgment; (2) $725,000 to be paid within six months of entry of this Final Judgment; and (3) $725,000 to be paid within 364 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 90 days following the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

V.

IT IS HEREBY FURTHER Ordered, Adjudged, and Decreed that based on Defendant's cooperation and agreement to cooperate in a Commission investigation and related enforcement action, the Court is not ordering Defendant to pay additional monetary

relief.  If at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendant knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to the Defendant, petition the Court for an order requiring Defendant to pay additional monetary relief.  In connection with any such petition and at any hearing held on such a motion:  (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Judgment, this Consent, or any related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

VI.

IT IS FURTHER Ordered, Adjudged, and Decreed that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER Ordered, Adjudged, and Decreed that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VIII.

IT IS FURTHER Ordered, Adjudged, and Decreed that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: July 6, 2016

_____

United States District Judge