TIMOTHY S. LEIMAN, Ill. Bar No. 6270153
Email: leimant@sec.gov
PAUL M. G. HELMS, Ill. Bar No. 6291623
Email: helmsp@sec.gov
PETER SENECHALLE, Ill Bar No. 6300822
Email: senechallep@sec.gov

175 West Jackson Boulevard, Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

LOCAL COUNSEL
Lynn M. Dean, Cal. Bar No. 205562
Email: deanl@sec.gov
United States Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

Attorneys for Plaintiff
United States Securities and Exchange Commission

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JAMMIN' JAVA CORP., dba MARLEY COFFEE, SHANE G. WHITTLE, WAYNE S. P. WEAVER, MICHAEL K. SUN, RENE BERLINGER, STEPHEN B. WHEATLEY, KEVIN P. MILLER, MOHAMMED A. AL-BARWANI, ALEXANDER J. HUNTER, and THOMAS E. HUNTER,<br><br>Defendants. | Case No. 2:15-CV-08921 SVW (MRWx)<br><br>**MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANTS ALEXANDER J. HUNTER (now known as JOHN ALEXANDER) AND THOMAS E. HUNTER** |

Based on the Consent of Defendant Alexander J. Hunter, now known as John Alexander ("A. Hunter"), attached as Exhibit 1, and the Consent of Defendant Thomas E. Hunter ("T. Hunter") (with A. Hunter, the "Hunters"), attached as Exhibit 2, and pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, Plaintiff, the U.S. Securities and Exchange Commission ("Commission"), respectfully requests that this Court enter final judgment against A. Hunter in the form attached as Exhibit 3 and enter final judgment against T. Hunter in the form attached as Exhibit 4 (collectively, the "Proposed Judgments").

1. On November 17, 2015, the Commission filed a complaint against, the Hunters, Jammin' Java Corp. ("Jammin' Java"), and seven other individuals for violations of the federal securities laws in connection with a $78 million pump-and-dump scheme.[1] (Dkt. No. 1).

2. On August 8, 2016, the Commission filed an Amended Complaint against the same defendants. (Dkt. No. 121).

3. The Amended Complaint alleged that each of the Hunters violated Section 17(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(b), by touting securities for compensation without adequately disclosing their compensation. The Amended Complaint also alleged that each of the Hunters violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by making false statements and misleading omissions in connection with the purchase or sale of securities.

4. As to each of the Hunters, the Amended Complaint seeks an order of permanent injunction, disgorgement and prejudgment interest, civil monetary penalties, and a penny stock bar.

---

[1] On July 6, 2016, the Court entered final judgments as to Defendants Jammin' Java and Stephen B. Wheatley.

5. The Commission alleged that between November 2010 and May 2011, the Hunters published emails, websites, advertisements and other materials promoting the purchase of Jammin' Java stock.

6. The Commission alleged that the emails, websites, advertisements and other materials contained statements that the Hunters knew were false and/or misleading. The Commission alleged that the Hunters misrepresented their identities and failed to disclose the compensation they received in connection with their promotion of Jammin' Java stock. The Commission alleged that the promotion was designed to, and did, inflate the price of Jammin' Java's stock.

7. The Commission alleged that the Hunters' statements were material.

8. The Commission alleged that the Hunters used interstate facilities or the mails to distribute the emails, websites, advertisements and other materials promoting Jammin' Java stock.

9. Each of the Hunters has agreed to resolve this matter with the Commission by consenting to the relief requested in the Proposed Judgments without admitting or denying the allegations in the Amended Complaint.

10. In Paragraph 1 of each of the Consents, the Hunters acknowledge having been served with the complaint in this action[2] and admit the Court's jurisdiction over them and over the subject matter of this action.

11. The Proposed Judgments (i) permanently enjoin the Hunters from violating Sections 17(b) of the Securities Act, and Section 10(b) of the Exchange Act

---

[2] The Consents were drafted and submitted to the Hunters before the Amended Complaint was filed and do not reflect the Hunters' receipt of service of the Amended Complaint. The Hunters, through counsel, were served with copies of the Amended Complaint on August 8, 2016 in accordance with Rule 5(b)(3) of the Federal Rules of Civil Procedure and Local Rule 5-3.2.1. (*See* Dkt. No. 121). The Hunters acknowledged receiving service when their counsel filed a request to extend the time to respond to the Amended Complaint. (*See* Dkt. No. 130).

and Rule 10b-5 thereunder; (ii) order each of the Hunters to pay a civil penalty of $300,000; and (iii) prohibit each of the Hunters from participating in an offering of penny stock under Section 20(g) of the Securities Act, 15 U.S.C. § 77t, and Section 21(d)(6) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u.

12.  As reflected in each of the Consents, the Proposed Judgments have been reviewed by each of the Hunters and their counsel.

13.  On May 23, 2016, each of the Hunters filed an answer and affirmative defenses to the complaint. (Dkt. Nos. 82–83). Pursuant to Paragraph 11 of the Consents, each of the Hunters withdraws his answer and affirmative defenses to the complaint.

14.  The Commission's case against the remaining Defendants will continue.

15.  Under Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason to delay entry of final judgment as to the Hunters. Entry of the Proposed Judgments will resolve all claims against the Hunters in this action. There is little risk of piecemeal appeals as each of the Hunters has waived his right to appeal from this final judgment, as reflected in Exhibit 1 and Exhibit 2.

16.  In addition, entry of the Proposed Judgments will narrow the issues to be resolved at trial, conserving judicial resources and saving the Commission and the Hunters the time and expense of continued discovery and litigation.

WHEREFORE, because the Proposed Judgment will resolve the claims against

Hunters and conserve judicial resources, the Commission respectfully requests that the Court find that there is no just reason to delay entry of final judgment and enter the Proposed Judgments as to Alexander J. Hunter and Thomas E. Hunter.

Dated: October 28, 2016

Respectfully submitted,

*/s/ Peter Senechalle*
Peter Senechalle
U.S. Securities and Exchange Commission
Chicago Regional Office
175 W. Jackson Blvd., Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Fax: (312) 353-7398
senechallep@sec.gov

4

## CERTIFICATE OF SERVICE

Peter Senechalle hereby certifies that he caused the foregoing document to be electronically filed through the Court's CM/ECF system on October 28, 2016, which automatically sends an electronic copy of the document to all counsel of record.

                                        *s/Peter Senechalle*