FILED
CLERK, U.S. DISTRICT COURT

Nov 21, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _____PMC_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JAMMIN' JAVA CORP., dba MARLEY COFFEE, SHANE G. WHITTLE, WAYNE S. P. WEAVER, MICHAEL K. SUN, RENE BERLINGER, STEPHEN B. WHEATLEY, KEVIN P. MILLER, MOHAMMED A. AL-BARWANI, ALEXANDER J. HUNTER, and THOMAS E. HUNTER,<br><br>　　　　Defendants. | Case No. 2:15-cv-08921 SVW (MRWx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT ALEXANDER J. HUNTER (now known as JOHN ALEXANDER)** |

/ / /

/ / /

/ / /

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Alexander J. Hunter, now known as John Alexander ("Defendant"), having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ordered, adjudged, and decreed that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ordered, adjudged, and decreed that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ordered, adjudged, and decreed that Defendant is permanently restrained and enjoined from violating Section 17(b) of the Securities Act of 1933 (the

1

"Securities Act"), 15 U.S.C. § 77q(b), by using any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security;

    (b)    for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer;

    (c)    without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

IT IS FURTHER ordered, adjudged, and decreed that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ordered, adjudged, and decreed that, for five years from the date of entry of this Final Judgment, Defendant is barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

IV.

IT IS FURTHER ordered, adjudged, and decreed that Defendant shall pay a civil penalty in the amount of $300,000 to the Commission pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. Defendant shall make this payment within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly

from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Alexander J. Hunter as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ordered, adjudged, and decreed that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ordered, adjudged, and decreed that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in

Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VII.

IT IS FURTHER ordered, adjudged, and decreed that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: November 21,, 2016

STEPHEN V. WILSON
United States District Judge