# EXHIBIT 9

1  **SCHEPER KIM & HARRIS LLP**
   MARC S. HARRIS (State Bar No. 136647)
2  mharris@scheperkim.com
   MARGARET E. DAYTON (State Bar No. 274353)
3  pdayton@scheperkim.com
   601 West Fifth Street, 12th Floor
4  Los Angeles, California 90071-2025
   Telephone: (213) 613-4655
5  Facsimile:  (213) 613-4656

6  **Attorneys for Defendant Wayne
   Weaver**

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  SECURITIES AND EXCHANGE            CASE NO. 2:15-cv-08921 SVW (MRWx)
12  COMMISSION,
                                       Hon. Stephen V. Wilson
13              Plaintiff,
                                       **DEFENDANT WAYNE WEAVER'S**
14       v.                            **RESPONSES TO PLAINTIFF'S**
                                       **REVISED REQUESTS FOR**
15  JAMMIN' JAVA CORP., dba            **ADMISSION (SET ONE)**
    MARLEY COFFEE, SHANE G.
16  WHITTLE, WAYNE S. P.
    WEAVER, MICHAEL K. SUN,
17  RENE BERLINGER, STEPHEN B.         Trial Date:        April 25, 2017
    WHEATLEY, KEVIN P. MILLER,
18  MOHAMMED A. AL-BARWANI,
    ALEXANDER J. HUNTER, and
19  THOMAS E. HUNTER,

20              Defendants.

21

22  PROPOUNDING PARTY:   PLAINTIFF SECURITIES AND EXCHANGE

23                       COMMISSION

24  RESPONDING PARTY:    DEFENDANT WAYNE WEAVER

25  SET NO.:             ONE [REVISED]

26

27

28
                                                    Case No. 2:15-cv-08921 SVW (MRWx)

1  States Constitution.

2       10.    Weaver objects to Definition and Instruction L. to the extent it purports

3  to impose on Weaver obligations that are not required under the Federal Rules of

4  Civil Procedure.

5  **REQUEST FOR ADMISSION NO. 1:**

6      By October 2010, you learned that, on or about March 1, 2010, the Jersey

7  Financial Services Commission issued an order preventing Michael Sun ("Sun")

8  from engaging in any employment with any registered person or performing any

9  function or service within the financial services business without the approval of the

10 Jersey Financial Services Commission.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

12     Weaver incorporates by reference his General Objections set forth above as if

13 fully set forth herein.  Weaver further specifically objects as follows:

14      &bull;  The terms "registered person" and "the financial services business" are

15         vague and ambiguous and potentially call for a legal conclusion;

16      &bull;  The request potentially calls for a legal conclusion to the extent it

17         requests Defendant interpret an order by the Financial Services

18         Commission;

19      &bull;  The request is vague and ambiguous, in particular because it is

20         compound and written in the disjunctive.

21     Subject to and without waiving the foregoing objections, Weaver responds as

22 follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

23 under the Fifth Amendment to the United States Constitution and declines to

24 answer.

25 **REQUEST FOR ADMISSION NO. 2:**

26     In or around November 2010, you approved the formation of Calgon Invest

27 S.A. ("Calgon").

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Weaver incorporates by reference his General Objections set forth above as if fully set forth herein.  Weaver further specifically objects as follows:

- The terms "approved" and "formation" are vague and ambiguous and potentially call for a legal conclusion;
- The request calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Weaver responds as follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege under the Fifth Amendment to the United States Constitution and declines to answer.

**REQUEST FOR ADMISSION NO. 3:**

From the time of its formation through at least December 2012, you were the beneficial owner of Calgon.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Weaver incorporates by reference his General Objections set forth above as if fully set forth herein.  Weaver further specifically objects as follows:

- The term "beneficial owner" is vague and ambiguous and calls for a legal conclusion;
- The request calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Weaver responds as follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege under the Fifth Amendment to the United States Constitution and declines to answer.

**REQUEST FOR ADMISSION NO. 4:**

From the time of its formation through at least December 2012, you controlled Calgon.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Weaver incorporates by reference his General Objections set forth above as if

1   fully set forth herein.  Weaver further specifically objects as follows:

2       • The term "controlled" is vague and ambiguous and potentially calls for

3         a legal conclusion;

4       • The request calls for a legal conclusion.

5       Subject to and without waiving the foregoing objections, Weaver responds as

6   follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

7   under the Fifth Amendment to the United States Constitution and declines to

8   answer.

9   **REQUEST FOR ADMISSION NO. 5:**

10      You approved the opening of an account or accounts in the name of Calgon in

11  or around November 2010.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

13      Weaver incorporates by reference his General Objections set forth above as if

14  fully set forth herein.  Weaver further specifically objects as follows:

15      • The term "approved" is vague and ambiguous and potentially calls for a

16        legal conclusion;

17      • The request potentially calls for a legal conclusion.

18      Subject to and without waiving the foregoing objections, Weaver responds as

19  follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

20  under the Fifth Amendment to the United States Constitution and declines to

21  answer.

22  **REQUEST FOR ADMISSION NO. 6:**

23      From November 2010 to August 2011, you approved stock transactions in the

24  Calgon account or accounts.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

26      Weaver incorporates by reference his General Objections set forth above as if

27  fully set forth herein.  Weaver further specifically objects as follows:

28      • The terms "approved" and "stock transactions" are vague and

1    ambiguous and potentially call for a legal conclusion;

2      • The request potentially calls for a legal conclusion.

3    Subject to and without waiving the foregoing objections, Weaver responds as

4 follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

5 under the Fifth Amendment to the United States Constitution and declines to

6 answer.

7 **REQUEST FOR ADMISSION NO. 7:**

8    From November 2010 to December 2012, you approved fund transfers in the

9 Calgon account or accounts.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

11    Weaver incorporates by reference his General Objections set forth above as if

12 fully set forth herein.  Weaver further specifically objects as follows:

13      • The terms "approved" and "fund transfers" are vague and ambiguous

14        and potentially call for a legal conclusion;

15      • The request potentially calls for a legal conclusion.

16    Subject to and without waiving the foregoing objections, Weaver responds as

17 follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

18 under the Fifth Amendment to the United States Constitution and declines to

19 answer.

20 **REQUEST FOR ADMISSION NO. 8:**

21    Beyond the acquisition, purchase, sale, or transfer of stock, Calgon had no

22 operations or employees from its formation through at least December 2012.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

24    Weaver incorporates by reference his General Objections set forth above as if

25 fully set forth herein.  Weaver further specifically objects as follows:

26      • The terms "acquisition," "transfer," "operations," and "employees" are

27        vague and ambiguous and potentially call for a legal conclusion;

28      • The request is vague and ambiguous, in particular because it is

1  compound and written in the disjunctive.

2      Subject to and without waiving the foregoing objections, Weaver responds as

3  follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

4  under the Fifth Amendment to the United States Constitution and declines to

5  answer.

6  **REQUEST FOR ADMISSION NO. 9:**

7      From its formation through at least December 2012, Calgon had no officers

8  other than Rene Berlinger ("Berlinger") or entities controlled by him.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

10      Weaver incorporates by reference his General Objections set forth above as if

11  fully set forth herein.  Weaver further specifically objects as follows:

12      • The term "controlled" is vague and ambiguous and potentially calls for

13        a legal conclusion;

14      • The request potentially calls for a legal conclusion;

15      • The request is vague and ambiguous, in particular because it is written

16        in the disjunctive.

17      Subject to and without waiving the foregoing objections, Weaver responds as

18  follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

19  under the Fifth Amendment to the United States Constitution and declines to

20  answer.

21  **REQUEST FOR ADMISSION NO. 10:**

22      You selected Berlinger to form Calgon and other entities on your behalf in

23  order to conceal your interest in those entities.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

25      Weaver incorporates by reference his General Objections set forth above as if

26  fully set forth herein.  Weaver further specifically objects as follows:

27      • The terms "form," "on your behalf," and "your interest" are vague and

28        ambiguous and potentially call for a legal conclusion;

1   • The request is vague and ambiguous, in particular because it is
2   compound.
3   Subject to and without waiving the foregoing objections, Weaver responds as
4   follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege
5   under the Fifth Amendment to the United States Constitution and declines to
6   answer.
7   **REQUEST FOR ADMISSION NO. 11:**
8   On or about March 31, 2011, Calgon acquired 3,361,371 shares of Jammin'
9   Java stock held in the name of Shaun Sullivan ("Sullivan") (977,125 shares), Laura
10  Ignatescue ("Ignatescue") (403,306 shares), Mehrdad Nourbakhsh ("Nourbakhsh")
11  (854,058 shares), Steve Darby ("Darby") (118,619 shares), Chad Horton ("Horton")
12  (118,619 shares), and Anil Mall ("Mall") (889,644 shares).
13  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**
14  Weaver incorporates by reference his General Objections set forth above as if
15  fully set forth herein.  Weaver further specifically objects as follows:
16  • The terms "acquired" and "held in the name of" are vague and
17  ambiguous and potentially call for a legal conclusion;
18  • The request is vague and ambiguous, in particular because it is
19  compound.
20  Subject to and without waiving the foregoing objections, Weaver responds as
21  follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege
22  under the Fifth Amendment to the United States Constitution and declines to
23  answer.
24  **REQUEST FOR ADMISSION NO. 12:**
25  You never personally interacted with Sullivan, Ignatescue, Nourbakhsh,
26  Darby, Horton, or Mall.
27  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**
28  Weaver incorporates by reference his General Objections set forth above as if

1 | fully set forth herein.  Weaver further specifically objects as follows:

2 |     • The term "personally interacted" is vague and ambiguous;

3 |     • The request is vague and ambiguous, in particular because it is

4 |       compound and written in the disjunctive.

5 |     Subject to and without waiving the foregoing objections, Weaver responds as

6 | follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

7 | under the Fifth Amendment to the United States Constitution and declines to

8 | answer.

9 | **REQUEST FOR ADMISSION NO. 13:**

10 |     On behalf of Calgon, you approved Calgon's acquisition of 3,361,371 shares

11 | of Jammin' Java stock that occurred on or about March 31, 2011.

12 | **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

13 |     Weaver incorporates by reference his General Objections set forth above as if

14 | fully set forth herein.  Weaver further specifically objects as follows:

15 |     • The terms "approved" and "acquisition" are vague and ambiguous and

16 |       potentially call for a legal conclusion;

17 |     • The request potentially calls for a legal conclusion;

18 |     • The request is vague and ambiguous, in particular because it is

19 |       compound.

20 |     Subject to and without waiving the foregoing objections, Weaver responds as

21 | follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

22 | under the Fifth Amendment to the United States Constitution and declines to

23 | answer.

24 | **REQUEST FOR ADMISSION NO. 14:**

25 |     Calgon sold shares of Jammin' Java stock on or about the dates and generated

26 | the approximate amount of gross proceeds listed in Table 1 below.

27 | ///

28 | ///

Case No. 2:15-cv-08921 SVW (MRWx)

DEFENDANT WAYNE WEAVER'S RESPONSES TO PLAINTIFF'S REVISED REQUESTS FOR ADMISSION (SET ONE)

**Table 1. Calgon Sales of Jammin' Java Stock**

| Approximate Date | Shares Sold (Bought) | Credit (Debit) |
|---|---|---|
| 3/29/2011 | 150,000 | $ 221,663 |
| 3/30/2011 | 115,000 | $ 170,465 |
| 3/31/2011 | 104,667 | $ 159,963 |
| 4/1/2011 | 203,618 | $ 318,847 |
| 4/4/2011 | 160,000 | $ 266,660 |
| 4/5/2011 | 708,267 | $ 1,188,206 |
| 4/6/2011 | 168,055 | $ 290,530 |
| 4/7/2011 | 120,000 | $ 212,994 |
| 4/8/2011 | 62,285 | $ 112,891 |
| 4/11/2011 | 80,000 | $ 147,431 |
| 4/12/2011 | 155,000 | $ 288,755 |
| 4/13/2011 | 755,000 | $ 1,400,805 |
| 4/14/2011 | 55,000 | $ 91,571 |
| 4/15/2011 | 410,000 | $ 724,785 |
| 4/20/2011 | 900 | $ 1,507 |
| 4/25/2011 | 113,579 | $ 210,154 |
| **Total** | **3,361,371** | **$ 5,807,227** |

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Weaver incorporates by reference his General Objections set forth above as if fully set forth herein.  Weaver further specifically objects as follows:

- The terms "on or about," "gross proceeds," and "approximate amounts" are vague and ambiguous;

- The request is vague and ambiguous, in particular as it requests Weaver admit sales occurred "on or about" certain dates and generated an "approximate amount" of gross proceeds;

- The request is vague and ambiguous, in particular because it is compound.

Subject to and without waiving the foregoing objections, Weaver responds as follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege under the Fifth Amendment to the United States Constitution and declines to answer.

1 answer.

2 **REQUEST FOR ADMISSION NO. 38:**

3     From the time of its formation through at least December 2012, you were the

4 beneficial owner of Manitou.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

6     Weaver incorporates by reference his General Objections set forth above as if

7 fully set forth herein.  Weaver further specifically objects as follows:

8        • The term "beneficial owner" is vague and ambiguous and potentially

9          calls for a legal conclusion;

10       • The request calls for a legal conclusion.

11     Subject to and without waiving the foregoing objections, Weaver responds as

12 follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

13 under the Fifth Amendment to the United States Constitution and declines to

14 answer.

15 **REQUEST FOR ADMISSION NO. 39:**

16     From the time of its formation through at least December 2012, you

17 controlled Manitou.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

19     Weaver incorporates by reference his General Objections set forth above as if

20 fully set forth herein.  Weaver further specifically objects as follows:

21       • The term "controlled" is vague and ambiguous and potentially calls for

22          a legal conclusion;

23       • The request calls for a legal conclusion.

24     Subject to and without waiving the foregoing objections, Weaver responds as

25 follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

26 under the Fifth Amendment to the United States Constitution and declines to

27 answer.

28

Case No. 2:15-cv-08921 SVW (MRWx)
DEFENDANT WAYNE WEAVER'S RESPONSES TO PLAINTIFF'S REVISED REQUESTS FOR ADMISSION
(SET ONE)

**REQUEST FOR ADMISSION NO. 40:**

You approved the opening of an account or accounts in the name of Manitou in or around February 2011.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Weaver incorporates by reference his General Objections set forth above as if fully set forth herein.  Weaver further specifically objects as follows:

- The term "approved" is vague and ambiguous and potentially calls for a legal conclusion;
- The request potentially calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Weaver responds as follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege under the Fifth Amendment to the United States Constitution and declines to answer.

**REQUEST FOR ADMISSION NO. 41:**

From February 2011 to August 2011, you approved stock transactions in the Manitou account or accounts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Weaver incorporates by reference his General Objections set forth above as if fully set forth herein.  Weaver further specifically objects as follows:

- The terms "approved" and "stock transactions" are vague and ambiguous and potentially call for a legal conclusion;
- The request potentially calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Weaver responds as follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege under the Fifth Amendment to the United States Constitution and declines to answer.

**REQUEST FOR ADMISSION NO. 42:**

From February 2011 to December 2012, you approved fund transfers in the

1 │ Manitou account or accounts.

2 │ **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

3 │       Weaver incorporates by reference his General Objections set forth above as if

4 │ fully set forth herein.  Weaver further specifically objects as follows:

5 │         • The terms "approved" and "fund transfers" are vague and ambiguous

6 │            and potentially call for a legal conclusion;

7 │         • The request potentially calls for a legal conclusion.

8 │       Subject to and without waiving the foregoing objections, Weaver responds as

9 │ follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

10 │ under the Fifth Amendment to the United States Constitution and declines to

11 │ answer.

12 │ **REQUEST FOR ADMISSION NO. 43:**

13 │       Beyond the acquisition, purchase, sale, or transfer of stock, Manitou had no

14 │ operations or employees from its formation through at least December 2012.

15 │ **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

16 │       Weaver incorporates by reference his General Objections set forth above as if

17 │ fully set forth herein.  Weaver further specifically objects as follows:

18 │         • The terms "acquisition," "transfer," "operations," and "employees" are

19 │            vague and ambiguous and potentially call for a legal conclusion;

20 │         • The request is vague and ambiguous, in particular because it is

21 │            compound and written in the disjunctive.

22 │       Subject to and without waiving the foregoing objections, Weaver responds as

23 │ follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

24 │ under the Fifth Amendment to the United States Constitution and declines to

25 │ answer.

26 │ **REQUEST FOR ADMISSION NO. 44:**

27 │       From its formation through at least December 2012, Manitou had no officers

28 │ other than Anthony Killarney, Kenneth Ciapala, and Roger Knox ("Knox") or

1 entities controlled by them.

2 **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

3      Weaver incorporates by reference his General Objections set forth above as if

4 fully set forth herein.  Weaver further specifically objects as follows:

5      • The term "controlled" is vague and ambiguous and potentially calls for

6        a legal conclusion;

7      • The request potentially calls for a legal conclusion;

8      • The request is vague and ambiguous, in particular because it is written

9        in the disjunctive.

10     Subject to and without waiving the foregoing objections, Weaver responds as

11 follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

12 under the Fifth Amendment to the United States Constitution and declines to

13 answer.

14 **REQUEST FOR ADMISSION NO. 45:**

15      On or about March 8, 2011, Manitou acquired 2,751,964 shares of Jammin'

16 Java stock held in the name of Sullivan (2,040,250 shares) and Maria Hay ("Hay")

17 (711,714 shares).

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

19      Weaver incorporates by reference his General Objections set forth above as if

20 fully set forth herein.  Weaver further specifically objects as follows:

21     • The terms "acquired" and "held in the name of" are vague and

22       ambiguous and potentially call for a legal conclusion;

23     • The request is vague and ambiguous, in particular because it is

24       compound.

25     Subject to and without waiving the foregoing objections, Weaver responds as

26 follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

27 under the Fifth Amendment to the United States Constitution and declines to

28 answer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Weaver incorporates by reference his General Objections set forth above as if fully set forth herein.  Weaver further specifically objects as follows:

- The term "transferred" is vague and ambiguous;
- The request is vague and ambiguous, in particular as it requests Weaver admit a "transfer" occurred "on or about" a certain date in an approximate amount;
- The request is vague and ambiguous, in particular because it is compound.

Subject to and without waiving the foregoing objections, Weaver responds as follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege under the Fifth Amendment to the United States Constitution and declines to answer.

**REQUEST FOR ADMISSION NO. 50:**

In or around September 2010, you approved the formation of Timotei Overseas, Inc. ("Timotei").

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Weaver incorporates by reference his General Objections set forth above as if fully set forth herein.  Weaver further specifically objects as follows:

- The terms "approved" and "formation" are vague and ambiguous and potentially call for a legal conclusion;
- The request calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Weaver responds as follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege under the Fifth Amendment to the United States Constitution and declines to answer.

**REQUEST FOR ADMISSION NO. 51:**

From the time of its formation through at least December 2012, you were the

1 | beneficial owner of Timotei.

2 | **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

3 | Weaver incorporates by reference his General Objections set forth above as if

4 | fully set forth herein.  Weaver further specifically objects as follows:

5 | • The term "beneficial owner" is vague and ambiguous and potentially

6 | calls for a legal conclusion;

7 | • The request calls for a legal conclusion.

8 | Subject to and without waiving the foregoing objections, Weaver responds as

9 | follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

10 | under the Fifth Amendment to the United States Constitution and declines to

11 | answer.

12 | **REQUEST FOR ADMISSION NO. 52:**

13 | From the time of its formation through at least December 2012, you

14 | controlled Timotei.

15 | **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

16 | Weaver incorporates by reference his General Objections set forth above as if

17 | fully set forth herein.  Weaver further specifically objects as follows:

18 | • The term "controlled" is vague and ambiguous and potentially calls for

19 | a legal conclusion;

20 | • The request calls for a legal conclusion.

21 | Subject to and without waiving the foregoing objections, Weaver responds as

22 | follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

23 | under the Fifth Amendment to the United States Constitution and declines to

24 | answer.

25 | **REQUEST FOR ADMISSION NO. 53:**

26 | You approved the opening of an account or accounts in the name of Timotei

27 | in or around September 2010.

28 |

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Weaver incorporates by reference his General Objections set forth above as if fully set forth herein.  Weaver further specifically objects as follows:

- The term "approved" is vague and ambiguous and potentially calls for a legal conclusion;
- The request potentially calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Weaver responds as follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege under the Fifth Amendment to the United States Constitution and declines to answer.

**REQUEST FOR ADMISSION NO. 54:**

From September 2010 to August 2011, you approved stock transactions in the Timotei account or accounts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Weaver incorporates by reference his General Objections set forth above as if fully set forth herein.  Weaver further specifically objects as follows:

- The terms "approved" and "stock transactions" are vague and ambiguous and potentially call for a legal conclusion;
- The request potentially calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Weaver responds as follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege under the Fifth Amendment to the United States Constitution and declines to answer.

**REQUEST FOR ADMISSION NO. 55:**

From September 2010 to December 2012, you approved fund transfers in the Timotei account or accounts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Weaver incorporates by reference his General Objections set forth above as if

1 | fully set forth herein.  Weaver further specifically objects as follows:

2 |  • The terms "approved" and "fund transfers" are vague and ambiguous
3 |    and potentially call for a legal conclusion;

4 |  • The request potentially calls for a legal conclusion.

5 | Subject to and without waiving the foregoing objections, Weaver responds as
6 | follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege
7 | under the Fifth Amendment to the United States Constitution and declines to
8 | answer.

9 | **REQUEST FOR ADMISSION NO. 56:**

10 | Beyond the acquisition, purchase, sale, or transfer of stock, Timotei had no
11 | operations or employees from its formation through at least December 2012.

12 | **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

13 | Weaver incorporates by reference his General Objections set forth above as if
14 | fully set forth herein.  Weaver further specifically objects as follows:

15 |  • The terms "acquisition," "transfer," "operations," and "employees" are
16 |    vague and ambiguous and potentially call for a legal conclusion;

17 |  • The request is vague and ambiguous, in particular because it is
18 |    compound and written in the disjunctive.

19 | Subject to and without waiving the foregoing objections, Weaver responds as
20 | follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege
21 | under the Fifth Amendment to the United States Constitution and declines to
22 | answer.

23 | **REQUEST FOR ADMISSION NO. 57:**

24 | On or about March 4, 2011, Timotei acquired 1,033,052 shares of Jammin'
25 | Java stock held in the name of James Philip Scott ("Scott").

26 | **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

27 | Weaver incorporates by reference his General Objections set forth above as if
28 | fully set forth herein.  Weaver further specifically objects as follows:

1      • The terms "acquired" and "held in the name of" are vague and

2          ambiguous and potentially call for a legal conclusion;

3      • The request is vague and ambiguous, in particular because it is

4          compound.

5      Subject to and without waiving the foregoing objections, Weaver responds as

6  follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

7  under the Fifth Amendment to the United States Constitution and declines to

8  answer.

9  **REQUEST FOR ADMISSION NO. 58:**

10     On behalf of Timotei, you approved Timotei's acquisition of 1,033,052 shares

11  of Jammin' Java stock from Scott that occurred on or about March 4, 2011.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

13     Weaver incorporates by reference his General Objections set forth above as if

14  fully set forth herein.  Weaver further specifically objects as follows:

15     • The terms "approved" and "acquisition" are vague and ambiguous and

16          potentially call for a legal conclusion;

17     • The request potentially calls for a legal conclusion;

18     • The request is vague and ambiguous, in particular because it is

19          compound.

20     Subject to and without waiving the foregoing objections, Weaver responds as

21  follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

22  under the Fifth Amendment to the United States Constitution and declines to

23  answer.

24  **REQUEST FOR ADMISSION NO. 59:**

25     You never personally interacted with Scott.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

27     Weaver incorporates by reference his General Objections set forth above as if

28  fully set forth herein.  Weaver further specifically objects as follows:

1  fully set forth herein.  Weaver further specifically objects as follows:

2  • The term "subscriber" is vague and ambiguous and potentially calls for
3  a legal conclusion;

4  • The request potentially calls for a legal conclusion.

5  Subject to and without waiving the foregoing objections, Weaver responds as
6  follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege
7  under the Fifth Amendment to the United States Constitution and declines to
8  answer.

9  **REQUEST FOR ADMISSION NO. 69:**

10  From the time of its formation through at least December 2012, you were the
11  beneficial owner of Arcis.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

13  Weaver incorporates by reference his General Objections set forth above as if
14  fully set forth herein.  Weaver further specifically objects as follows:

15  • The term "beneficial owner" is vague and ambiguous and potentially
16  calls for a legal conclusion;

17  • The request calls for a legal conclusion.

18  Subject to and without waiving the foregoing objections, Weaver responds as
19  follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege
20  under the Fifth Amendment to the United States Constitution and declines to
21  answer.

22  **REQUEST FOR ADMISSION NO. 70:**

23  From the time of its formation through at least December 2012, you
24  controlled Arcis.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

26  Weaver incorporates by reference his General Objections set forth above as if
27  fully set forth herein.  Weaver further specifically objects as follows:

28  • The term "controlled" is vague and ambiguous and potentially calls for

40

Case No. 2:15-cv-08921 SVW (MRWx)

1      a legal conclusion;

2      • The request calls for a legal conclusion.

3      Subject to and without waiving the foregoing objections, Weaver responds as

4 follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

5 under the Fifth Amendment to the United States Constitution and declines to

6 answer.

7 **REQUEST FOR ADMISSION NO. 71:**

8      You approved the opening of an account or accounts in the name of Arcis in

9 or around September 2010.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

11      Weaver incorporates by reference his General Objections set forth above as if

12 fully set forth herein.  Weaver further specifically objects as follows:

13      • The term "approved" is vague and ambiguous and potentially calls for a

14          legal conclusion;

15      • The request potentially calls for a legal conclusion.

16      Subject to and without waiving the foregoing objections, Weaver responds as

17 follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

18 under the Fifth Amendment to the United States Constitution and declines to

19 answer.

20 **REQUEST FOR ADMISSION NO. 72:**

21      From September 2010 to August 2011, you approved stock transactions in the

22 Arcis account or accounts.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

24      Weaver incorporates by reference his General Objections set forth above as if

25 fully set forth herein.  Weaver further specifically objects as follows:

26      • The terms "approved" and "stock transactions" are vague and

27          ambiguous and potentially call for a legal conclusion;

28      • The request potentially calls for a legal conclusion.

1         Subject to and without waiving the foregoing objections, Weaver responds as

2   follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

3   under the Fifth Amendment to the United States Constitution and declines to

4   answer.

5   **REQUEST FOR ADMISSION NO. 73:**

6         From September 2010 to December 2012, you approved fund transfers in the

7   Arcis account or accounts.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

9         Weaver incorporates by reference his General Objections set forth above as if

10  fully set forth herein.  Weaver further specifically objects as follows:

11      • The terms "approved" and "fund transfers" are vague and ambiguous

12        and potentially call for a legal conclusion;

13      • The request potentially calls for a legal conclusion.

14        Subject to and without waiving the foregoing objections, Weaver responds as

15  follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

16  under the Fifth Amendment to the United States Constitution and declines to

17  answer.

18  **REQUEST FOR ADMISSION NO. 74:**

19        Beyond the acquisition, purchase, sale, or transfer of stock, Arcis had no

20  operations or employees from its formation through at least December 2012.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

22        Weaver incorporates by reference his General Objections set forth above as if

23  fully set forth herein.  Weaver further specifically objects as follows:

24      • The terms "acquisition," "transfer," "operations," and "employees" are

25        vague and ambiguous and potentially call for a legal conclusion;

26      • The request is vague and ambiguous, in particular because it is

27        compound and written in the disjunctive.

28        Subject to and without waiving the foregoing objections, Weaver responds as

1  follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

2  under the Fifth Amendment to the United States Constitution and declines to

3  answer.

4  **REQUEST FOR ADMISSION NO. 75:**

5  David Craven and Stephen Drayton served as the officers of Arcis and had

6  authority from you to act on its behalf.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

8  Weaver incorporates by reference his General Objections set forth above as if

9  fully set forth herein.  Weaver further specifically objects as follows:

10  • The terms "authority" and "act on its behalf" are vague and ambiguous

11  and potentially call for a legal conclusion;

12  • The request is vague and ambiguous, in particular because it is

13  compound.

14  Subject to and without waiving the foregoing objections, Weaver responds as

15  follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

16  under the Fifth Amendment to the United States Constitution and declines to

17  answer.

18  **REQUEST FOR ADMISSION NO. 76:**

19  On or about March 8, 2011, Arcis acquired 1,637,160 shares from Luminus

20  Real Estate, Inc. ("Luminus").

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

22  Weaver incorporates by reference his General Objections set forth above as if

23  fully set forth herein.  Weaver further specifically objects as follows:

24  • The term "acquired" is vague and ambiguous and potentially calls for a

25  legal conclusion;

26  • The request is vague and ambiguous, in particular because it is

27  compound.

28  Subject to and without waiving the foregoing objections, Weaver responds as

43   Case No. 2:15-cv-08921 SVW (MRWx)

- The terms "on or about," "approximately," "Legacy Global," "controlled," and "held for your benefit" are vague and ambiguous and potentially call for a legal conclusion;
- The request calls for a legal conclusion;
- The request is vague and ambiguous, in particular as it requests Weaver admit a certain transfer of an "approximate" amount occurred "on or about" a certain date;
- The request is vague and ambiguous, in particular because it is compound.

Subject to and without waiving the foregoing objections, Weaver responds as follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege under the Fifth Amendment to the United States Constitution and declines to answer.

**REQUEST FOR ADMISSION NO. 95:**

In or around February 2009, you approved the formation of Donnolis Invest Corp. ("Donnolis").

**RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

Weaver incorporates by reference his General Objections set forth above as if fully set forth herein.  Weaver further specifically objects as follows:

- The terms "approved" and "formation" are vague and ambiguous and potentially call for a legal conclusion;
- The request calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Weaver responds as follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege under the Fifth Amendment to the United States Constitution and declines to answer.

**REQUEST FOR ADMISSION NO. 96:**

From the time of its formation through at least December 2012, you were the

1  beneficial owner of Donnolis.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

3      Weaver incorporates by reference his General Objections set forth above as if

4  fully set forth herein.  Weaver further specifically objects as follows:

5      • The term "beneficial owner" is vague and ambiguous and potentially

6        calls for a legal conclusion;

7      • The request calls for a legal conclusion.

8      Subject to and without waiving the foregoing objections, Weaver responds as

9  follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

10  under the Fifth Amendment to the United States Constitution and declines to

11  answer.

12  **REQUEST FOR ADMISSION NO. 97:**

13      From the time of its formation through at least December 2012, you

14  controlled Donnolis.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

16      Weaver incorporates by reference his General Objections set forth above as if

17  fully set forth herein.  Weaver further specifically objects as follows:

18      • The term "controlled" is vague and ambiguous and potentially calls for

19        a legal conclusion;

20      • The request calls for a legal conclusion.

21      Subject to and without waiving the foregoing objections, Weaver responds as

22  follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

23  under the Fifth Amendment to the United States Constitution and declines to

24  answer.

25  **REQUEST FOR ADMISSION NO. 98:**

26      You approved the opening of an account or accounts in the name of Donnolis

27  in or around March 2010.

28

DEFENDANT WAYNE WEAVER'S RESPONSES TO PLAINTIFF'S REVISED REQUESTS FOR ADMISSION (SET ONE)

1 | **RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

2  Weaver incorporates by reference his General Objections set forth above as if

3 fully set forth herein.  Weaver further specifically objects as follows:

4      • The term "approved" is vague and ambiguous and potentially calls for a

5         legal conclusion;

6      • The request potentially calls for a legal conclusion.

7  Subject to and without waiving the foregoing objections, Weaver responds as

8 follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

9 under the Fifth Amendment to the United States Constitution and declines to

10 answer.

11 | **REQUEST FOR ADMISSION NO. 99:**

12  From March 2010 to August 2011, you approved stock transactions in the

13 Donnolis account or accounts.

14 | **RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

15  Weaver incorporates by reference his General Objections set forth above as if

16 fully set forth herein.  Weaver further specifically objects as follows:

17      • The terms "approved" and "stock transactions" are vague and

18         ambiguous and potentially call for a legal conclusion;

19      • The request potentially calls for a legal conclusion.

20  Subject to and without waiving the foregoing objections, Weaver responds as

21 follows:  Based on the advice of counsel, Weaver respectfully invokes his privilege

22 under the Fifth Amendment to the United States Constitution and declines to

23 answer.

24 | **REQUEST FOR ADMISSION NO. 100:**

25  From March 2010 to December 2012, you approved fund transfers in the

26 Donnolis account or accounts.

27 | **RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

28  Weaver incorporates by reference his General Objections set forth above as if

1  fully set forth herein. Weaver further specifically objects as follows:

2        • The terms "approved" and "fund transfers" are vague and ambiguous

3          and potentially call for a legal conclusion;

4        • The request potentially calls for a legal conclusion.

5      Subject to and without waiving the foregoing objections, Weaver responds as

6  follows: Based on the advice of counsel, Weaver respectfully invokes his privilege

7  under the Fifth Amendment to the United States Constitution and declines to

8  answer.

9  **REQUEST FOR ADMISSION NO. 101:**

10      Beyond the acquisition, purchase, sale, or transfer of stock, Donnolis had no

11  operations or employees from its formation through at least December 2012.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

13      Weaver incorporates by reference his General Objections set forth above as if

14  fully set forth herein. Weaver further specifically objects as follows:

15        • The terms "acquisition," "transfer," "operations," and "employees" are

16          vague and ambiguous and potentially call for a legal conclusion;

17        • The request is vague and ambiguous, in particular because it is

18          compound and written in the disjunctive.

19      Subject to and without waiving the foregoing objections, Weaver responds as

20  follows: Based on the advice of counsel, Weaver respectfully invokes his privilege

21  under the Fifth Amendment to the United States Constitution and declines to

22  answer.

23  **REQUEST FOR ADMISSION NO. 102:**

24      On or about November 23, 2010, Donnolis acquired 3,198,000 shares from

25  Luminus.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

27      Weaver incorporates by reference his General Objections set forth above as if

28  fully set forth herein. Weaver further specifically objects as follows:

1 | **RESPONSE TO REQUEST FOR ADMISSION NO. 134:**

2      Weaver incorporates by reference his General Objections set forth above as if

3 fully set forth herein.  Weaver further specifically objects as follows:

4      • The terms "conduct" and "impacted" are vague and ambiguous and

5        potentially call for a legal conclusion;

6      • The request calls for a legal conclusion;

7      • The request is overbroad, in particular as it requests an admission that

8        completely unidentified "conduct" by Weaver during an unspecified

9        period of time and potentially unrelated to the entities at issue in this

10       case or the SEC's allegations, "impacted" the U.S. securities market.

11 Weaver will not respond to the request as drafted.

12

13 DATED:  October 27, 2016       SCHEPER KIM & HARRIS LLP

14                  MARC S. HARRIS

                  MARGARET E. DAYTON

15

16

17                  By:

18                    Marc S. Harris

                   Attorneys for Defendant Wayne Weaver

19

20

21

22

23

24

25

26

27

28

Case No. 2:15-cv-08921 SVW (MRWx)

DEFENDANT WAYNE WEAVER'S RESPONSES TO PLAINTIFF'S REVISED REQUESTS FOR ADMISSION (SET ONE)

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 601 West Fifth Street, 12th Floor, Los Angeles, California 90071-2025.

On October 27, 2016, I served true copies of the following document(s) described as **DEFENDANT WAYNE WEAVER'S RESPONSES TO PLAINTIFF'S REVISED REQUESTS FOR ADMISSION (SET ONE)** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document to be sent from e-mail address jhibino@scheperkim.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Scheper Kim & Harris's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 27, 2016, at Los Angeles, California.

June Hibino

2:15-cv-08921 SVW (MRWx)