TIMOTHY S. LEIMAN, Ill. Bar No. 6270153
Email: leimant@sec.gov
PAUL M. G. HELMS, Ill. Bar No. 6291623
Email: helmsp@sec.gov
PETER SENECHALLE, Ill Bar No. 6300822
Email: senechallep@sec.gov

175 West Jackson Boulevard, Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

<u>LOCAL COUNSEL</u>
Lynn M. Dean, Cal. Bar No. 205562
Email: deanl@sec.gov
United States Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

Attorneys for Plaintiff
United States Securities and Exchange Commission

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>       vs.<br><br>JAMMIN' JAVA CORP., dba MARLEY COFFEE, SHANE G. WHITTLE, WAYNE S. P. WEAVER, MICHAEL K. SUN, RENE BERLINGER, STEPHEN B. WHEATLEY, KEVIN P. MILLER, MOHAMMED A. AL-BARWANI, ALEXANDER J. HUNTER, and THOMAS E. HUNTER,<br><br>              Defendants. | Case No. 2:15-CV-08921 SVW (MRWx)<br><br>**MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANTS MICHAEL K. SUN, MOHAMMED A. AL-BARWANI, KEVIN P. MILLER, AND RENE BERLINGER** |

Based on the Consents of Defendants Michael K. Sun ("Sun"), Mohammed A. Al-Barwani ("Al-Barwani"), Kevin P. Miller ("Miller"), and Rene Berlinger ("Berlinger") (together, the "Settling Defendants"), attached as Exhibits 1 through 4 (collectively, the "Consents"), and pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, Plaintiff, the U.S. Securities and Exchange Commission ("Commission"), respectfully requests that this Court enter final judgment against the Settling Defendants in the form attached as Exhibits 5 through 8 (collectively, the "Proposed Judgments").

1. On November 17, 2015, the Commission filed a complaint against Jammin' Java Corp. ("Jammin' Java"), the Settling Defendants, and five other individuals for violations of the federal securities laws in connection with a $78 million pump-and-dump scheme. (Dkt. No. 1.)

2. On August 8, 2016, the Commission filed an Amended Complaint against the same defendants. (Dkt. No. 121.)

3. In the Amended Complaint, the Commission alleged that Sun, Al-Barwani, Miller, and Berlinger violated Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e(a) and (c), by directly or indirectly facilitating an unregistered distribution of its stock to the public. The Commission also alleged that Sun and Berlinger violated Section 13(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78m(d), and Rules 13d-1 and 13d-2 thereunder, 17 C.F.R. § 240.13d-1 and 13d-2, by failing to make certain beneficial ownership filings with the Commission. Further, the Commission alleged that Sun and Berlinger violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rules 10b-5(a) and 10b-5(c) promulgated thereunder, 17 C.F.R. § 240.10b-5(a) and (c), by making false statements and misleading omissions in connection with the purchase or sale of securities.

4. In the Amended Complaint, the Commission alleged that offshore entities nominally controlled or owned by Sun, Al-Barwani, and Miller sold millions

of shares of Jammin' Java stock into the public market and generated millions in trading profits. Sun, Al-Barwani, and Miller then facilitated the distribution of these trading profits, often to other foreign jurisdictions. In exchange, Sun, Al-Barwani, and Miller each received a portion of the trading profits.

5. The Commission alleged in the Amended Complaint that Berlinger facilitated the unregistered distribution of Jammin' Java stock and was involved in the transaction between Jammin' Java and Straight Path Capital Ltd. Berlinger served as a trust advisor and fiduciary for six offshore entities through which a portion of the unregistered distribution and pump-and-dump scheme was conducted. Berlinger incorporated the entities, served as an officer and director, opened bank accounts, and carried out transactions on behalf of the entities.

6. As to each of the Settling Defendants, the Amended Complaint seeks an order of permanent injunction, disgorgement and prejudgment interest, civil monetary penalties, and a penny stock bar.

7. The Settling Defendants each have agreed to resolve this matter with the Commission by consenting to the relief requested in the Proposed Judgments without admitting or denying the allegations in the Amended Complaint.

8. In Paragraph 1 of each of the Consents, each of the Settling Defendants acknowledges having been served with the Complaint or Amended Complaint in this action[1] and admits the Court's jurisdiction over each of them and over the subject matter of this action.

---

[1] Al-Barwani and Sun acknowledge service of the Amended Complaint. The Consents for Miller and Berlinger, which acknowledge service of the Complaint, do not reflect receipt of service of the Amended Complaint. Miller and Berlinger, through counsel, were served with copies of the Amended Complaint on August 8, 2016 in accordance with Rule 5(b)(3) of the Federal Rules of Civil Procedure and Local Rule 5-3.2.1. (*See* Dkt. No. 121.) Miller and Berlinger acknowledged receiving service when their counsel filed a request to extend the time to respond to the Amended Complaint. (*See* Dkt. No. 169.)

1  9. The Proposed Judgment against Sun (a) permanently enjoins him from violating Section 5 of the Securities Act and Section 13(d) of the Exchange Act and Rules 13d-1 and 13d-2 thereunder; (b) orders him to pay disgorgement of $400,000 and prejudgment interest of $33,796; and (c) prohibits him from participating in an offering of penny stock for five years following the date of entry of the final judgment.

10. The Proposed Judgment against Al-Barwani (a) permanently enjoins him from violating Section 5 of the Securities Act; (b) orders him to pay disgorgement of $270,000 and prejudgment interest of $41,204; and (c) prohibits him from participating in an offering of penny stock for five years following the date of entry of the final judgment.

11. The Proposed Judgment against Miller (a) permanently enjoins him from violating Section 5 of the Securities Act; (b) orders him to pay disgorgement of $783,369 and prejudgment interest of $116,631; and (c) prohibits him from participating in an offering of penny stock.

12. The Proposed Judgment against Berlinger (a) permanently enjoins him from violating Section 5 of the Securities Act; (b) orders him to pay disgorgement of $47,070 and prejudgment interest of $6,692; and (c) prohibits him from participating in an offering of penny stock for five years following the date of entry of the final judgment.

13. As reflected in each of the Consents, the Proposed Judgments have been reviewed by each of the Settling Defendants and their counsel.

14. On August 31, 2016, Berlinger filed an answer and affirmative defenses to the Amended Complaint. (Dkt. No. 138.) On September 8, 2016, Miller filed an answer and affirmative defenses to the Amended Complaint. (Dkt. No. 140.) On November 14, 2016, Al-Barwani and Sun each filed an answer and affirmative defenses to the Amended Complaint. (Dkt. Nos. 153-54.) Pursuant to Paragraph 10

of each of the Consents, each of the Settling Defendants withdraws his answer and affirmative defenses to the Amended Complaint.

15. The Court previously entered judgment by consent against Defendants Jammin' Java, Stephen B. Wheatley ("Wheatley"), Thomas E. Hunter ("T. Hunter"), Alexander J. Hunter ("A. Hunter"), and Shane G. Whittle ("Whittle").[2] (Dkt. Nos. 109-10, 151, 156, and 176.) Should the Court grant this motion, the sole remaining defendant will be Defendant Wayne S. P. Weaver ("Weaver"). The Commission's case against Weaver will continue.[3]

16. Under Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason to delay entry of final judgment as to the Settling Defendants. Entry of the Proposed Judgments will resolve all claims against the Settling Defendants in this action. There is little risk of piecemeal appeals as each has waived his right to appeal from this final judgment, as reflected in Exhibits 1 through 4.

17. In addition, entry of the Proposed Judgments will narrow the issues to be resolved at trial, conserving judicial resources and saving the Commission and the Settling Defendants the time and expense of continued discovery and litigation.

---

[2] Specifically, on July 6, 2016, the Court entered final judgments as to Jammin' Java and Wheatley. On November 10, 2016 and November 21, 2016, respectively, the Court entered final judgments against T. Hunter and A. Hunter. On April 11, 2016, the Court entered a final judgment as to Whittle.

[3] On March 31, 2017, the Commission filed a motion for summary judgment against Weaver. (Dkt. 171.)

1       WHEREFORE, because the Proposed Judgment will resolve the claims against the Settling Defendants and conserve judicial resources, the Commission respectfully requests that the Court find that there is no just reason to delay entry of final judgment and enter the Proposed Judgments as to Michael K. Sun, Mohammed A. Al-Barwani, Kevin P. Miller, and Rene Berlinger.

Dated: April 28, 2017

Respectfully submitted,

*/s/ Peter Senechalle*
Peter Senechalle
U.S. Securities and Exchange Commission
Chicago Regional Office
175 W. Jackson Blvd., Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Fax: (312) 353-7398
senechallep@sec.gov

## CERTIFICATE OF SERVICE

Peter Senechalle hereby certifies that he caused the foregoing document to be electronically filed through the Court's CM/ECF system on April 28, 2017, which automatically sends an electronic copy of the document to all counsel of record.

*s/Peter Senechalle*