# EXHIBIT 1

| Description of Documents Relied On By K. Barrett | Production In Which Documents Were Included | Authenticating Evidence for Those Documents[1] |
|---|---|---|

**DOCUMENTS FOR LAS COLINAS LTD. ("Las Colinas")**:

| Incorporation and Account Opening Records for Las Colinas | Documents produced by the Swiss Financial Market Supervisory Authority ("FINMA") (Bates label prefix "SEC-FINMA-P-" and "FINMA-") | • Personal knowledge under Fed. R. Evid. 901(b)(1): Documents were identified as deposition exhibits 78A through 78C at the deposition of Rene Berlinger. Berlinger authenticated the documents at his deposition. (SJ Reply Ex. 11, Berlinger Tr. 42-47, 71-72.)<br><br>• Fed. R. Evid. 901(b)(1) and 902(12): Account opening documents covered by November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)<br><br>• Other evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear specific indicia and hallmarks suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v.* |

---

[1] Weaver does not dispute the actual genuineness of the SEC's exhibits or supporting documents; he argues only that the SEC has not demonstrated the authenticity of certain exhibits. Moreover, Weaver does not expressly raise any other specific evidentiary objections in his Rule 56.1 Response. Nevertheless, it is worth noting that the evidence demonstrating the authenticity of many of these documents also establishes their admissibility as business records of the relevant institution pursuant to Fed. R. Evid. R. 902(12).

| | | |
|---|---|---|
| | | *Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Documents produced in discovery by co-Defendant Berlinger, who was acting as Weaver's agent and nominee, in response to the SEC's document requests.  *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966,  972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity). |
| Monthly Account Statements of Las Colinas Ltd. (Las Colinas) for accounts at VP Bank | Documents produced by Rene Berlinger (Bates label "BER-"); Documents produced by FINMA (Bates label "SEC-FINMA-P-") | • Personal knowledge under Rule 901(b)(1): Statements were identified as deposition exhibits 79A through 79D at the deposition of Rene Berlinger. Documents authenticated by Berlinger at his deposition.  (SJ Reply Ex. 11, Berlinger Tr. 48-50, 71-72.)<br><br>• Fed. R. Evid. 901(b)(1) and 902(12): Documents covered by November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)<br><br>• Other evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other |

| | | |
|---|---|---|
| | | characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents"). <br><br> • Documents produced in discovery by co-Defendant Berlinger, who was acting as Weaver's agent and nominee, in response to the SEC's document requests.  *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966,  972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity). |
| Quarterly asset statements of Las Colinas for accounts at VP Bank | Produced by Berlinger and by FINMA (Bates label "SEC-FINMA-P-") | • Personal knowledge under Rule 901(b)(1): Statements were identified as deposition exhibits 80A through 80G at the deposition of Rene Berlinger. Documents authenticated by Berlinger. (SJ Reply Ex. 11, Berlinger Tr. 50-51, 71-72.) <br><br> • Fed. R. Evid. 901(b)(1) and 902(12): Documents covered by November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.) <br><br> • Other evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty |

<table>
<tr><td></td><td></td><td>

request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").

- Documents produced in discovery by co-Defendant Berlinger, who was acting as Weaver's agent and nominee, in response to the SEC's document requests. *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966,  972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity).

</td></tr>
<tr><td>

Transaction Confirmations of Las Las Colinas for accounts at VP Bank

</td><td>

Produced by Berlinger and FINMA (Bates prefix "FINMA-")

</td><td>

- Personal knowledge under Rule 901(b)(1): Documents were identified as deposition exhibits 81A through 81L at the deposition of Rene Berlinger. Documents authenticated by Berlinger at his deposition. (SJ Reply Ex. 11, Berlinger Tr. 52-53, 71-72.)

- Fed. R. Evid. 901(b)(1) and 902(12): Documents covered by November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)

- Other evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge,*

</td></tr>
</table>

| | | |
|---|---|---|
| | | *Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Documents produced in discovery by co-Defendant Berlinger, who was acting as Weaver's agent and nominee, in response to the SEC's document requests.  *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966,  972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity). |
| Fax Confirmations for transactions of Las Colinas for accounts at VP Bank | Produced by Berlinger and FINMA ("SEC-FINMA-P-") | • Personal knowledge under Rule 901(b)(1): Documents were identified as deposition exhibits 82A through 82P  at the deposition of Rene Berlinger. Documents authenticated by Berlinger. (SJ Ex. 2, Berlinger Tr. 53-55; SJ Reply Ex. 11, Berlinger Tr. 71-72.)<br><br>• Fed. R. Evid. 901(b)(1) and 902(12): Documents covered by November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)<br><br>• Other evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal |

| | | |
|---|---|---|
| | | request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Documents produced in discovery by co-Defendant Berlinger, who was acting as Weaver's agent and nominee, in response to the SEC's document requests. *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966, 972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity). |
| 3/24/2011 Email from Daniel Lacher to Rene Berlinger | Produced by Rene Berlinger (BER00002390) | • Personal knowledge under Rule 901(b)(1): Email was identified as deposition exhibit 132 at the deposition of Rene Berlinger. Documents authenticated by Berlinger. (SJ Reply Ex. 11, Berlinger Tr. 210-211.)<br><br>• Document was produced in discovery by co-Defendant Berlinger, who was acting as Weaver's agent and nominee, in response to the SEC's document requests. *In re Homestores.com, Inc. Sec.* |

| | | |
|---|---|---|
| | | *Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966,  972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity). |

## DOCUMENTS FOR CHILLI CAPITAL LTD. ("Chilli Capital"):

| | | |
|---|---|---|
| Incorporation and Account Opening Documents for Chilli Capital Ltd. ("Chilli Capital") Account at VP Bank | Produced by Rene Berlinger (BER00002204 through 00002236; BER00002741 through 00002763; BER00002717 through 00002740; BER00002291 through 00002299 | • Personal knowledge under Rule 901(b)(1): Documents were identified as deposition exhibits 83A through 83D at the deposition of Rene Berlinger. Documents authenticated by Berlinger. (SJ Reply Ex. 11, Berlinger Tr. 124 – 128.)<br><br>• Fed. R. Evid. 901(b)(1) and 902(12): Account opening documents covered by November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)<br><br>• Other evidence of authenticity includes fact that documents bear distinctive characteristics suggesting the documents are in fact what they appear to be. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Documents produced in discovery by co-Defendant Berlinger, who was acting as Weaver's agent and nominee, in response to the SEC's document requests.  *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of |

| | | |
|---|---|---|
| | | production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.,* 454 F. Supp. 2d 966, 972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity). |
| Account Statements of Chilli Capital for accounts at VP Bank | Produced by Rene Berlinger. Also Produced by FINMA (prefix "FINMA-") (*e.g.,* FINMA-0000144) | <ul><li>Personal knowledge under Rule 901(b)(1): Statements were identified as deposition exhibits 84A through 84L at the deposition of Rene Berlinger. Documents authenticated by Berlinger. (SJ Reply Ex. 11, Berlinger Tr. 128-129.)</li><li>Fed. R. Evid. 901(b)(1) and 902(12): Documents covered by November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)</li><li>Other evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").</li><li>Documents produced in discovery by co-Defendant Berlinger, who was acting as Weaver's agent and nominee, in response to the SEC's document requests. *In re Homestores.com, Inc. Sec. Litig.,*</li></ul> |

| | | |
|---|---|---|
| | | 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966,  972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity). |
| Transaction Confirmations of Chilli Capital (Credit and Debit Advice Memos). | Produced by Berlinger (BER00002239, 00002285, 00002290.) | • Personal knowledge under Rule 901(b)(1): Statements were identified as deposition exhibits 85A through 85C at the deposition of Rene Berlinger. Documents authenticated by Berlinger. (SJ Reply Ex. 11, Berlinger Tr. 129-132.)<br><br>• Fed. R. Evid. 901(b)(1) and 902(12): Documents covered by the November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)<br><br>• Other evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Documents produced in discovery by co-Defendant Berlinger, |

| | | who was acting as Weaver's agent and nominee, in response to the SEC's document requests. *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966, 972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity). |
|---|---|---|

## DOCUMENTS FOR WESTPARK LTD. ("Westpark"):

| | | |
|---|---|---|
| Incorporation Records and Account Opening Documents for Westpark | Documents produced by Berlinger (BER00000828 through 00000878); Documents produced by Michael Sun (SUN_PROD_00000110 through 00000130); Documents produced by FINMA (FINMA-0000042–0000048; SEC-FINMA-P-0000295–0000296) | • Personal knowledge under Rule 901(b)(1): Statements were identified as deposition exhibits 87A through 87B at the deposition of Rene Berlinger. Documents authenticated by Berlinger. (SJ Reply Ex. 11, Berlinger Tr. 55-57, 71-72.)<br><br>• Fed. R. Evid. 901(b)(1) and 902(12): Account opening documents covered by November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)<br><br>• Other evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the |

<table>
<tr><td></td><td></td><td>

business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").

- Documents produced in discovery by co-Defendants Berlinger and Sun, who were acting as Weaver's agents and nominees, in response to the SEC's document requests.  *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966,  972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity).

</td></tr>
<tr><td>

Monthly Account Statements of Westpark for accounts at VP Bank

</td><td>

Produced by Berlinger; Identical copies produced by FINMA ("FINMA-" and "SEC-FINMA-P-")

</td><td>

- Personal knowledge under Rule 901(b)(1): Statements were identified as deposition exhibits 88A through 88J at the deposition of Rene Berlinger. Documents authenticated by Berlinger. (SJ Reply Ex. 11, Berlinger Tr. 61-63, 71-72.)

- Fed. R. Evid. 901(b)(1) and 902(12): Identical Copies produced by VP Bank through FINMA, are authenticated by the November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)

- Other evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal

</td></tr>
</table>

11

| | | treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Documents produced in discovery by co-Defendant Berlinger, who was acting as Weaver's agent and nominee, in response to the SEC's document requests.  *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966,  972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity). |
|---|---|---|
| Quarterly asset statements of Westpark for accounts at VP Bank | Produced by Michael Sun; Produced by Berlinger; Produced by FINMA ("FINMA-) | • Personal knowledge under Rule 901(b)(1): Statements were identified as deposition exhibits 89A through 89N at the deposition of Rene Berlinger. Documents authenticated by Berlinger. (SJ Reply Ex. 11, Berlinger Tr. 63-64, 71-72.)<br><br>• Fed. R. Evid. 901(b)(1) and 902(12): Identical Copies produced by VP Bank through FINMA, are authenticated by the November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)<br><br>• Other evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization |

| | | |
|---|---|---|
| | | of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Documents produced in discovery by co-Defendants Sun and Berlinger, who were acting as Weaver's agents and nominees, in response to the SEC's document requests.  *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966,  972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity). |
| Transaction Confirmations of Westpark for accounts at VP Bank | Documents produced by Berlinger; identical copies produced by FINMA | • Personal knowledge under Rule 901(b)(1): Statements were identified as deposition exhibits 90A through 90K at the deposition of Rene Berlinger. Documents authenticated by Berlinger. (SJ Reply Ex. 11, Berlinger Tr. 64-66, 71-72.)<br><br>• Fed. R. Evid. 901(b)(1) and 902(12): Identical Copies produced by VP Bank through FINMA, which are authenticated by the November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.) |

<table>
<tr>
<td></td>
<td></td>
<td>

- Other evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").

- Documents produced in discovery by co-Defendant Berlinger, who was acting as Weaver's agent and nominee, in response to the SEC's document requests.  *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966,  972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity).

</td>
</tr>
<tr>
<td>Fax Instructions and Confirmations for transactions of Westpark for accounts at VP Bank</td>
<td>Documents produced by Sun and Berlinger. Identical copies produced by FINMA</td>
<td>

- Personal knowledge under Rule 901(b)(1): Statements were identified as deposition exhibits 91A through 91K at the deposition of Rene Berlinger. Documents authenticated by Berlinger. (SJ Reply Ex. 11, Berlinger Tr. 66-68, 71-72.)

- Fed. R. Evid. 901(b)(1) and 902(12): Identical Copies produced by VP Bank through FINMA, which are authenticated by the

</td>
</tr>
</table>

|  |  | November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)<br><br>• Other evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Documents produced in discovery by co-Defendants Sun and Berlinger, who were acting as Weaver's agents and nominees, in response to the SEC's document requests. *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966, 972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity). |

**DOCUMENTS FOR RENAVIAL LTD. ("RENAVIAL")**:

| Incorporation Records and Account Opening Documents for Renavial | Documents produced by Berlinger and FINMA ("SEC-FINMA-P" and "FINMA-") | • Personal knowledge under Rule 901(b)(1): Statements were identified as deposition exhibits 92A through 92D at the deposition of Rene Berlinger. Documents authenticated by Berlinger. (SJ Reply Ex. 11, Berlinger Tr. 72-77.)<br><br>• Fed. R. Evid. 901(b)(1) and 902(12): Account opening documents authenticated by the November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)<br><br>• Other evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Documents produced in discovery by co-Defendant Berlinger, who was acting as Weaver's agent and nominee, in response to the SEC's document requests. *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966, 972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was |

| | | sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity). |
|---|---|---|
| Monthly Account Statements of Renavial for accounts at VP Bank | Documents produced by Berlinger and by FINMA ("SEC-FINMA-P-") | • Personal knowledge under Rule 901(b)(1): Statements were identified as deposition exhibits 93A through 93S at the deposition of Rene Berlinger. Documents authenticated by Berlinger. (SJ Reply Ex. 11, Berlinger Tr. 77-78.)<br><br>• Fed. R. Evid. 901(b)(1) and 902(12): FINMA-produced copies authenticated by the November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)<br><br>• Other evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Documents produced in discovery by co-Defendant Berlinger, who was acting as Weaver's agent and nominee, in response to the SEC's document requests. *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, |

| | | |
|---|---|---|
| | | 454 F. Supp. 2d 966,  972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity). |
| Transaction Confirmations of Renavial for accounts at VP Bank | Produced by Berlinger; identical copies produced by FINMA ("SEC-FINMA-P" and "FINMA-") | • Personal knowledge under Rule 901(b)(1): Confirmations were identified as deposition exhibits 94A through 94BB at the deposition of Rene Berlinger. Documents authenticated by Berlinger. (SJ Reply Ex. 11, Berlinger Tr. 78-80.)<br><br>• Fed. R. Evid. 901(b)(1) and 902(12): FINMA-produced copies authenticated by the November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)<br><br>• Other evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Documents produced in discovery by co-Defendant Berlinger, who was acting as Weaver's agent and nominee, in response to the SEC's document requests.  *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of |

| | | |
|---|---|---|
| | | production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966,  972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity). |
| Fax Instructions and Confirmations for transactions of Renavial for accounts at VP Bank | Produced by Berlinger; copies also produced by FINMA ("SEC-FINMA-P" and "FINMA-") | • Personal knowledge under Rule 901(b)(1): Statements were identified as deposition exhibits 95A through 95M at the deposition of Rene Berlinger. Documents authenticated by Berlinger. (SJ Reply Ex. 11, Berlinger Tr. 80-81.)<br><br>• Fed. R. Evid. 901(b)(1) and 902(12): FINMA-produced copies authenticated by the November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)<br><br>• Other evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Documents produced in discovery by co-Defendant Berlinger, who was acting as Weaver's agent and nominee, in response to the SEC's document requests.  *In re Homestores.com, Inc. Sec. Litig.*, |

| | | |
|---|---|---|
| | | 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966,  972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity). |
| Quarterly asset statements of Renavial for accounts at VP Bank | Produced by Mohammed Al-Barwani; copies also produced by FINMA ("SEC-FINMA-P" and "FINMA-") | • Personal knowledge under Rule 901(b)(1): Statements were identified as deposition exhibits 96A through 96P at the deposition of Rene Berlinger. Documents authenticated by Berlinger. (SJ Reply Ex. 11, Berlinger Tr. 81-82.)<br><br>• Fed. R. Evid. 901(b)(1) and 902(12): FINMA-produced copies authenticated by the November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)<br><br>• Other evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Documents produced in discovery by co-Defendant Al-Barwani, |

<table>
<tr>
<td></td>
<td></td>
<td>who was acting as Weaver's agent and nominee, in response to the SEC's document requests.  <em>In re Homestores.com, Inc. Sec. Litig.</em>, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); <em>Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.</em>, 454 F. Supp. 2d 966,  972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity).</td>
</tr>
</table>

## DOCUMENTS FOR CALGON INVEST S.A.:

<table>
<tr>
<td>Incorporation Records and Account Opening Documents for Calgon</td>
<td>Produced by the Cayman Islands Monetary Authority ("CIMA") (CIMA-0000055 through CIMA-0000111)</td>
<td>
<ul>
<li>Personal knowledge under Rule 901(b)(1): Documents were identified as deposition exhibit 97 at the deposition of Rene Berlinger. Documents authenticated by Berlinger. (SJ Reply Ex. 11, Berlinger Tr. 86-88.)</li>
<li>Other evidence of authenticity includes: (i) fact that the documents were produced by CIMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); <em>see Melridge, Inc. v. Heublein</em>, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); <em>Welenco, Inc. v. Corbell</em>, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").</li>
</ul>
</td>
</tr>
</table>

| | | |
|---|---|---|
| | | • If called to authenticate, Weaver (the listed beneficial owner of Calgon) would refuse to answer and would assert his Fifth Amendment rights. |
| Quarterly Account Statements for Calgon at B&C Capital Inc. for periods ending March 31, 2011 and July 31, 2011 | Documents produced by CIMA (Bates label CIMA-0000184 through 0000190) | • Evidence of authenticity includes: (i) fact that the documents were produced by CIMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Moreover, statements are similar to Bateman account statements for Petersham (which were authenticated by Wheatley): same format, bear B&C logo and Panama City address, are titled "Total Portfolio Asset Summary," have a summary page, a portfolio valuation page, and a transaction summary page.<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Calgon) would refuse to answer and would assert his Fifth Amendment rights. |
| Transfer Summary of B&C Capital | Document produced by CIMA (Bates label CIMA-0000194 through 0000196) | • Evidence of authenticity includes: (i) fact that the documents were produced by CIMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of |

| | | |
|---|---|---|
| | | Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Calgon) would refuse to answer and would assert his Fifth Amendment rights. |

**DOCUMENTS FOR ARCIS ASSETS, S.A. ("Arcis"):**

| | | |
|---|---|---|
| Arcis Corporate Formation Documents | Documents produced by FINMA (Bates label "FINMA-") | • Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents"). |

| | | |
|---|---|---|
| | | • If called to authenticate, Weaver (the listed beneficial owner of Arcis) would refuse to answer and would assert his Fifth Amendment rights. |
| Arcis Account opening documents at Compagnie Bancaire Helvetique | Documents produced by FINMA (Bates label "FINMA-") | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated by January 31, 2017 declaration of Didier Peclard, Head of Legal for CBH. (SJ Reply Ex. 9.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Arcis) would refuse to answer and would assert his Fifth Amendment rights. |
| Arcis Beneficial Ownership Form for Accounts at CBH | Documents produced by FINMA (Bates label SEC-FINMA-P-0000736 *et seq.*) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in January 31, 2017 declaration of Didier Peclard, Head of Legal for CBH. (SJ Reply Ex. 9.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities |

| | | |
|---|---|---|
| | | Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Arcis) would refuse to answer and would assert his Fifth Amendment rights. |
| Arcis Transfer Receipts/debit advice slips for Individual Transactions in Accounts at CBH | Documents produced by FINMA (Bates label "SEC-FINMA-P-") | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in January 31, 2017 declaration of Didier Peclard, Head of Legal for CBH. (SJ Reply Ex. 9.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents"). |

| | | |
|---|---|---|
| | | • If called to authenticate, Weaver (the listed beneficial owner of Arcis) would refuse to answer and would assert his Fifth Amendment rights. |
| Arcis Monthly Account Statements for Accounts at CBH | Documents produced by FINMA (FINMA-0000632 through 0000635; SEC-FINMA-P-0000619 through 0000735) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in January 31, 2017 declaration of Didier Peclard, Head of Legal for CBH. (SJ Reply Ex. 9.) |
| | | • Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents"). |
| | | • If called to authenticate, Weaver (the listed beneficial owner of Arcis) would refuse to answer and would assert his Fifth Amendment rights. |
| Arcis Wire Confirmations for Accounts at CBH | Documents produced by FINMA (SEC-FINMA-P-0000648 through 0000667) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in January 31, 2017 declaration of Didier Peclard, Head of Legal for CBH. (SJ Reply Ex. 9.) |
| | | • Evidence of authenticity includes: (i) fact that the documents were |

<table>
<tr><td></td><td></td><td>produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Arcis) would refuse to answer and would assert his Fifth Amendment rights.</td></tr>
</table>

## DOCUMENTS FOR DONNOLIS INVEST CORP. ("Donnolis"):

<table>
<tr><td>Incorporation Documents for Donnolis</td><td>Produced by FINMA (FINMA-0000466 through 0000476)</td><td>• Evidence of authenticity includes fact that the documents were produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity).<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Donnolis) would refuse to answer and would assert his Fifth Amendment rights.</td></tr>
</table>

| | | |
|---|---|---|
| Donnolis Beneficial Ownership Form for Account at Finter Bank Zurich ("Finter Bank," now Bank Vontobel AG) | Produced by FINMA (SEC-FINMA-P-0001423) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in December 1, 2016 Certificate of Authenticity of Business Records of Costanza Berghinz de Rosmini (Legal & Compliance Private Banking) and Agnes Arnold Kaufmann (Legal & Compliance Private Banking) of Bank Vontobel AG (successor to Finter Bank). (SJ Reply Ex. 7.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Donnolis) would refuse to answer and would assert his Fifth Amendment rights. |
| Donnolis Account Application for Account at Finter Bank | Produced by FINMA (FINMA-0000453 through 0000465) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in December 1, 2016 Certificate of Authenticity of Business Records of Costanza Berghinz de Rosmini (Legal & Compliance Private Banking) and Agnes Arnold Kaufmann (Legal & Compliance Private Banking) of Bank Vontobel AG (successor to Finter Bank). (SJ Reply Ex. 7.) |

28

| | | |
|---|---|---|
| | | • Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Donnolis) would refuse to answer and would assert his Fifth Amendment rights. |
| Donnolis Fax Order for Transfer of Jammin Java Shares to its Finter Bank Account | Produced by FINMA (SEC-FINMA-P-0001176) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in December 1, 2016 Certificate of Authenticity of Business Records of Costanza Berghinz de Rosmini (Legal & Compliance Private Banking) and Agnes Arnold Kaufmann (Legal & Compliance Private Banking) of Bank Vontobel AG (successor to Finter Bank). (SJ Reply Ex. 7.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty |

| | | |
|---|---|---|
| | | request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Donnolis) would refuse to answer and would assert his Fifth Amendment rights. |
| Transaction Receipts for Donnolis account at Finter Bank | Produced by FINMA (SEC-FINMA-P-0001175 through 0001181; FINMA-0001214; FINMA-0000405) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in December 1, 2016 Certificate of Authenticity of Business Records of Costanza Berghinz de Rosmini (Legal & Compliance Private Banking) and Agnes Arnold Kaufmann (Legal & Compliance Private Banking) of Bank Vontobel AG (successor to Finter Bank). (SJ Reply Ex. 7.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents"). |

| | | |
|---|---|---|
| | | • If called to authenticate, Weaver (the listed beneficial owner of Donnolis) would refuse to answer and would assert his Fifth Amendment rights. |
| Account Statements for Donnolis Account at Finter Bank | Produced by FINMA (SEC-FINMA-P-0001173 *et seq.*; FINMA-0000487 through 0000488; FINMA-0000495 through 000502) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in December 1, 2016 Certificate of Authenticity of Business Records of Costanza Berghinz de Rosmini (Legal & Compliance Private Banking) and Agnes Arnold Kaufmann (Legal & Compliance Private Banking) of Bank Vontobel AG (successor to Finter Bank). (SJ Reply Ex. 7.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Donnolis) would refuse to answer and would assert his Fifth Amendment rights. |
| March 2, 2011 Share Purchase Agreement between Donnolis and Westpark | Produced by Berlinger (BER0000656); produced by FINMA (FINMA-0000065 through 0000067) | • Personal knowledge under Rule 901(b)(1): Document was identified as deposition exhibit 104 at the deposition of Rene Berlinger. Document authenticated by Berlinger. (SJ Reply Ex. 11, Berlinger Tr. 101-103.) |

| | | |
|---|---|---|
| | | • Evidence of authenticity includes fact that the document was produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity).<br><br>• Document produced in discovery by co-Defendant Berlinger, who was acting as Weaver's agent and nominee, in response to the SEC's document requests. *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966, 972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity).<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Donnolis) would refuse to answer and would assert his Fifth Amendment rights. |
| Fax Order for Transaction in Donnolis Account at Finter Bank | Produced by FINMA (SEC-FINMA-P-0001213) | • Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and |

| | | |
|---|---|---|
| | | (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Donnolis) would refuse to answer and would assert his Fifth Amendment rights. |

## DOCUMENTS FOR MANITOU S.A. ("Manitou"):

| | | |
|---|---|---|
| Manitou account opening documents for account at Bank Gutenberg AG ("Bank Gutenberg"). | Produced by FINMA (FINMA-0000515 through 0000542) | • Fed. R. Evid. 901(b)(1) and 902(12): Authenticated by December 5, 2016 business record declaration of M. Berchfold and M. Kameisis, authorized signatories of Gutenberg Administration AG (formerly Bank Gutenberg) (SJ Reply Ex. 6.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents"). |

| | | |
|---|---|---|
| | | • If called to authenticate, Weaver (the listed beneficial owner of Manitou) would refuse to answer and would assert his Fifth Amendment rights. |
| Beneficial Ownership Form for Manitou's account at Bank Gutenberg. | Produced by FINMA (SEC-FINMA-P-0001167) | • Fed. R. Evid. 901(b)(1) and 902(12): Authenticated by December 5, 2016 business record declaration of M. Berchfold and M. Kameisis, authorized signatories of Gutenberg Administration AG (formerly Bank Gutenberg) (SJ Reply Ex. 6.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Manitou) would refuse to answer and would assert his Fifth Amendment rights. |
| Manitou May 1, 2011 Monthly account statement for account at Bank Gutenberg | Produced by FINMA (FINMA-0000553 through 0000555) | • Fed. R. Evid. 901(b)(1) and 902(12): Authenticated by December 5, 2016 business record declaration of M. Berchfold and M. Kameisis, authorized signatories of Gutenberg Administration AG (formerly Bank Gutenberg) (SJ Reply Ex. 6.) |

| | | |
|---|---|---|
| | | • Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>•  If called to authenticate, Weaver (the listed beneficial owner of Manitou) would refuse to answer and would assert his Fifth Amendment rights. |
| Manitou periodic Portfolio Statements for account at Bank Gutenberg | Produced by FINMA (Bates label prefixes "SEC-FINMA-P-" and "FINMA-") | • Fed. R. Evid. 901(b)(1) and 902(12): Authenticated by December 5, 2016 business record declaration of M. Berchfold and M. Kameisis, authorized signatories of Gutenberg Administration AG (formerly Bank Gutenberg) (SJ Reply Ex. 6.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the |

| | | business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Manitou) would refuse to answer and would assert his Fifth Amendment rights. |
|---|---|---|
| Security Sale Receipts for Manitou account at Bank Gutenberg | Produced by FINMA (FINMA-0000544 through 0000551) | • Fed. R. Evid. 901(b)(1) and 902(12): Authenticated by December 5, 2016 business record declaration of M. Berchfold and M. Kameisis, authorized signatories of Gutenberg Administration AG (formerly Bank Gutenberg) (SJ Reply Ex. 6.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Manitou) would refuse to answer and would assert his Fifth Amendment rights. |

| Wire Confirmations for Manitou account at Bank Gutenberg | Produced by FINMA (FINMA-P-0000842 through 0000873; SEC-FINMA-P-0001134 through 0001166) | • Fed. R. Evid. 901(b)(1) and 902(12): Authenticated by December 5, 2016 business record declaration of M. Berchfold and M. Kameisis, authorized signatories of Gutenberg Administration AG (formerly Bank Gutenberg) (SJ Reply Ex. 6.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Manitou) would refuse to answer and would assert his Fifth Amendment rights. |

## DOCUMENTS FOR TIMOTEI OVERSEAS, INC. ("Timotei"):

| Account opening records for Timotei account at Verdmont Capital | Produced by the Superintendencia del Mercado de Velores (the "SMV") – the Panamanian securities regulatory authority (SEC-SMV-P-0000125 through 0000311) | • Evidence of authenticity includes: (i) fact that the documents were produced by SMV in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of |

| | | Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Timotei) would refuse to answer and would assert his Fifth Amendment rights. |
|---|---|---|
| Transaction Detail Records for Timotei Account at Verdmont Capital | Produced by the SMV (SEC-SMV-P-0000011  through 0000038) | • Evidence of authenticity includes: (i) fact that the documents were produced by SMV in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Timotei) would refuse to answer and would assert his Fifth Amendment rights. |
| Client Account Interim Valuation Report for Timotei account at | Produced by the SMV (SEC-SMV-P-0000005  through 0000010) | • Evidence of authenticity includes: (i) fact that the documents were produced by SMV in response to a formal request made by the SEC |

| | | |
|---|---|---|
| Verdmont Capital | | through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Timotei) would refuse to answer and would assert his Fifth Amendment rights. |
| Fax Transmittal Instructions and Transfer Receipts for Timotei Account at Verdmont Capital | Produced by the SMV (SEC-SMV-P-0000039 through 0000141 | • Evidence of authenticity includes: (i) fact that the documents were produced by SMV in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver (the listed beneficial owner of Timotei) would refuse to answer and would assert his Fifth |

| | | Amendment rights. |
|---|---|---|

## DOCUMENTS FOR TORINO INVEST S.R.L. ("Torino"):

| Torino Account Opening Documents for Account at Compagnie Bancaire Helvetique ("CBH") | Produced by FINMA (FINMA-0000574 through 0000578) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in January 31, 2017 declaration of Didier Peclard, Head of Legal for CBH. (SJ Reply Ex. 9.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents"). |
|---|---|---|
| Tornio Beneficial Ownership Form for Account at CBH | Produced by FINMA (SEC-FINMA-P-0000836 through 0000838) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in January 31, 2017 declaration of Didier Peclard, Head of Legal for CBH. (SJ Reply Ex. 9.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge,* |

| | | |
|---|---|---|
| | | *Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents"). |
| Securities Remittance Form for Deposit into Torino Account at CBH | Produced by FINMA (SEC-FINMA-P-00000773) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in January 31, 2017 declaration of Didier Peclard, Head of Legal for CBH. (SJ Reply Ex. 9.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents"). |
| Transfer Receipts for Torino Account at CBH | Produced by FINMA (SEC-FINMA-P-00000752) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in January 31, 2017 declaration of Didier Peclard, Head of Legal for CBH. (SJ Reply Ex. 9.) |

| | | |
|---|---|---|
| | | • Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents"). |
| CBH Sales Summary for Torino and Arcis | Produced by FINMA (SEC-FINMA-P-0000774 through 0000776) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in January 31, 2017 declaration of Didier Peclard, Head of Legal for CBH. (SJ Reply Ex. 9.)  <br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents"). |

| Account Statements for Torino Account at CBH | Produced by FINMA (FINMA-0000593 through 0000607; SEC-FINMA-P-0000742 through 0000835) | • Fed. R. Evid. 901(b)(1) and 902(12):Documents authenticated in January 31, 2017 declaration of Didier Peclard, Head of Legal for CBH. (SJ Reply Ex. 9.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents"). |
| Wire Receipts and Debit Advice Memos for Torino Account at CBH | Produced by FINMA (SEC-FINMA-P-0000772 through 0000780) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in January 31, 2017 declaration of Didier Peclard, Head of Legal for CBH. (SJ Reply Ex. 9.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); |

| | | *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents"). |
|---|---|---|

## DOCUMENTS FOR CILITZ INVEST AND TRADE S.A. ("Cilitz"):

| | | |
|---|---|---|
| Account opening materials for Cilitz Account at Finter Bank | Produced by FINMA (FINMA-0000368 through 0000400) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in December 1, 2016 Certificate of Authenticity of Business Records of Costanza Berghinz de Rosmini (Legal & Compliance Private Banking) and Agnes Arnold Kaufmann (Legal & Compliance Private Banking) of Bank Vontobel AG (successor to Finter Bank). (SJ Reply Ex. 7.) <br><br> • Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents"). |
| Transaction Receipts for Cilitz Account at Finter Bank | Produced by FINMA (FINMA-0000402 through 0000405 | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in December 1, 2016 Certificate of Authenticity of Business Records of Costanza Berghinz de Rosmini (Legal & Compliance Private Banking) and Agnes Arnold Kaufmann (Legal & Compliance Private |

<table>
<tr>
<td></td>
<td></td>
<td>Banking) of Bank Vontobel AG (successor to Finter Bank). (SJ Reply Ex. 7.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").</td>
</tr>
<tr>
<td>Cilitz Account Statements for Account at Finter Bank</td>
<td>Produced by FINMA (FINMA-0000407 through 0000448)</td>
<td>• Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in December 1, 2016 Certificate of Authenticity of Business Records of Costanza Berghinz de Rosmini (Legal & Compliance Private Banking) and Agnes Arnold Kaufmann (Legal & Compliance Private Banking) of Bank Vontobel AG (successor to Finter Bank). (SJ Reply Ex. 7.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other</td>
</tr>
</table>

| | | characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents"). |
|---|---|---|

## DOCUMENTS FOR PETERSHAM ENTERPRISES, LTD. ("Petersham"):

| | | |
|---|---|---|
| Petersham Account Statements for Account at B&C Capital, Inc. ("Bateman") | Produced by Stephen Wheatley ; Produced by CIMA (CIMA-0000167 through 0000183). | • Personal knowledge under Fed. R. Evid. 901(b)(1): The account statements have been authenticated by Stephen B. Wheatley. (See May 5, 2017 Decl. of Stephen B. Wheatley, SJ Reply Ex. 10.) Also, two account statements were marked as deposition exhibits 7 and 12 at the deposition of Stephen Wheatley and were authenticated by Wheatley. (SJ Reply Ex. 12, Wheatley Tr. 63-69, 85-88.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by CIMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Documents produced in discovery by co-Defendant Wheatley, who was acting as Weaver's agent and nominee, in response to the |

| | | SEC's document requests.  *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966,  972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity). |
|---|---|---|

## DOCUMENTS FOR RAHELA INTERNATIONAL, INC. ("Rahela"):

| | | |
|---|---|---|
| Know Your Customer Form and Account Opening Records for Kevin Miller at Verdmont Capital | Produced by the SMV (SEC-SMV-P-0000517 through 0000523) | • Evidence of authenticity includes: (i) fact that the documents were produced by SMV in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Beneficial owner, Kevin Miller, refused to answer questions and took the Fifth. |
| Rahela Investment Account Application at Verdmont Capital | Produced by the SMV(SEC-SMV-P-0000432 through 0000442 | • Evidence of authenticity includes: (i) fact that the documents were produced by SMV in response to a formal request made by the SEC |

| | | |
|---|---|---|
| | | through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Beneficial owner, Kevin Miller, refused to answer questions and took the Fifth. |
| Client Account Interim Valuation Form for Rahela Account at Verdmont | Produced by the SMV(SEC-SMV-P-0000420 through 0000423) | • Evidence of authenticity includes: (i) fact that the documents were produced by SMV in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• Beneficial owner, Kevin Miller, refused to answer questions and took the Fifth. |

**DOCUMENTS FOR TYRONE INVESTMENTS, INC. ("Tyrone")**:

| Tyrone Account Application | Produced by the SMV(SEC-SMV-P-0000313 – 00000000324) | • Evidence of authenticity includes: (i) fact that the documents were produced by SMV in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents"). <br><br>• If called, the beneficial owner – Shane Whittle – would refuse to answer and would plead the Fifth. |
|---|---|---|
| Interim Valuation Report for Tyrone Account at Verdmont | Produced by the SMV(SEC-SMV-P-0000143 through 0000147) | • Evidence of authenticity includes: (i) fact that the documents were produced by SMV in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. |

| | | |
|---|---|---|
| | | 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called, the beneficial owner – Shane Whittle – would refuse to answer and would plead the Fifth. |
| March 15, 2011 Share Purchase Agreement between Tyrone and Las Colinas | Produced by Berlinger (BER00002332); produced by FINMA  (FINMA-0000280 through 0000282) | • Personal knowledge under Fed. R. Evid. 901(b)(1): Document was identified as deposition exhibit 103 at the deposition of Rene Berlinger. Berlinger authenticated the documents at his deposition. (SJ Reply Ex. 11, Berlinger Tr.  99-101.)<br><br>• Evidence of authenticity includes fact that the document was produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity).<br><br>• If called, the beneficial owner of Tyrone – Shane Whittle – would refuse to answer and would plead the Fifth. |

## DOCUMENTS FOR MONOLOSA REAL ESTATE, INC. ("Monolosa"):

| | | |
|---|---|---|
| Monolosa Incorporation Documents | Produced by FINMA (FINMA-0000016 through 0000017) | • Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty |

| | | |
|---|---|---|
| | | request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called, the beneficial owner of Monolosa – Shane Whittle – would refuse to answer and would plead the Fifth. |
| Monolosa Application for Account at VP Bank | Produced by FINMA (FINMA-0000007 through 0000015) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents also authenticated by the November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called, the beneficial owner of Monolosa – Shane Whittle – would refuse to answer and would plead the Fifth. |

| Transaction Confirmations/Receipts for Monolosa Account at VP Bank | Produced by FINMA (FINMA-0000020 through 0000023) | <ul><li>Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated by the November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.)</li><li>Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").</li><li>If called, the beneficial owner of Monolosa – Shane Whittle – would refuse to answer and would plead the Fifth.</li></ul> |

## DOCUMENTS FOR NEMO DEVELOPMENT, S.A. ("Nemo"):

| 6/11/2010 Fax from Wheatley to Weaver, attaching August 12, 2010 Nemo Share Purchase Agreement with Petersham | Produced by Stephen Wheatley | <ul><li>Personal knowledge under Fed. R. Evid. 901(b)(1): Document was marked as deposition exhibit 6 at the deposition of Stephen Wheatley and was authenticated by Wheatley. (SJ Reply Ex. 12, Wheatley Tr. 55-61.)</li><li>Document produced in discovery by co-Defendant Wheatley, who was acting as Weaver's agent and nominee, in response to the SEC's document requests. *In re Homestores.com, Inc. Sec. Litig.*,</li></ul> |

| | | 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (documents produced in discovery by defendant's auditor authenticated by act of production); *Metro-Goldwyn-Mayer Studios, Inc. v. Grosker, Ltd.*, 454 F. Supp. 2d 966, 972-73 (C.D. Cal. 2006) (production of documents in discovery by defendant's business partner was sufficient evidence of authenticity as partners' interests were not adverse and there was no reason to doubt the documents' authenticity). |
| --- | --- | --- |

## DOCUMENTS FOR EL TOLOLO INVESTMENT CORP. ("El Tololo"):

| | | |
| --- | --- | --- |
| Account Opening Documents for El Tololo Account at Bank Sarasin & Cie AG ("Sarasin") | Produced by FINMA (SEC-FINMA-P-0000005 through 0000049) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated by the May 12, 2016 Business Record Declaration of Y. Felber of Bank J. Safra Sarasin AG ("BJSS," formerly Bank Sarasin & Cie AG) (SJ Reply Ex. 8.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called, the beneficial owner of El Tololo – Shane Whittle – |

| | | |
|---|---|---|
| | | would refuse to answer and would plead the Fifth. |
| El Tololo Account Statements for account at Sarasin | Produced by FINMA (SEC-FINMA-P-0000085 through 0000129) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated by the May 12, 2016 Business Record Declaration of Y. Felber of Bank J. Safra Sarasin AG ("BJSS," formerly Bank Sarasin & Cie AG) (SJ Reply Ex. 8.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called, the beneficial owner of El Tololo – Shane Whittle – would refuse to answer and would plead the Fifth. |
| El Tololo Account Summary for account at Sarasin | Produced by FINMA (SEC-FINMA-P-0000004) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated by the May 12, 2016 Business Record Declaration of Y. Felber of Bank J. Safra Sarasin AG ("BJSS," formerly Bank Sarasin & Cie AG) (SJ Reply Ex. 8.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of |

| | | Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called, the beneficial owner of El Tololo – Shane Whittle – would refuse to answer and would plead the Fifth. |
|---|---|---|
| Deposit and Transfer Receipts for El Tololo Account at Sarasin | Produced by FINMA (SEC-FINMA-P-0000050 through 0000084) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated by the May 12, 2016 Business Record Declaration of Y. Felber of Bank J. Safra Sarasin AG ("BJSS," formerly Bank Sarasin & Cie AG) (SJ Reply Ex. 8.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents"). |

| | | |
|---|---|---|
| | | • If called, the beneficial owner of El Tololo – Shane Whittle – would refuse to answer and would plead the Fifth. |
| Order Form for Tololo transfer to Luminus | Produced by FINMA (SEC-FINMA-P-0000080) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated by the May 12, 2016 Business Record Declaration of Y. Felber of Bank J. Safra Sarasin AG ("BJSS," formerly Bank Sarasin & Cie AG) (SJ Reply Ex. 8.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called, the beneficial owner of El Tololo – Shane Whittle – would refuse to answer and would plead the Fifth. |

## **DOCUMENTS FOR LUMINUS REAL ESTATE, INC. ("Luminus")**:

| | | |
|---|---|---|
| Luminus Incorporation Documents | Produced by FINMA (FINMA-0000168 through 0000178) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in December 1, 2016 Certificate of Authenticity of Business Records of Costanza Berghinz de Rosmini (Legal & Compliance Private Banking) and Agnes Arnold Kaufmann (Legal & Compliance |

| | | Private Banking) of Bank Vontobel AG (successor to Finter Bank). (SJ Reply Ex. 7.) |
|---|---|---|
| | | • Evidence of authenticity includes fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity). |
| | | • If called, the beneficial owner of Luminus – Shane Whittle – would refuse to answer and would plead the Fifth. |
| Luminus Account Opening Documents for Account at Finter Bank | Produced by FINMA (FINMA-0000150 through 0000165) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in December 1, 2016 Certificate of Authenticity of Business Records of Costanza Berghinz de Rosmini (Legal & Compliance Private Banking) and Agnes Arnold Kaufmann (Legal & Compliance Private Banking) of Bank Vontobel AG (successor to Finter Bank). (SJ Reply Ex. 7.) |
| | | • Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. |

| | | |
|---|---|---|
| | | 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called, the beneficial owner of Luminus – Shane Whittle – would refuse to answer and would plead the Fifth. |
| Payment and Deposit Confirmations for Luminus Account at Finter Bank | Produced by FINMA (FINMA-0000180 through 00000181) | • Fed. R. Evid. 901(b)(1) and 902(12): Documents authenticated in December 1, 2016 Certificate of Authenticity of Business Records of Costanza Berghinz de Rosmini (Legal & Compliance Private Banking) and Agnes Arnold Kaufmann (Legal & Compliance Private Banking) of Bank Vontobel AG (successor to Finter Bank). (SJ Reply Ex. 7.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FINMA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called, the beneficial owner of Luminus – Shane Whittle – would refuse to answer and would plead the Fifth. |

## DOCUMENTS FOR BLUE LEAF CAPITAL, LTD. ("Blue Leaf")

| | | |
|---|---|---|
| Monthly Statements for Blue Leaf Account at Barclay's Bank PLC ("Barclays") | Produced by the UK Financial Conduct Authority ("FCA") (SEC-FCA-E-0000319 through 0000336) | • Fed. R. Evid. 901(b)(1) and 902(12): Authenticated by the December 12, 2016 Business Record Declaration of Sohail Ajmal, Financial Analyst at Barclay's Bank PC. (SJ Reply Ex. 4.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FCA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>•  If called to authenticate, Weaver would refuse to answer and assert his Fifth Amendment rights. |
| Wire Transfer Records for Blue Leaf Account at Barclay's Bank | Produced by FCA (SEC-FCA-E-0000244 through 0000245; SEC-FCA-E-0000079 through 0000080) | • Fed. R. Evid. 901(b)(1) and 902(12):  Authenticated by the December 12, 2016 Business Record Declaration of Sohail Ajmal, Financial Analyst at Barclay's Bank PC. (SJ Reply Ex. 4.)<br><br>• Evidence of authenticity includes: (i) fact that the documents were produced by FCA in response to a formal request made by the SEC through the  International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU") (SJ Reply Ex. 3, ¶¶ 8–10); *see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of |

| | | Justice in response to formal treaty request constitutes circumstantial evidence of authenticity); and (ii) fact that account records bear distinctive hallmarks and other characteristics suggesting that the documents are in fact the business records of a financial institution. Fed. R. Evid. 901(b)(4); *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1163-64 (E.D. Cal. 2015) ("authentication may be inferred, as it is here, from the contents of the documents").<br><br>• If called to authenticate, Weaver would refuse to answer and assert his Fifth Amendment rights. |
|---|---|---|

## OTHER DOCUMENTS:

| | | |
|---|---|---|
| Empire Stock Transfer, Inc. ("Empire") "Transfer Packages" (also referred to as "transaction files") for transfers of Jammin' Java stock to and from the entities named above (including final transaction reports and supporting documents) | Produced by Empire Stock Transfer, Inc. (Bates stamped: SEC-EMPIRESTOCK-00002 *et seq.*) | All documents were produced by Empire. Examples of Empire's "Transfer Packages" were marked as testimony exhibits 68-72, 74-75, 77-79, 82, 86, 88-98 and presented to Empire's President, Patrick R. Mokros, at his February 12, 2015 sworn investigative testimony. Those exhibits were authenticated by Mr. Mokros at his testimony. (SJ Reply Ex. 13, Mokros Tr. 31-36, 60-62, 72-73, 77-78, 84-85, 95-97, 104, 110-113, 115-116, 121-125, 132, 142-170.) |
| Deposition Transcripts in this case and Investigative Testimony Transcripts in the underlying investigation | | Authenticity not disputed. |
| "Blue Sheet" Market data for Jammin Java ("JAMN") | Produced by the SEC to Weaver in Native Format (Excel) | Authentication not required. Data was reviewed to confirm selling and purchasing entities. Not used as source for underlying calculations in the submitted schedules for the entities identified in Mr. Barrett's declaration. |

|  |  |  |
|---|---|---|

**PUBLIC DOCUMENTS**:

| Public filings on EDGAR for Jammin Java in 2010 and 2011, including Forms 10-K for 2010, 2011, and all forms 8-K during that period. Also reviewed for absence of filings related to Defendants' ownership of Jammin Java Stock | Publicly Available on the SEC's Electronic Data Gathering, Analysis and Retrieval system ("EDGAR") | Self-authenticating.  *See SEC v. Bellweather Venture Capital Fund I, Inc.,* 2012 WL 12888842, *2 n. 4 (C.D. Cal. Mar. 6, 2012) (fact that document can be found on EDGAR, the SEC's online filing database, was sufficient to authenticate document under FRE 901); *Bunhabib v. Hughes Electronics Corp.,* 2007 WL 4144940, *3 n. 2 (C.D. Cal. Mar. 30, 2007) (court can take judicial notice of documents available publicly on EDGAR). |
|---|---|---|
| Public filings on EDGAR for Global Electronic Recovery Corp. ("GERC") for 2006 through 2008, including all Forms 8-K and Forms SB-2 | Publicly Available on EDGAR | Self-authenticating. *See SEC v. Bellweather Venture Capital Fund I, Inc.,* 2012 WL 12888842, *2 n. 4 (C.D. Cal. Mar. 6, 2012) (fact that document can be found on EDGAR, the SEC's online filing database, was sufficient to authenticate document under FRE 901); *Bunhabib v. Hughes Electronics Corp.,* 2007 WL 4144940, *3 n. 2 (C.D. Cal. Mar. 30, 2007) (court can take judicial notice of documents available publicly on EDGAR). |
| Price and Volume data for Jammin Java (JAMN) from January 23, 2009 to January 23, 2012 | Publicly available at https://finance.yahoo.com/quote/JAMN/history?p=JAMN | Court can take judicial notice under Fed. R. Evid. 201(b) of stock price data compiled by reliable, publicly available news service. *See In re NAHC, Inc. Sec. Litig.,* 306 F.3d 1314, 1331 (3d. Cir. 202)(judicial notice properly taken with respect to "stock price data compiled by [a reliable financial] news service"); *In re Intelligroup Sec. Litig.,* 527 F.Supp.2d 262, 273 (D. N.J. 2007) (taking judicial notice of price data compiled by Yahoo! Finance); *In re Nvidia Corp. Sec. Litig.,* 2010 WL 4117561, n.3 (N.D. Cal. Oct. 19, 2010)(taking judicial notice of price data compiled by Yahoo! Finance). |