TIMOTHY S. LEIMAN, Ill. Bar No. 6270153
Email: leimant@sec.gov
PAUL M. G. HELMS, Ill. Bar No. 6291623
Email: helmsp@sec.gov
PETER SENECHALLE, Ill Bar No. 6300822
Email: senechallep@sec.gov

Attorneys for Plaintiff
United States Securities and Exchange Commission
175 West Jackson Boulevard, Suite 900
Chicago, Illinois 60604
Telephone:  (312) 353-7390
Facsimile:  (312) 353-7398

LOCAL COUNSEL
Lynn M. Dean, Cal. Bar No. 205562
Email: deanl@sec.gov
United States Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JAMMIN' JAVA CORP., dba MARLEY COFFEE, SHANE G. WHITTLE, WAYNE S. P. WEAVER, MICHAEL K. SUN, RENE BERLINGER, STEPHEN B. WHEATLEY, KEVIN P. MILLER, MOHAMMED A. AL-BARWANI, ALEXANDER J. HUNTER, and THOMAS E. HUNTER,<br><br>Defendants. | Case No. 2:15-CV-08921-SVW-MRW<br><br>**DECLARATION OF PETER SENECHALLE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT – AND ATTACHED EXHIBITS** |

I, Peter Senechalle, declare pursuant to 28 U.S.C. § 1746, that the following is true and correct, that this declaration is made on my personal knowledge, and that I am competent to testify as to the matters stated below:

1.  I am employed as a Senior Attorney in the Division of Enforcement of the United States Securities and Exchange Commission (the "Commission" or the "SEC") in its regional office in Chicago, Illinois.

2.  I am an attorney in good standing admitted to practice by the State of Illinois and admitted *pro hac vice* in this action. I make this declaration in support of the SEC's Motion for Partial Summary Judgment As To Liability Against Defendant Wayne Weaver ("Weaver"). I have personal knowledge of the following facts.

3.  The following are true and correct copies of documents submitted along with the SEC's Reply Brief in support of its Motion for Summary Judgment. The SEC will cite to these documents as "SJ Reply Ex. __."

4.  Attached as **SJ Reply Exhibit 1** is a true and correct copy of a categorical schedule of the documents which SEC Accountant R. Kevin Barrett used and summarized in his March 29, 2017 declaration and exhibits that were attached as Exhibit 1 to the Declaration of Timothy S. Leiman in Support of Motion for Summary Judgment.

5.  Attached as **SJ Reply Exhibit 2** is a true and correct copy of a chart listing the 47 exhibits that the SEC submitted in support of its Motion for Summary Judgment that Weaver has objected to. The chart describes the bases for authenticating each exhibit.

6.  Attached as **SJ Reply Exhibit 3** is a true and correct copy of the May 9, 2017 Declaration of Marlee M. Engel, a Branch Chief in the SEC's Office of International Affairs. The Declaration describes the

process by which the SEC obtained documents from overseas regulators in this case.

7. Attached as **SJ Reply Exhibit 4** is a true and correct copy of the December 16, 2016 Declaration of Sohail Ajmal, Barclays Bank PLC, Certifying Records of Regularly Conducted Business Activity, which is bates-numbered SEC-UKFCA-P-0000009. The declaration was produced by Barclays through the United Kingdom Financial Conduct Authority ("FCA") and encompasses all documents produced to the FCA by Barclays in this case, including all Barclays bank records submitted as exhibits in support of the SEC's motion for summary judgment.

8. Attached as **SJ Reply Exhibit 5** is a true and correct copy of the November 30, 2016 Declaration of Giw Izadi, VP Bank (Schweiz) AG, Certifying Records of Regularly Conducted Business Activity, which is bates-numbered SEC-FINMA-P-0001428. The declaration was produced by VP Bank through the Swiss Financial Market Supervisory Authority ("FINMA") and encompasses all documents produced to FINMA by VP Bank in this case, including all VP Bank records submitted as exhibits in support of the SEC's motion for summary judgment.

9. Attached as **SJ Reply Exhibit 6** is a true and correct copy of the December 5, 2016 Declaration of M. Berchtold and M. Kameisis, Gutenberg Administration AG, Certifying Records of Regularly Conducted Business Activity, which is bates-numbered SEC-FINMA-P-0001429. The declaration was produced by Gutenberg Administration AG through FINMA and encompasses all documents produced to FINMA by Bank Gutenberg in this case, including all Bank Gutenberg records submitted as exhibits in support of the SEC's motion for summary judgment.

10. Attached as **SJ Reply Exhibit 7** is a true and correct copy of the December 1, 2016 Certificate of Authenticity of Business

Records of compliance officers Costanza Berghinz de Rosmini Alzati and Agnes Arnold Kaufmann from the Legal & Compliance Private Banking department of Bank Vontobel AG (successor to Finter Bank Zurich), which is bates-numbered SEC-FINMA-P-0001430. The declaration was produced by Bank Vontobel through FINMA and refers to (and authenticates) a CD of documents provided to Bank Vontobel by the SEC that included all documents produced by Finter Bank Zurich to FINMA in this case, including all Finter Bank records submitted as exhibits in support of the SEC's motion for summary judgment.

11.     Attached as **SJ Reply Exhibit 8** is a true and correct copy of the May 12, 2016 Declaration Certifying Records of Regularly Conducted Business Activity of Y. Felber of Bank J. Safra Sarasin AG ("BJSS," formerly Bank Sarasin & Cie AG), which is bates-numbered SEC-FINMA-P-0001431.The declaration was produced by BJSS through FINMA and refers to (and authenticates) a CD of documents provided to BJSS by the SEC that included all documents produced by Bank Sarasin to FINMA in this case, including all Bank Sarasin records submitted as exhibits in support of the SEC's motion for summary judgment.

12.     Attached as **SJ Reply Exhibit 9** is a true and correct copy of the January 31, 2017 Declaration of Certifying Records of Regularly Business Activity (sic) of Didier Peclard, Head of Legal for CBH Compagnie Bancaire Helvetique SA ("CBH"), which is bates-numbered SEC-FINMA-P-0001434. The declaration was produced by CBH through FINMA and refers to (and authenticates) a CD of documents provided to CBH by the SEC that included all documents produced by CBH to FINMA in this case, including all CBH records submitted as exhibits in support of the SEC's motion for summary judgment.

13.     Attached as **SJ Reply Exhibit 10** is a true and correct copy of the May 5, 2017 Declaration of Stephen B. Wheatley authenticating documents.

14.     Attached as **SJ Reply Exhibit 11** is a true and correct copy of additional excerpts from the transcript of the February 7, 2017 deposition of Rene Berlinger in this case. This supplements the excerpts originally filed as SJ Ex. 2 with the SEC's opening brief.

15.     Attached as **SJ Reply Exhibit 12** is a true and correct copy of additional excerpts from the transcript of the January 24, 2017 deposition of Stephen Wheatley in this case. This supplements the excerpts originally filed as SJ Ex. 43 with the SEC's opening brief.

16.     Attached as **SJ Reply Exhibit 13** is a true and correct copy of excerpts from the transcript of the February 12, 2015 sworn investigative testimony of Patrick R. Mokros, President of Empire Stock Transfer, Inc.

17.     Attached as **SJ Reply Exhibit 14** is a true and correct copy of the Form TA-1, dated November 18, 2009, of Empire Stock Transfer Inc., which was filed with the SEC. The document is publicly available and may be found by searching the SEC's EDGAR database, https://www.sec.gov/Archives/edgar/data/1393905/000114036109026787/xs1FTA1X01/primary_doc.xml.

18.     Attached as **SJ Reply Exhibit 15** is a true and correct copy of excerpts from Empire Stock Transfer, Inc. ("Empire")  "Transfer Packages" (also referred to as "transaction files") for transfers of Jammin' Java stock to and from Manitou, Arcis, Timotei and Calgon. Documents were produced by Empire in this litigation, and examples of such transfer files were authenticated by Patrick R. Mokros, President of Empire Stock Transfer at his February 12, 2015 sworn investigative testimony (*See, e.g.,*

4

SJ Reply Ex. 13, Mokros Tr. 31-36, 60-62, 72-73, 77-78, 84-85, 95-97, 104, 110-113, 115-116, 121-125, 132, 142-170.)

19.     Attached as **SJ Reply Exhibit 16** is a true and correct copy of a series of confirmation receipts for the sale of Jammin Java stock out of the account of Manitou S.A. (account No. xxxxxxxx4_0.100.USD) at Bank Gutenberg AG ("Bank Gutenberg"). The documents were produced to the SEC by Bank Gutenberg through the Swiss Financial Market Supervisory Authority ("FINMA") in response to a request by the SEC under the International Organization of Securities Commissions' ("IOSCO's") Multilateral Memorandum of Understanding ("MOU"). The documents bear the Bates No. FINMA-0000544 through 0000551. The documents are authenticated by (1) the business record declaration of M. Berchtold and M. Kameisis, Gutenberg Administration AG, (2) ) the fact that the they were produced by FINMA in response to a formal MOU request by the SEC (*see Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity), and (3) the fact that account records bear specific indicia and hallmarks suggesting that the documents are in fact the business records of a financial institution (Fed. R. Evid. 901(b)(4)).

20.     Attached as **SJ Reply Exhibit 17** is a true and correct copy of a series of confirmation receipts for the sale of Jammin Java stock out of the accounts of Westpark, Renavial and Las Colinas at VP Bank. The documents were produced in discovery by Defendant Berlinger, marked as Dep. Exhibits 81, 90 and 94 and authenticated during the deposition of Rene Berlinger.  The documents were also produced to the SEC by VP Bank through FINMA in response to a request by the SEC under the IOSCO MOU. The documents in **SJ Reply Exhibit 17** are

authenticated by (1) the testimony of Rene Berlinger (SJ Reply Ex. 11, Berlinger Tr. 51:14–53:9, 64:16–66:7, and 78:24–80:16, (2) the November 30, 2016 business record declaration of Giw Izadi of VP Bank. (SJ Reply Ex. 5.), (3) the fact that the they were produced by FINMA in response to a formal MOU request by the SEC (*see Heublein*, 125 B.R. at 829 (D. Or. 1991)(receipt of documents by Department of Justice in response to formal treaty request constitutes circumstantial evidence of authenticity), and (4) the fact that account records bear specific indicia and hallmarks suggesting that the documents are in fact the business records of a financial institution (Fed. R. Evid. 901(b)(4)).

21.     Attached as **SJ Reply Exhibit 18** are true and correct copies of B&C Capital Inc. ("B&C") Total Portfolio Asset Summary statements for Calgon Invest SA listing transactions occurring between January 1 to March 31, 2011 and April 1 to July 31, 2011, respectively. The statements, which are Bates-labeled CIMA-0000184 to -0000190, were produced to the SEC by CIMA in response to the SEC's formal MOU request. The statements contain the same markings, logos and other distinctive characteristics as the B&C accounts statements for Petersham. (*See* SJ Ex. 79 and SJ Reply Ex. 10.)

22.     Attached as **SJ Reply Exhibit 19** are true and correct copies of Spartan Securities Group ("SSG") Statements of Account for March 2011 and April 2011, respectively. The statements are accompanied by a true and correct copy of a Declaration of Spartan Securities Certifying Records of Regularly Conducted Business Activity, signed by SSG's Chief Compliance Officer, David Lopez.

23.     Attached as **SJ Reply Exhibit 20** is a true and correct copy of a CBH Statement of Account for Arcis Assets S.A., Bates-labeled SEC-FINMA-P-0000621 to -0000623, which was produced to the SEC by

6

FINMA in response to the SEC's formal MOU request. (*See* SJ Reply Ex. 9 for CBH business records declaration.)

24.     Attached as **SJ Reply Exhibit 21** is a true and correct copy of an April 2011 Seven Points Capital ("SPC") Statement of Account, accompanied by true and correct copy of a Declaration of Seven Points Capital Certifying Records of Regularly Conducted Business Activity, signed by SPC's Chief Executive Officer and Chief Compliance Officer, Michael Mangieri.

25.     Attached as **SJ Reply Exhibit 22** is a true and correct copy of additional excerpts from the transcript of the November 20, 2013 investigative testimony of Anh Tien Tran, *In the Matter of Jammin Java Corp.*, File No. C-07826-A. This supplements the excerpts originally filed as SJ Ex. 67 with the SEC's opening brief.

26.     Attached as **SJ Reply Exhibit 23** is a true and correct copy of a Share Purchase Agreement between Donnolis Invest Corp. and Westpark Limited (Mar. 2, 2011) (BER00000656). This document was produced in discovery by Defendant Berlinger and marked as Dep. Ex. 104 and authenticated during the deposition of Rene Berlinger.  It replaces the document that was mistakenly attached as SJ Ex. 73 to the SEC's opening brief.

27.     Attached as **SJ Reply Exhibit 24** is a true and correct copy of additional excerpts from the transcript of the January 26, 2017 deposition of Michael Sun in this case. This supplements the excerpts originally filed as SJ Ex. 5 with the SEC's opening brief.

28.     Attached as **SJ Reply Exhibit 25** is a true and correct copy of additional excerpts from the transcript of the January 27, 2017 deposition of Mohammed Al-Barwani in this case. This supplements the excerpts originally filed as SJ Ex. 20 with the SEC's opening brief.

1  I declare under penalty of perjury that the foregoing is true and

2  correct.

3  Executed May 11, 2017, at Chicago, Illinois.

4

5  ___s/ **_Peter Senechalle_**

6  Peter Senechalle
   Senior Attorney

7  U.S. Securities and Exchange Commission

8  *(Attorney for the Plaintiff)*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28