TIMOTHY S. LEIMAN, Ill. Bar No. 6270153
Email: leimant@sec.gov
PAUL M. G. HELMS, Ill. Bar No. 6291623
Email: helmsp@sec.gov
PETER SENECHALLE, Ill. Bar No. 6300822
Email: senechallep@sec.gov

Attorneys for Plaintiff
United States Securities and Exchange Commission
175 West Jackson Boulevard, Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

LOCAL COUNSEL
Lynn M. Dean, Cal. Bar No. 205562
Email: deanl@sec.gov
United States Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

FILED
CLERK, U.S. DISTRICT COURT
SEP 26 2017
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JAMMIN' JAVA CORP., dba MARLEY COFFEE, SHANE G. WHITTLE, WAYNE S. P. WEAVER, MICHAEL K. SUN, RENE BERLINGER, STEPHEN B. WHEATLEY, KEVIN P. MILLER, MOHAMMED A. AL-BARWANI, ALEXANDER J. HUNTER, and THOMAS E. HUNTER,<br><br>Defendants. | Case No. 2:15-CV-08921<br><br>[PROPOSED] JUDGMENT AS TO WAYNE WEAVER<br><br>Hon. Stephen V. Wilson |

**JUDGMENT AS TO WAYNE WEAVER**

Having entered Summary Judgment against Defendant Wayne Weaver on Counts I, II, and IV of the SEC's Amended Complaint, (Dkt. #218), and having considered the SEC's Motion for Injunctive and Monetary Relief, (Dkt. #220), for the reasons stated in the Court's Order Granting Injunctive and Monetary Relief, (Dkt. #229), dated September 14, 2017, the Court ORDERS that the SEC's Motion for Injunctive and Monetary Relief is GRANTED. The Court hereby enters Final Judgment against Defendant Wayne Weaver (the "Defendant") as follows:

**1.**

IT IS HEREBY ordered that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

IT IS FURTHER ordered that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**2.**

IT IS HEREBY ordered that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 13(d) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78m(d), and Rules 13d-1 and 13d-2 thereunder, 17 C.F.R. §§ 240.13d-1 and 240.13d-2, by failing to file with the Commission a statement on Schedule 13D, 17 C.F.R. § 240.13d-101, after acquiring

directly or indirectly the beneficial ownership of more than 5% of a class of equity securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or failing to file with the Commission an amendment disclosing a material increase or decrease in the percentage of the class beneficially owned in accordance with the requirements of Section 13(d) of the Exchange Act, 15 U.S.C. § 78m(d), and Rules 13d-1 and 13d-2 thereunder.

IT IS FURTHER ordered that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**3.**

IT IS HEREBY ordered that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:
   (a)   to employ any device, scheme, or artifice to defraud;
   (b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
   (c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ordered that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**4.**

IT IS FURTHER ordered that Defendant is hereby permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

**5.**

IT IS FURTHER ordered that Defendant shall pay disgorgement in the amount of $26,371,585.20, representing profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $5,221,808.64, and a civil penalty in the amount of $26,371,585.20 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant shall satisfy this obligation by paying $57,964,979.04 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Wayne Weaver as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for monetary relief by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**6.**

IT IS FURTHER ordered, adjudged, and decreed that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**IT IS SO ORDERED**

Dated: September 26, 2017                              _____