```
 1                    UNITED STATES DISTRICT COURT
 2                   CENTRAL DISTRICT OF CALIFORNIA
 3                          WESTERN DIVISION
 4
 5    THE HONORABLE STEPHEN V. WILSON, DISTRICT JUDGE PRESIDING
 6
      SECURITIES AND EXCHANGE        )
 7    COMMISSION,                    )
                                     )
 8                                   )
              Plaintiffs,            )
 9                                   )
        vs.                          )         No.  CV 15-8921-SVW
10                                   )
      JAMMIN JAVA CORPORATION, ET    )
11    AL.,                           )
                                     )
12            Defendants.            )
      _____)
13
14
15
16            REPORTER'S TRANSCRIPT OF PROCEEDINGS
17                   LOS ANGELES, CALIFORNIA
18                 MONDAY, SEPTEMBER 11, 2017
19
20
21
22   _____
23              DEBORAH K. GACKLE, CSR, RPR
                  United States Courthouse
24              350 W. First Street, 4th Floor
                 Los Angeles, California 90012
25                     (213) 894-8913
```

U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**APPEARANCES OF COUNSEL:**

**For the Plaintiff:**

> Timothy S Leiman
> US Securities and Exchange Commission
> 175 West Jackson Boulevard Suite 900
> Chicago, IL 60604
> 312-353-5213
> Fax: 312-353-7398
> Email: leimant@sec.gov

**For the Defendants:**

> Margaret E Dayton
> Scheper Kim and Harris LLP
> 601 West Fifth Street 12th Floor
> Los Angeles, CA 90071
> 213-613-4655
> Fax: 213-613-4656
> Email: pdayton@scheperkim.com

- - - -

```
 1    LOS ANGELES, CALIFORNIA; MONDAY, SEPTEMBER 11, 2017; 1:35 P.M.
 2                               - - - - -
 3
 4             THE CLERK:  Item 6, CV 15-8921-SVW, Securities and
 5    Exchange Commission versus Jammin Java Corporation, et al.
 6             Counsel, please state your appearance.
 7             MR. LEIMAN:  Good afternoon, Your Honor.  Tim Leiman
 8    for the Securities and Exchange Commission.
 9             MS. DAYTON:  Good afternoon, Your Honor.  Peggy
10    Dayton on behalf of the defendant, Wayne Weaver.
11             THE COURT:  Okay.  And the parties have given the
12    court their positions on this matter.
13             Is there something that you want to emphasize that
14    hasn't already been emphasized?
15             MR. LEIMAN:  Not for --
16             THE COURT:  I understand the positions; I disagree
17    with the defendant's interpretation of the *Kodesh[sic]* case,
18    but -- all right.  Then I'll just take the matter --
19             MS. DAYTON:  Your Honor?
20             THE COURT:  Yes.
21             MS. DAYTON:  The defense would like to be heard to
22    respond to the SEC's arguments in its reply, particularly
23    regarding the *Kokesh* case.
24             THE COURT:  Okay.  *Kokesh*.  I think I said "*Kodesh*."
25    *Kokesh*.
```

1       MS. DAYTON:  Your Honor, the *Kokesh* case holds that
2  SEC disgorgement is a penalty, and a court cannot issue a
3  penalty pursuant to its inherent equitable power.
4       THE COURT:  I thought the case was more about statute
5  of limitations.
6       MS. DAYTON:  No, Your Honor, the SEC seeks to limit
7  the --
8       THE COURT:  But the language that you're taking from
9  the case I thought was clear from the opinion that that wasn't
10 the interpretation.  In other words, the court had a statute of
11 limitations issue before it, and it didn't want the case to be
12 interpreted I think as you are now.
13      MS. DAYTON:  Respectfully, Your Honor, we disagree.
14 If you look at the analysis of the *Kokesh* opinion, the court
15 sets out the framework for what constitutes a penalty; and that
16 framework about what constitutes a penalty is not limited to
17 the context of 2462's statute of limitations.  For instance,
18 when the court describes the principals that would lead you to
19 conclude that something is a penalty, it refers to three cases.
20 Two of those cases setting out general principles regarding
21 what constitutes a penalty have no application to the statute
22 of limitations context; they're broader cases describing
23 broader legal principles about what does and does not
24 constitute a penalty.  Although the court notes that it is
25 making this assessment in the context of this statute of

1   limitations, were the court to make this assessment with regard
2   to the ability to exercise inherent equitable authority, the
3   result would be the same.  The rationale that previously
4   permitted courts to order SEC disgorgement pursuant to the
5   inherent equitable power, with that disgorgement was remedial
6   relief that restored the status quo.  *Kokesh* directly overruled
7   that finding by holding that disgorgement is not merely
8   remedial relief that restores the status quo, it goes further,
9   and it's punitive; and, therefore, the analysis can't be
10  cabined to the statute of limitations context because the
11  rationale that leads the court to the conclusion applies across
12  the board, and it certainly applies to the court's equitable
13  powers.
14              THE COURT:  Thank you.
15              Do you have something to add to your written
16  analysis?
17              MR. LEIMAN:  Yes, Your Honor.
18              The Supreme Court specifically stated that parties
19  should not read into its opinion the way the defendants do now.
20  In footnote three it said, "Nothing in this opinion should be
21  interpreted as an opinion on whether the court possessed the
22  authority to order disgorgement" and specifically limited its
23  opinion to the statute of limitations context.  It provided the
24  road map.
25              And what the defendants asked the court to do is to

1   be the first in the entire country to interpret it as
2   overruling implicitly Ninth Circuit precedent and the precedent
3   throughout country, and the opinion doesn't support that.
4         This is still an emerging opinion, but so far all of
5   the courts that have construed *Kokesh* have refused to extend
6   it.  For example, the Second Circuit in *SEC versus Metter*
7   recently affirmed a disgorgement remedy even though it held its
8   opinion until after *Kokesh* came down and even though it assumed
9   that *Kokesh* meant that this was a penalty in the context of an
10   excessive fines claim.  Other courts have also construed *Kokesh*
11   as being limited to the statute of limitations context.  We
12   cited in our brief *SEC versus Brooks* which decided that
13   disgorgement was remedial outside of the statute of limitations
14   context even though *Kokesh* said it was penal within the statute
15   of limitations context.
16         The only cases that are cited by the defendants
17   express the question as to what the future holds, but so far
18   there's nothing from either the Ninth Circuit, Ninth Circuit en
19   banc, or the Supreme Court that would overrule existing
20   precedent, including Platforms Wireless.
21         The remedy is equitable, it's existed in this circuit
22   for 30 years, and we believe the court has broad equitable
23   authority --
24         THE COURT:  All right.  I'll take the matter under
25   submission.

```
 1              MS. DAYTON:  Your Honor?
 2              THE COURT:  Yes.
 3              MS. DAYTON:  May I briefly respond?
 4              THE COURT:  Yes.
 5              MS. DAYTON:  With regard to footnote three, we
 6   believe that the SEC is misconstruing footnote three.  As
 7   counsel stated, footnote three says, "Nothing in this opinion
 8   should be interpreted as an opinion on whether courts possess
 9   authority to order disgorgement in SEC enforcement
10   proceedings."
11              What we believe the Supreme Court is doing there is
12   signaling that it understands that its holdings is undermining,
13   basically completely undercutting court's ability to award
14   disgorgement pursuant to their equitable power, but by defining
15   a statute of limitations, the opinion could be interpreted as
16   an implied endorsement that this remedy continues to be viable;
17   and that's the result that the court is trying to avoid.  It's
18   trying to avoid the opinion being construed as an endorsement
19   that SEC disgorgement survives the opinion because it doesn't.
20              With respect to the cases that counsel points to in
21   their papers, none of that authority addresses the question
22   before this court, which is whether SEC disgorgement can be
23   awarded pursuant to the court's inherent equitable powers after
24   *Kokesh*.  In the *Brooks* case, in particular, although it says
25   that the holding of *Kokesh* does not apply, the question
```

```
 1   presented there was whether SEC disgorgement is remedial or
 2   penal for the purpose of survivability claims; and what's
 3   relevant here is that whether an action is remedial or penal
 4   for survivability purposes is a broader question than whether
 5   it is remedial or penal for purposes of the court's equitable
 6   powers.  Notably in the Brooks opinion, the court explains that
 7   civil sanctions qualify as remedial even when they constitute
 8   penalties or have punitive functions so long as they have a
 9   remedial purpose.  By contrast, the court cannot award civil
10   sanctions that constitute penalties pursuant to its equitable
11   powers.  So the Brooks case is not persuasive on the question
12   before this court, which is construing how Kokesh impacts a
13   court's equity power to order a penalty.
14           And then with regard to Ninth Circuit precedents,
15   this court does not need to overrule Ninth Circuit precedents
16   to decline to award disgorgement here.  The court has always
17   had discretion.  There is no Ninth Circuit case that commands
18   that this court order disgorgement in this matter; there is no
19   necessary overruling of any Ninth Circuit case for the court to
20   decline to do so here.
21           THE COURT:  All right.  Thank you.  That will stand
22   submitted.
23               (Proceedings concluded at 1:55 p.m.)
24                            - - - - -
25
```

C E R T I F I C A T E

I hereby certify that pursuant to Section 753, Title 18, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  November 17, 2017

/S/_____

Deborah K. Gackle
CSR No. 7106

Case 2:15-cv-08921-SVW-MRW   Document 239   Filed 11/14/17   Page 10 of 11   Page ID
#:4272

{PLAINTIFF} v.
{DEFENDANT}

{WITNESSNAME}
{DATE}

|  | A | C | D | |
|---|---|---|---|---|
| MR. LEIMAN: [3]  3/6 3/14 5/16 | ability [2]  5/2 7/13 | CA [1]  2/13 | Date [1]  9/10 | fines [1]  6/10 |
| MS. DAYTON: [9]  3/8 3/18 3/20 3/25 4/5 4/12 6/25 7/2 7/4 | above [1]  9/6 | cabined [1]  5/10 | Dayton [2]  2/12 3/10 | first [2]  1/24 6/1 |
| THE CLERK: [1]  3/2 | above-entitled [1]  9/6 | CALIFORNIA [4]  1/2 1/17 1/24 3/1 | DEBORAH [2]  1/23 9/13 | Floor [2]  1/24 2/13 |
| THE COURT: [11] | across [1]  5/11 | came [1]  6/8 | decided [1]  6/12 | footnote [4]  5/20 7/5 7/6 7/7 |
|  | action [1]  8/3 | can [1]  7/22 | decline [2]  8/16 8/20 | foregoing [1]  9/4 |
| / | add [1]  5/15 | can't [1]  5/9 | defendants [5]  1/12 2/10 5/19 5/25 6/16 | format [1]  9/7 |
| /S [1]  9/12 | addresses [1]  7/21 | cannot [2]  4/2 8/9 | defense [1]  3/21 | framework [2]  4/15 4/16 |
|  | affirmed [1]  6/7 | case [10] | defining [1]  7/14 | functions [1]  8/8 |
| 1 | after [2]  6/8 7/23 | cases [5]  4/19 4/20 4/22 6/16 7/20 | describes [1]  4/18 | further [1]  5/8 |
| 11 [2]  1/18 3/1 | afternoon [2]  3/7 3/9 | CENTRAL [1]  1/2 | describing [1]  4/22 | future [1]  6/17 |
| 12th [1]  2/13 | al [2]  1/11 3/5 | certainly [1]  5/12 | didn't [1]  4/11 |  |
| 15-8921-SVW [2]  1/9 3/4 | all [4]  3/18 6/4 6/24 8/21 | certify [1]  9/3 | directly [1]  5/6 | G |
| 17 [1]  9/10 | already [1]  3/14 | Chicago [1]  2/6 | disagree [2]  3/16 4/13 | GACKLE [2]  1/23 9/13 |
| 175 [1]  2/6 | also [1]  6/10 | circuit [9]  6/2 6/6 6/18 6/18 6/21 8/14 8/15 8/17 8/19 | discretion [1]  8/17 | general [1]  4/20 |
| 18 [1]  9/4 | although [2]  4/24 7/24 | cited [2]  6/12 6/16 | disgorgement [14] | given [1]  3/11 |
| 1:35 [1]  3/1 | always [1]  8/16 | civil [2]  8/7 8/9 | DISTRICT [3]  1/1 1/2 1/5 | Good [2]  3/7 3/9 |
| 1:55 [1]  8/23 | analysis [3]  4/14 5/9 5/16 | claim [1]  6/10 | DIVISION [1]  1/3 | H |
|  | ANGELES [4]  1/17 1/24 2/13 3/1 | claims [1]  8/2 | do [4]  5/15 5/19 5/25 8/20 | had [2]  4/10 8/17 |
| 2 | any [1]  8/19 | clear [1]  4/9 | does [4]  4/23 4/23 7/25 8/15 | Harris [1]  2/12 |
| 2017 [3]  1/18 3/1 9/10 | appearance [1]  3/6 | Code [1]  9/4 | doesn't [2]  6/3 7/19 | has [2]  6/22 8/16 |
| 213 [1]  1/25 | APPEARANCES [1]  2/1 | commands [1]  8/17 | doing [1]  7/11 | hasn't [1]  3/14 |
| 213-613-4655 [1]  2/14 | application [1]  4/21 | COMMISSION [4]  1/7 2/5 3/5 3/8 | E | have [8]  3/11 4/21 5/15 6/5 6/5 6/10 8/8 8/8 |
| 213-613-4656 [1]  2/14 | applies [2]  5/11 5/12 | completely [1]  7/13 | either [1]  6/18 | heard [1]  3/21 |
| 2462's [1]  4/17 | apply [1]  7/25 | conclude [1]  4/19 | Email [2]  2/8 2/15 | held [2]  6/7 9/6 |
|  | are [2]  4/12 6/16 | concluded [1]  8/23 | emerging [1]  6/4 | here [3]  8/3 8/16 8/20 |
| 3 | arguments [1]  3/22 | conclusion [1]  5/11 | emphasize [1]  3/13 | hereby [1]  9/3 |
| 30 [1]  6/22 | as [11] | Conference [1]  9/8 | emphasized [1]  3/14 | holding [2]  5/7 7/25 |
| 312-353-5213 [1]  2/7 | asked [1]  5/25 | conformance [1]  9/7 | en [1]  6/18 | holdings [1]  7/12 |
| 312-353-7398 [1]  2/7 | assessment [2]  4/25 5/1 | constitute [3]  4/24 8/7 8/10 | endorsement [2]  7/16 7/18 | holds [2]  4/1 6/17 |
| 350 [1]  1/24 | assumed [1]  6/8 | constitutes [3]  4/15 4/16 4/21 | enforcement [1]  7/9 | Honor [8]  3/7 3/9 3/19 4/1 4/6 4/13 5/17 7/1 |
|  | at [2]  4/14 8/23 | construed [3]  6/5 6/10 7/18 | entire [1]  6/1 | HONORABLE [1]  1/5 |
| 4 | authority [5]  5/2 5/22 6/23 7/9 7/21 | construing [1]  8/12 | entitled [1]  9/6 | how [1]  8/12 |
| 4655 [1]  2/14 | avoid [2]  7/17 7/18 | context [9]  4/17 4/22 4/25 5/10 5/23 6/9 6/11 6/14 6/15 | equitable [10] | |
| 4656 [1]  2/14 | award [3]  7/13 8/9 8/16 | continues [1]  7/16 | equity [1]  8/13 | I |
| 4th [1]  1/24 | awarded [1]  7/23 | contrast [1]  8/9 | et [2]  1/10 3/5 | I'll [2]  3/18 6/24 |
|  | | CORPORATION [2]  1/10 3/5 | even [4]  6/7 6/8 6/14 8/7 | If [1]  4/14 |
| 5 | B | correct [1]  9/5 | example [1]  6/6 | IL [1]  2/6 |
| 5213 [1]  2/7 | banc [1]  6/19 | could [1]  7/15 | excessive [1]  6/10 | impacts [1]  8/12 |
|  | basically [1]  7/13 | counsel [4]  2/1 3/6 7/7 7/20 | EXCHANGE [4]  1/6 2/5 3/5 3/8 | implicitly [1]  6/2 |
| 6 | because [2]  5/10 7/19 | country [2]  6/1 6/3 | exercise [1]  5/2 | implied [1]  7/16 |
| 601 [1]  2/13 | behalf [1]  3/10 | court [24] | existed [1]  6/21 | in [19] |
| 60604 [1]  2/6 | believe [3]  6/22 7/6 7/11 | court's [5]  5/12 7/13 7/23 8/5 8/13 | existing [1]  6/19 | including [1]  6/20 |
|  | board [1]  5/12 | Courthouse [1]  1/23 | explains [1]  8/6 | inherent [4]  4/3 5/2 5/5 7/23 |
| 7 | Boulevard [1]  2/6 | courts [4]  5/4 6/5 6/10 7/8 | express [1]  6/17 | instance [1]  4/17 |
| 7106 [1]  9/13 | brief [1]  6/12 | CSR [2]  1/23 9/13 | extend [1]  6/5 | interpret [1]  6/1 |
| 7398 [1]  2/7 | briefly [1]  7/3 | CV [2]  1/9 3/4 | | interpretation [2]  3/17 4/10 |
| 753 [1]  9/3 | broad [1]  6/22 | | F | interpreted [4]  4/12 5/21 7/8 7/15 |
| | broader [3]  4/22 4/23 8/4 | | far [2]  6/4 6/17 | into [1]  5/19 |
| 8 | Brooks [4]  6/12 7/24 8/6 8/11 | | Fax [2]  2/7 2/14 | issue [2]  4/2 4/11 |
| 8913 [1]  1/25 | | | Fifth [1]  2/13 | it [17] |
| 894-8913 [1]  1/25 | | | finding [1]  5/7 | it's [3]  5/9 6/21 7/17 |
| 9 | | | | Item [1]  3/4 |
| 900 [1]  2/6 | | | | its [7]  3/22 4/3 5/19 |
| 90012 [1]  1/24 | | | | |
| 90071 [1]  2/13 | | | | |

**I**

**its... [4]**  5/22 6/7 7/12
  8/10

**J**

**Jackson [1]**  2/6
**JAMMIN [2]**  1/10 3/5
**JAVA [2]**  1/10 3/5
**JUDGE [1]**  1/5
**Judicial [1]**  9/7
**just [1]**  3/18

**K**

**Kim [1]**  2/12
**Kodesh [2]**  3/17 3/24
**Kokesh [14]**

**L**

**language [1]**  4/8
**lead [1]**  4/18
**leads [1]**  5/11
**legal [1]**  4/23
**Leiman [2]**  2/5 3/7
**leimant [1]**  2/8
**like [1]**  3/21
**limit [1]**  4/6
**limitations [11]**
**limited [3]**  4/16 5/22
  6/11
**LLP [1]**  2/12
**long [1]**  8/8
**look [1]**  4/14
**LOS [4]**  1/17 1/24 2/13
  3/1

**M**

**make [1]**  5/1
**making [1]**  4/25
**map [1]**  5/24
**Margaret [1]**  2/12
**matter [5]**  3/12 3/18
  6/24 8/18 9/6
**May [1]**  7/3
**meant [1]**  6/9
**merely [1]**  5/7
**Metter [1]**  6/6
**misconstruing [1]**  7/6
**MONDAY [2]**  1/18 3/1

**N**

**necessary [1]**  8/19
**need [1]**  8/15
**Ninth [7]**  6/2 6/18 6/18
  8/14 8/15 8/17 8/19
**none [1]**  7/21
**not [8]**  3/15 4/16 4/23
  5/7 5/19 7/25 8/11
  8/15
**Notably [1]**  8/6
**notes [1]**  4/24
**nothing [3]**  5/20 6/18
  7/7

**November [1]**  9/10

**O**

**Okay [2]**  3/11 3/24
**only [1]**  6/16
**opinion [15]**
**order [5]**  5/4 5/22 7/9
  8/13 8/18
**other [2]**  4/10 6/10
**our [1]**  6/12
**out [2]**  4/15 4/20
**outside [1]**  6/13
**overrule [2]**  6/19 8/15
**overruled [1]**  5/6
**overruling [2]**  6/2
  8/19

**P**

**p.m [2]**  3/1 8/23
**page [1]**  9/6
**papers [1]**  7/21
**particular [1]**  7/24
**particularly [1]**  3/22
**parties [2]**  3/11 5/18
**pdayton [1]**  2/15
**Peggy [1]**  3/9
**penal [4]**  6/14 8/2 8/3
  8/5
**penalties [2]**  8/8 8/10
**penalty [9]**  4/2 4/3
  4/15 4/16 4/19 4/21
  4/24 6/9 8/13
**permitted [1]**  5/4
**persuasive [1]**  8/11
**Plaintiffs [1]**  1/8
**Platforms [1]**  6/20
**please [1]**  3/6
**points [1]**  7/20
**positions [2]**  3/12
  3/16
**possess [1]**  7/8
**possessed [1]**  5/21
**power [4]**  4/3 5/5 7/14
  8/13
**powers [4]**  5/13 7/23
  8/6 8/11
**precedent [3]**  6/2 6/2
  6/20
**precedents [2]**  8/14
  8/15
**presented [1]**  8/1
**PRESIDING [1]**  1/5
**previously [1]**  5/3
**principals [1]**  4/18
**principles [2]**  4/20
  4/23
**proceedings [4]**  1/16
  7/10 8/23 9/5
**provided [1]**  5/23
**punitive [2]**  5/9 8/8
**purpose [2]**  8/2 8/9
**purposes [2]**  8/4 8/5

**pursuant [6]**  4/3 5/4
  7/14 7/23 8/10 9/3

**Q**

**qualify [1]**  8/7
**question [5]**  6/17 7/21
  7/25 8/4 8/11
**quo [2]**  5/6 5/8

**R**

**rationale [2]**  5/3 5/11
**read [1]**  5/19
**recently [1]**  6/7
**refers [1]**  4/19
**refused [1]**  6/5
**regard [3]**  5/1 7/5 8/14
**regarding [2]**  3/23
  4/20
**regulations [1]**  9/7
**relevant [1]**  8/3
**relief [2]**  5/6 5/8
**remedial [8]**  5/5 5/8
  6/13 8/1 8/3 8/5 8/7
  8/9
**remedy [3]**  6/7 6/21
  7/16
**reply [1]**  3/22
**reported [1]**  9/5
**REPORTER'S [1]**  1/16
**respect [1]**  7/20
**Respectfully [1]**  4/13
**respond [2]**  3/22 7/3
**restored [1]**  5/6
**restores [1]**  5/8
**result [2]**  5/3 7/17
**right [3]**  3/18 6/24
  8/21
**road [1]**  5/24
**RPR [1]**  1/23

**S**

**said [3]**  3/24 5/20 6/14
**same [1]**  5/3
**sanctions [2]**  8/7 8/10
**says [2]**  7/7 7/24
**Scheper [1]**  2/12
**scheperkim.com [1]**
  2/15
**SEC [10]**
**SEC's [1]**  3/22
**sec.gov [1]**  2/8
**Second [1]**  6/6
**Section [1]**  9/3
**SECURITIES [4]**  1/6
  2/5 3/4 3/8
**seeks [1]**  4/6
**SEPTEMBER [2]**  1/18
  3/1
**sets [1]**  4/15
**setting [1]**  4/20
**should [3]**  5/19 5/20
  7/8

**sic [1]**  3/17
**signaling [1]**  7/12
**something [3]**  3/13
  4/19 5/15
**specifically [2]**  5/18
  5/22
**stand [1]**  8/21
**state [1]**  3/6
**stated [2]**  5/18 7/7
**STATES [4]**  1/1 1/23
  9/4 9/8
**status [2]**  5/6 5/8
**statute [11]**
**stenographically [1]**
  9/5
**STEPHEN [1]**  1/5
**still [1]**  6/4
**Street [2]**  1/24 2/13
**submission [1]**  6/25
**submitted [1]**  8/22
**Suite [1]**  2/6
**support [1]**  6/3
**Supreme [3]**  5/18 6/19
  7/11
**survivability [2]**  8/2
  8/4
**survives [1]**  7/19
**SVW [2]**  1/9 3/4

**T**

**taking [1]**  4/8
**Thank [2]**  5/14 8/21
**that's [1]**  7/17
**their [3]**  3/12 7/14
  7/21
**therefore [1]**  5/9
**think [2]**  3/24 4/12
**this [15]**
**those [1]**  4/20
**though [3]**  6/7 6/8
  6/14
**thought [2]**  4/4 4/9
**three [5]**  4/19 5/20 7/5
  7/6 7/7
**throughout [1]**  6/3
**Tim [1]**  3/7
**Timothy [1]**  2/5
**Title [1]**  9/4
**Title 18 [1]**  9/4
**transcript [3]**  1/16 9/5
  9/6
**trying [2]**  7/17 7/18
**Two [1]**  4/20

**U**

**under [1]**  6/24
**undercutting [1]**  7/13
**undermining [1]**  7/12
**understand [1]**  3/16
**understands [1]**  7/12
**UNITED [4]**  1/1 1/23
  9/4 9/8

**until [1]**  6/8
**US [1]**  2/5

**V**

**versus [3]**  3/5 6/6
  6/12
**viable [1]**  7/16

**W**

**want [2]**  3/13 4/11
**was [7]**  4/4 4/9 5/5 6/9
  6/13 6/14 8/1
**way [1]**  5/19
**Wayne [1]**  3/10
**we [5]**  4/13 6/11 6/22
  7/5 7/11
**Weaver [1]**  3/10
**West [2]**  2/6 2/13
**WESTERN [1]**  1/3
**what [7]**  4/15 4/16
  4/21 4/23 5/25 6/17
  7/11
**what's [1]**  8/2
**whether [6]**  5/21 7/8
  7/22 8/1 8/3 8/4
**which [3]**  6/12 7/22
  8/12
**WILSON [1]**  1/5
**Wireless [1]**  6/20
**within [1]**  6/14
**words [1]**  4/10
**would [4]**  3/21 4/18
  5/3 6/19
**written [1]**  5/15

**Y**

**years [1]**  6/22